## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **United States Attorney's Office** | ) | |
| **555 Fourth St., N.W.** | ) | |
| **Washington, D.C.   20530** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No.** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **PROPERTIES IDENTIFIED AS:** | ) | |
| | ) | |
| **803 CAPITOL STREET,** | ) | |
| **VALLEJO, CALIFORNIA 94590,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **1441 VAQUERO GLEN,** | ) | |
| **ESCONDIDO, CALIFORNIA 92026,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully states as follows:

1.  This is a civil forfeiture action, *in rem*, brought to enforce 18 U.S.C. § 981(a)(1)(A), which authorizes the forfeiture of any real or personal property that is involved in a money laundering offense in violation of 18 U.S.C. §§ 1956 or 1957.  This action is also brought to enforce 18 U.S.C. § 981(a)(1)©, which authorizes the forfeiture of any property that constitutes or is derived from proceeds traceable to, among other offenses, any offense that is a "specified unlawful activity" of the federal anti-money laundering statutes.

2.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355(a).

3.  Venue is proper in this Court pursuant to 28 U.S.C. § 1355(b)(1)(A) and 1395(a).

4.  The defendant properties, with all appurtenances and improvements thereon, are located at:  (a) 803 Capitol Street, Vallejo, California 94590 ("Capitol Street"); and (b) 1441 Vaquero Glen, Escondido, California 92026 ("Vaquero Glen"), and are more fully described as:

### 803 Capitol Street

The North Seventy (70) Feet of Lot Nine (9) in block three
Hundred and Six (306), as the same is shown on the official map of
the City of Vallejo, made by E.H. Rowe, C.S., and which map was
filed for record in the Office of the County Recorder of Solano
County, California, September 19, 1868, in Book 1 of Maps, Page
123.

### 1441 Vaquero Glen

Lot 17 of Escondido Tract No. 350 in the City of Escondido,
County of San Diego, State of California according to map thereof
No. 9034, filed in the Office of the County Recorder of San Diego
County on November 22, 1978.

5.  The titled owner of the defendant properties at Capitol Street and Vaquero Glen is Deborah J. Palfrey ("Palfrey").

6.  In accordance with 18 U.S.C. § 985(b)(1)(A), the defendant real properties will not be seized until the entry of orders of forfeiture.

7.  The defendant properties are subject to forfeiture because, as set forth below, they were involved in money laundering, in violation of 18 U.S.C. §§ 1956 or 1957, and/or constitute proceeds or are derived from proceeds traceable to a wire fraud scheme, in violation of 18 U.S.C. § 1343, and/or the interstate travel or transportation in aid of racketeering enterprises, in violation of 18 U.S.C. § 1952.

## BASES FOR FORFEITURE

8.  In June 2004, investigators with the Internal Revenue Service and the United States Postal Service began a joint investigation of an illegal prostitution business, operating as an escort service under the name Pamela Martin and Associates, in the Washington, D.C., metropolitan area.

9.  Palfrey is the owner of Pamela Martin and Associates.  Palfrey lives in California. However, Pamela Martin and Associates is not incorporated in California.

10.  Palfrey was convicted in 1991 for operating an illegal prostitution business in California.  She served 18 months in prison for this offense.

11.  In or about 1993, Palfrey began operating Pamela Martin and Associates, while Palfrey was still on probation for her 1991 conviction.

12.  Palfrey advertises her prostitution business as an escort service in the yellow pages, on the Internet, and in the Washington City Paper.

13.  Palfrey recruits female prostitutes through advertisements on the Internet and in the Washington City Paper.  Palfrey's website is www.pamelamartin.com.

14.  Palfrey requires that the female prostitutes she hires be at least twenty-two years of age and have some college education.

15.  Palfrey's website lists three telephone numbers for both prospective customers and female applicants.  These telephone numbers have the area codes of 202, 301, and 410.  All three of these area codes are in the Washington, D.C., metropolitan area.

16.  Palfrey interviews female applicants by telephone.  She requires that the applicants mail an application and a photograph to Palfrey's P.O. Box in Benicia, California.

3

17.  Once hired, each female prostitute is sent by Palfrey to a "screening" appointment at which she is required to engage in sexual activity without being paid to insure that she is not a law enforcement officer.

18.  Palfrey is also known to the female prostitutes as "Julia."

19.  The female prostitutes establish their own work schedule, but are encouraged by Palfrey to work at least three nights each week.

20.  Palfrey provides the female prostitutes with the names of the customers, and the locations and times for the meetings.

21.  Palfrey's female prostitutes provide their services to customers at hotels and private residences in the Washington, D.C., metropolitan area.

22.  Palfrey's customers pay a fee of approximately $300 in cash for the sexual acts performed by the female prostitutes that work for Palfrey.

23.  Palfrey instructs her female prostitutes to keep approximately fifty percent of the cash fee obtained from a customer and forward the remaining amount of money to Palfrey's P.O. Box in Benecia, California.

24.  Palfrey instructs her female prostitutes to convert Palfrey's portion of the cash fee to postal or other types of money orders and mail them to Palfrey's P.O. Box in Benecia, California.

25.  Palfrey maintains Wells Fargo accounts and Charles Schwab accounts ("the Accounts") in her name, not in the name of Pamela Martin and Associates.

26.  Palfrey deposits the money orders mailed to her by the female prostitutes into the Accounts and transfers monies between the Accounts.

27.  Palfrey pays her personal living expenses, including mortgage payments and car lease

payments, from the same Accounts into which she has deposited the money orders she has received from the female prostitutes.

28. Palfrey has paid mortgage payments and other expenses for the defendant properties from the Accounts into which proceeds from Palfrey's prostitution operation were deposited.

29. From the Accounts into which proceeds from her prostitution operation were deposited, Palfrey has made payments for renovations made to the defendant Capitol Street property.

30. Palfrey has had no other apparent employment or any apparent legitimate source of income during the time she has been operating her prostitution business as Pamela Martin and Associates.

<u>Defendant Capitol Street Property</u>

31. On July 9, 1991, a deed was recorded in Solano County, California reflecting the conveyance of the defendant Capitol Street property to Palfrey.

32. In August 1991, Palfrey conveyed the defendant Capitol Street property to a Blanche E. Palfrey and Frank Palfrey, husband and wife, but in August 1999, the defendant Capitol Street property was reconveyed to Palfrey.

33. In January 2002, Palfrey obtained a loan and a Deed of Trust was filed on the Capitol Street property. In June 2006, this outstanding loan was paid off by Palfrey and the Deed of Trust on the Capitol Street property was released.

34. In July 2006, the defendant Capitol Street property was valued at approximately $495,000.

5

<u>Defendant Vaquero Glen Property</u>

35.  On May 1, 2000, a deed was recorded in the official records of the San Diego County, California Recorder's Office reflecting the conveyance of the defendant Vaquero Glen property to Palfrey.

36.  There are two outstanding Deeds of Trust on the defendant Vaquero Glen property. One was filed on April 17, 2000, in the amount of $160,000 and the other on January 8, 2002, in the amount of $40,000.

37.  In July 2006, the defendant Vaquero Glen property was valued at approximately $480,000.

## COUNT I

38.  All statements and averments made in paragraphs 1-37 are re-alleged and incorporated, herein, by reference.

39.  The defendant Capitol Street property is subject to forfeiture because it was involved in a "financial transaction" as that term is defined by 18 U.S.C. § 1956(c)(4), the purpose of which was to:  (a) promote the carrying on of wire fraud (18 U.S.C. § 1343), a "specified unlawful activity," as that term is defined by 18 U.S.C. § 1956(c)(7); and/or (b) engage in conduct constituting a violation of section 7206 of the Internal Revenue Code of 1986; and/or © conceal or disguise the nature, location, source, ownership or control of the proceeds of, wire fraud (18 U.S.C. § 1343), a "specified unlawful activity" as that term is defined by 18 U.S.C. § 1956(c)(7).

40.  As such, the defendant Capitol Street property is property involved in a money laundering transaction in violation of 18 U.S.C. §§ 1956(a)(1)(A)(I) and/or 1956(a)(1)(A)(ii),

6

and/or 18 U.S.C. § 1956(a)(1)(B)(I) and is, therefore, subject to forfeiture pursuant to 18 U.S.C.

§ 981(a)(1)(A).

## COUNT II

41.  All statements and averments made in paragraphs 1-37 are re-alleged and

incorporated, herein, by reference.

42.  The defendant Capitol Street property is subject to forfeiture because it was involved

in a "financial transaction" as that term is defined by 18 U.S.C. § 1956(c)(4), the purpose of

which was to:  (a) promote the carrying on of the interstate travel or transportation in aid of

racketeering enterprises (18 U.S.C. § 1952), a "specified unlawful activity," as that term is

defined by 18 U.S.C. § 1956(c)(4); and/or (b) engage in conduct constituting a violation of

section 7206 of the Internal Revenue Code of 1986; and/or © conceal or disguise the nature,

location, source, ownership or control of the proceeds of, the interstate travel or transportation in

aid of racketeering enterprises (18 U.S.C. § 1952), a "specified unlawful activity" as that term is

defined by 18 U.S.C. § 1956(c)(7).

43.  As such, the defendant Capitol Street property is property involved in a money

laundering transaction in violation of 18 U.S.C. §§ 1956(a)(1)(A)(I) and/or 1956(a)(1)(A)(ii),

and/or 18 U.S.C. § 1956(a)(1)(B)(i)and is, therefore, subject to forfeiture pursuant to 18 U.S.C.

§ 981(a)(1)(A).

## COUNT III

44.  All statements and averments made in paragraphs 1-37 are re-alleged and

incorporated, herein, by reference.

45.  The defendant Vaquero Glen property is subject to forfeiture because it was involved

in a "financial transaction" as that term is defined by 18 U.S.C. § 1956(c)(4), the purpose of which was to: (a) promote the carrying on of wire fraud (18 U.S.C. § 1343), a "specified unlawful activity," as that term is defined by 18 U.S.C. § 1956(c)(7); and/or (b) engage in conduct constituting a violation of section 7206 of the Internal Revenue Code of 1986; and/or © conceal or disguise the nature, location, source, ownership or control of the proceeds of, wire fraud (18 U.S.C. § 1343), a "specified unlawful activity" as that term is defined by 18 U.S.C. § 1956(c)(7).

46. As such, the defendant Vaquero Glen property was property involved in a money laundering transaction in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and/or 1956(a)(1)(A)(ii), and/or 18 U.S.C. § 1956(a)(1)(B)(i) and is, therefore, subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

## COUNT IV

47. All statements and averments made in paragraphs 1-37 are re-alleged and incorporated, herein, by reference.

48. The defendant Vaquero Glen property is subject to forfeiture because it was involved in a "financial transaction" as that term is defined by 18 U.S.C. § 1956(c)(4), the purpose of which was to: (a) promote the carrying on of the interstate travel or transportation in aid of racketeering enterprises (18 U.S.C. § 1952); and/or (b) engage in conduct constituting a violation of section 7206 of the Internal Revenue Code of 1986; and/or © conceal or disguise the nature, location, source, ownership or control of the proceeds of, the interstate travel or transportation in aid of racketeering enterprises (18 U.S.C. § 1952), a "specified unlawful activity" as that term is defined by 18 U.S.C. § 1956(c)(7).

8

49. As such, the defendant Vacquero Glen property is property involved in a money laundering transaction in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and/or 1956 (a)(1)(A)(ii), and/or 18 U.S.C. § 1956(a)(1)(B)(i), and is, therefore, subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

### COUNT V

50. All statements and averments made in paragraphs 1-37 are re-alleged and incorporated, herein, by reference.

51. The defendant Capitol Street property is subject to forfeiture because it constitutes or is derived from proceeds traceable to wire fraud, in violation of 18 U.S.C. § 1343, a specified unlawful activity.

52. As such, the defendant Capitol Street property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)©.

### COUNT VI

53. All statements and averments made in paragraphs 1-37 are re-alleged and incorporated, herein, by reference.

54. The defendant Capitol Street property is subject to forfeiture because it constitutes or is derived from proceeds traceable to the interstate travel or transportation in aid of racketeering enterprises, in violation of 18 U.S.C. § 1952, a specified unlawful activity.

55. As such, the defendant Capitol Street property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)©.

### COUNT VII

56. All statements and averments made in paragraphs 1-37 are re-alleged and

incorporated, herein, by reference.

57.  The defendant Vaquero Glen property is subject to forfeiture because it constitutes or is derived from proceeds traceable to wire fraud, in violation of 18 U.S.C. § 1343, a specified unlawful activity.

58.  As such, the defendant Vaquero Glen property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)©.

**COUNT VIII**

59.  All statements and averments made in paragraphs 1-37 are re-alleged and incorporated, herein, by reference.

60.  The defendant Vaquero Glen property is subject to forfeiture because it constitutes or is derived from proceeds traceable to the interstate travel or transportation in aid of racketeering enterprises, in violation of 18 U.S.C. § 1952, a specified unlawful activity.

61.  As such, the defendant Vaquero Glen property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)©.


WHEREFORE, the United States of America prays that process of warrant issue for the arrest of the defendant properties as described above; that due notice be given to all parties to appear and show cause why the forfeitures should not be decreed; that judgments be entered declaring that the defendant properties be forfeited to the United States of America for

disposition according to law; and that the United States of America be granted such other relief

as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,


_/s/_____
JEFFREY A. TAYLOR
United States Attorney
D.C. Bar No. 498610


_/s/_____
WILLIAM R. COWDEN
Assistant United States Attorney
D.C. Bar No. 426301


_/s/_____
JUDITH A. KIDWELL
Assistant United States Attorney
Criminal Division, Asset Forfeiture Unit
555 4th St., NW, Room 4818
Washington, D.C.  20530
(202) 514-7250

11

## <u>VERIFICATION</u>

I, Troy A. Burrus, a Special Agent with the Internal Revenue Service, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing Complaint for Forfeiture *in rem* is based upon reports and information known to me and/or furnished to me by law enforcement agents and that everything represented herein is true and correct to the best of my knowledge and belief.

Executed on this 30th day of September, 2006.


_/s/_____
Troy A. Burrus
Special Agent
Internal Revenue Service

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No.** |
| ) | |
| **PROPERTIES IDENTIFIED AS:** ) | |
| ) | |
| **803 CAPITOL STREET,** ) | |
| **VALLEJO, CALIFORNIA 94590,** ) | |
| ) | |
| **and** ) | |
| ) | |
| **1441 VAQUERO GLEN,** ) | |
| **ESCONDIDO, CALIFORNIA 92026,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## WARRANT FOR ARREST *IN REM*

TO: THE UNITED STATES MARSHAL OF THE DISTRICT OF COLUMBIA AND/OR ANY OTHER DULY AUTHORIZED LAW ENFORCEMENT OFFICER:

WHEREAS a Verified Complaint for Forfeiture *In Rem* has been filed in the United States District Court for the District of Columbia, on the _____ day of October, 2006, alleging that the defendants are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) and 18 U.S.C. § 981(a)(1)(C);

YOU ARE, THEREFORE, HEREBY COMMANDED to arrest the *in rem* defendants, and use discretion and whatever means appropriate to protect and maintain the said *in rem* defendants, identified as:

(a) 803 Capitol Street, Vallejo, California, with all appurtenances and improvements thereon, titled in the name of Deborah J. Palfrey, and more fully described as:

The North Seventy (70) Feet of Lot Nine (9) in block Three Hundred and Six (306), as the same is shown on the official map of the City of Vallejo,

made by E.H. Rowe, C.S., and which map was filed
for record in the Office of the County Recorder of
Solano County, California, September 19,1868, in
Book 1 of Maps, Page 123;

(b) 1441 Vaquero Glen, Escondido, California, with all appurtenances and
improvements thereon, titled in the name of Deborah J. Palfrey, and more fully described
as:

Lot 17 of Escondido Tract No. 350 in the City of
Escondido, County of San Diego, State of
California according to map thereof No. 9034, filed
in the Office of the County Recorder of San Diego
County on November 22, 1978.

YOU ARE FURTHER COMMANDED to provide notice of this action to all
persons thought to have an interest in or claim against the *in rem* defendants by serving
upon such persons a copy of this warrant and summons, and a copy of the Verified
Complaint *In Rem*, in a manner consistent with the principles of service of process of an
action *in rem* under the Supplemental Rules for Certain Admiralty and Maritime Claims,
Federal Rules of Civil Procedure.

YOU ARE FURTHER COMMANDED, promptly after execution of this
process, to file the same in this Court with your return thereon, identifying the individuals
upon whom copies were served and the manner employed.

Dated:

_____
Clerk of the Court

By:    _____
Deputy Clerk

2

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I. (a) PLAINTIFFS
United States of America, *U.S. ATTY.*

**DEFENDANTS** 803 Capitol St., Vallejo, CA
and 1441 Vaquero Glen, Escondido, CA

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _*llo d/*_
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Judith A. Kidwell   (202) 514-7250
William R. Cowden
U.S. Attorney's Office, 555 4th St., NW,
4th Flr., Washington, D.C. 20530

CASE NUMBER   1:06CV01710

JUDGE: Rosemary M. Collyer

DECK TYPE: General Civil

DATE STAMP: 10/03/2006

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☒ 1 U.S. Government
Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
FOR PLAINTIFF

| | | | | | |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| ☐ A. *Antitrust* | ☐ B. *Personal Injury/ Malpractice* | ☐ C. *Administrative Agency Review* | ☐ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br><br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

☒ E) *General Civil (Other)* OR ☐ F. *Pro Se General Civil*

| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☒ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act ②) |

+ 2 WARRANTS

| ☐ **G. *Habeas Corpus/ 2255*** | ☐ **H. *Employment Discrimination*** | ☐ **I. *FOIA/PRIVACY ACT*** | ☐ **J. *Student Loan*** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ☐ **K. *Labor/ERISA (non-employment)*** | ☐ **L. *Other Civil Rights (non-employment)*** | ☐ **M. *Contract*** | ☐ **N. *Three-Judge Court*** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

18 U.S.C. §981(a)(1)(A) - forfeiture of real property involved in money laundering; and 18 U.S.C. §981(a)(1)(C) - forfeiture of property derived from proceeds involved in a specified unlawful activity.

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23  **DEMAND $**  Check YES only if demanded in complaint
**JURY DEMAND:** ☐ YES  ☒ NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  ☐ YES  ☒ NO  If yes, please complete related case form.

DATE  10/3/06  SIGNATURE OF ATTORNEY OF RECORD

JUDITH A. KIDWELL
WILLIAM R. COWDEN, Assistant U.S. Attorneys

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.      COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.     CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.     CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.