UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

           PLAINTIFF,

VS.

803 CAPITOL STREET VALLEJO, CALIFORNIA 94590 AND 1441 VAQUERO GLEN ESCONDIDO, CALIFORNIA 92026,

           DEFENDANTS.

_____/

CASE NO.:1:06-CV-01710-CKK

MOTION TO RETURN SEIZED PROPERTY AND TO REQUIRE A *BRADY* DISCLOSURE WITH MEMORANDUM OF LAW IN SUPPORT THEREOF

Claimant, Deborah Jeane Palfrey, by and through her undersigned counsel and pursuant to 18 U.S.C. §983(f)(8), the anomalous jurisdiction of this Court and her attached affidavit, moves that (i) the below-described property be "immediately" released and returned to her and (ii) that the government be required to disclose the *Brady* material in its possession, and for grounds in support state:

1.      Under 18 U.S.C. §983(f) "Release Of Seized Property", Congress has imposed upon this Court a duty to – **within 30 days of this motion** – determine if the Claimant's seized property should be "immediately" returned to her.

2.      In this instance, that property consists of "(1) all funds or other things of value that are contained in Wells Fargo Bank Accounts xxxx-xx9217 and xxxxxx1417, held in the name of Deborah Jean Palfrey; and (2) all funds or other things of value that are contained in Charles Schwab Investment Accounts xxxx-3181, xxxx-3186, and xxxx-3192, held in the name of Deborah Jean Palfrey." (Affidavit of Troy A. Burrus, Special Agent, U.S. Internal Revenue Service, ¶2, attached

hereto).  A detailed list of the actions is attached in the Appendix hereto and *in toto* is approximately Five Hundred Thousand Dollars ($500,000).

3.     On November 10, 2006, Claimant – as required by  18 U.S.C. §983(f)(2) – requested of AUSA Judith Kidwell the return of the above-described property.  A copy of that demand is attached hereto.  To date, the property has not been returned and thus, pursuant to 18 U.S.C. §983(f)(3)(a), this motion is timely.

4.     As required by 18 U.S.C. §983(f)(1), the attached affidavit of Claimant establishes that:

> (A)     the claimant has a possessory interest in the property;

> (B)     the claimant has sufficient ties to the community to provide assurance that the property will be available at the time of the trial;

> (C)     the continued possession by the Government pending the final disposition of forfeiture proceedings will cause substantial hardship to the claimant, such as preventing the functioning of a business, preventing an individual from working, or leaving an individual homeless;

> (D)     the claimant's likely hardship from the continued possession by the Government of the seized property outweighs the risk that the property will be destroyed, damaged, lost, concealed, or transferred if it is returned to the claimant during the pendency of the proceeding; and

> (E)     none of the conditions set forth in paragraph (8) applies.

5.     The exception to return of property referenced in 18 U.S.C. §983(f)(1)(E) refers to 18 U.S.C. §983(f)(8) which states:

> (8)      This subsection shall not apply if the seized property-

> (A)     is contraband, currency, or other monetary instrument, or electronic funds unless such currency or other monetary instrument or electronic funds constitutes the assets of a legitimate business which has been seized;

-2-

(B)    is to be used as evidence of a violation of the law;

(C)    by reason of design or other characteristic, is particularly suited for use in illegal activities; or

(D)    is likely to be used to commit additional criminal acts if returned to the claimant.

6.    Here, §983(f)(8)(B),(C) and (D) are not at issue given the present state of factual allegations in this matter.  Hence, the question devolves to whether the assets of Claimant seized "constitute the assets of a legitimate business which has been seized."

MEMORANDUM OF LAW

**I.    THE GOVERNMENT'S HEARSAY EVIDENCE DOES NOT MEET ITS BURDEN OF PROOF**

In determining the question of whether the whether the assets of Claimant seized are "constitute the assets of a legitimate business which has been seized", the burden of proof is on the government to establish by a preponderance of the evidence that the seized funds are the assets of an illegitimate business.[1]  Notably, the standard of proof used to initially seize the assets under the seizure warrant is much less – "probable cause".

**A.    CIVIL ASSET FORFEITURE REFORM ACT'S NEW BURDEN OF PROOF**

Plainly, "the term 'probable cause,' according to its usual acceptation, means less than

---

[1]    In 2001, Congress enacted the Civil Asset Forfeiture Reform Act ("CAFRA"), 18 U.S.C. §983, which, among other reforms, placed on the Government the burden of proving by a preponderance of the evidence that the property is subject to forfeiture in most civil forfeiture proceedings. *Id*. § 983(c)(1). CAFRA states that "a suit or action brought under any civil forfeiture statute for the civil forfeiture of any property" shall be governed by CAFRA's burden of proof requirements. 18 U.S.C. § 983(c)(1).18 U.S.C. §983(c) "Burden of Proof", "In a suit or action brought under any civil forfeiture statute for the civil forfeiture of any property- (1) the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture."

-3-

evidence which would justify condemnation; and, in all cases of seizure, has a fixed and well known meaning. It imports a seizure made under circumstances which warrant suspicion." *Locke v. The United States,* 11 U.S. 339, 348 (1813). *Accord: United States, Petitioner v. Andrew Sokolow*, 490 U.S. 1, 8 (1989)("That level of suspicion is considerably less than proof of wrongdoing by a preponderance of the evidence. We have held that probable cause means 'a fair probability that contraband or evidence of a crime will be found.' *Illinois v. Gates*, 462 U.S. 213, 238 (1983)".

Thus, while the affidavit of Agent Burris may have possessed sufficient allegations to "warrant suspicion" and thus seizure of Claimant's assets, Congress has imposed a higher standard upon the government for the continued retention of the seized property.

That standard – "preponderance of the evidence" – requires that "[t]he burden of showing something by a preponderance of the evidence . . . simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence before [he] may find in favor of the party who has the burden to persuade the [judge] of the fact's existence." *Concrete Pipe & Products of Cal., Inc. v. Construction Laborers Pension Trust for Southern Cal.*, 508 U.S. 602, 622 (1993).

Here, that requires the government to establish that the "fact" that Claimant's seized assets are proceeds from illegal activities is "more probable than its nonexistence". While pre-CAFRA, the government could rely upon "hearsay evidence to be used to show probable cause for civil forfeiture"[2], CAFRA explicitly changed that standard. "Most significantly, as its title implies – Civil Asset Forfeiture Reform Act – the legislation is primarily remedial in nature. It is specifically designed to rectify an unfairness to the individual *vis-a-vis* the government. It corrects an aberration

_____

[2]    *United States v. 874 Gartel* Drive, 79 F.3d 918, 922 (9th Cir.1996).

-4-

that existed previously by leveling the playing field between the government and persons whose property has been seized. Here, the legislation raises the government's burden of proof in civil forfeiture actions to the burden normally borne by the plaintiff in a civil case - preponderance of the evidence." *United States v. Real Property in Otsego County, Michigan*, 241 F.3d 796, 800 (6th Cir. 2001).

### B.    HEARSAY IS NOT ADMISSIBLE

Clearly, in a civil case under Federal Rules of Evidence, Rule 802: "Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress." Simply put, no exception to the Hearsay Rule is available to the government to avoid their obligation to present non-hearsay evidence which establishes by a preponderance of the evidence that the seized assets of Claimant were from an illegitimate business.

Notably, the government's entire quantum of proof at this stage of the instant litigation is based upon hearsay. The "Affidavit in Support of Applications For Seizure Warrants" executed by Troy A. Burrus, Special Agent, U.S. Internal Revenue Service states that: "[t]he information and statements contained in this affidavit are based upon my personal knowledge, discussions with other IRS-CI special agents and agents from the United States Postal Inspection Service ("USPS"), and information from bank personnel familiar with the above-referenced accounts." (Affidavit of Troy A. Burrus, Special Agent, U.S. Internal Revenue Service, ¶3). Thus, every allegation in that Affidavit which is not specifically denominated by Agent Burrus as being upon "personal knowledge" is hearsay and thus not admissible to support the discharge of the government's burden at this stage.

A review of the Affidavit reveal that there is not a single "personal knowledge" declaration

by Agent Burrus to support the government's contention that the assets of Claimant which were seized "constitutes the assets of an illegitimate business". Indeed, the only allegation of an "illegitimate business" is obliquely found at ¶7 where Agent Burrus states "In December 2005, I and other investigators began conducting interviews of former prostitutes who worked for Pamela Martin & Associates." Accepting the characterization that the interviewees were "former prostitutes", at best, Agent Burrus is in a conclusory fashion reporting the hearsay statements allegedly made these "former prostitutes". Plainly, such evidence is inadmissible as hearsay.[3]

### C.   NO EVIDENCE WOULD SUPPORT IMPUTATION OF VICARIOUS CRIMINAL LIABILITY TO CLAIMANT

Here, as demonstrated by Agent Burrus' affidavit, Claimant was an operator of an escort business in the Metro D.C. area. (Affidavit of Troy A. Burrus, Special Agent, U.S. Internal Revenue Service, ¶6). Needless to say, operating an escort service is not *ipso facto* illegal.

In order for Claimant's property to be charged as being the proceeds of alleged illegal acts by the alleged "former prostitutes", vicarious criminal liability[4] must be imposed upon that property.

In *State v. Hy Vee Food Stores, Inc.*, 533 N.W.2d 147, 149 (S.D.1995) the court in discussing vicarious criminal liability noted, "Well settled is the basic principle that criminal liability for certain

---

[3]    Moreover, even if such evidence was admissible, it is incredible here as no identities are being furnished for these alleged "former prostitutes". "Hearsay and other circumstantial evidence are admissible in determining probable cause, as long as there is "strong indicia of reliability." *United States v. United States Currency Deposited in Account No. 1115000763247 for Active Trade Co.*, 176 F.3d 941, 944 (7th Cir. 1999). "While it is settled that hearsay may be considered by a court in evaluating probable cause to forfeit, there must be a substantial basis for crediting the hearsay." *United States v. One 1974 Porsche 911-S*, 682 F.2d 283, 286 (1st Cir.1982).

[4]    See generally, *Criminal Responsibility for Acts of Another*, 43 Harv. L. Rev. 689, 691-694.

offenses may be imputed to corporate defendants for the unlawful acts of its employees, provided that the conduct is within the scope of the employee's authority whether actual or apparent".) Likewise, in *United States v. Park*, 421 U.S. 658, 673 (1975) the court held that vicarious criminal liability for corporate officer based on company's conduct impermissible if officer was "powerless" to prevent or correct the violation".

Hence here, in order to establish a violation justifying the forfeiture, the government must establish that the alleged "illegal"acts of the escorts must have been within the "scope of the employee's authority".  Here, that evidence is simply lacking.  Indeed, as requested below, the evidence now solely in the possession of the government will establish the opposite – the escorts were explicitly prohibited from engaging in illegal activity.

## II.    CLAIMANT'S *BRADY* DEMAND

"[A] forfeiture proceeding is *quasi*-criminal in character.  Its object, like a criminal proceeding, is to penalize for the commission of an offense against the law." *One 1958 Plymouth Sedan v. Pennsylvania*, 380 U.S. 693, 700 (1965).  Accordingly, the same justifications for placing demands upon the government present in a criminal proceeding should be extended in a civil forfeiture proceeding as well.

"Society wins not only when the guilty are convicted but when criminal trials are fair; our system of the administration of justice suffers when any accused is treated unfairly.  An inscription on the walls of the Department of Justice states the proposition candidly for the federal domain: 'The United States wins its point whenever justice is done its citizens in the courts.'". *Brady v. Maryland,* 373 U.S. 83, 87 (1963).

Moreover, in *Brady*, the U.S. Supreme Court stated:  "We now hold that the suppression by

the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."

Here, on October 3, 2006, a search warrant was executed on Claimant's residence in California and various items of personalty were seized. A copy of that warrant and its return is attached hereto.

Among those items seized were the only copies of various documents which are evidence material to innocence of the properties seized in this action and the bank accounts identified in the Appendix hereto. In particular, those documents contain evidence that the escort service of Claimant was operated in a legitimate fashion.

Hence, to the extent that Claimant has a burden at this point to establish the legitimacy of her escort business, beyond her own affidavit attached hereto, that evidence resides with government which has refused after due demand to return it or make it available for inspection.

For the violation of Claimant's due process rights in this regard, this Court must exercise its anomalous jurisdiction and direct the government to make those documents available to Claimant so that they might be presented to the Court in support of the instant motion to return property.

WHEREFORE, Claimant respectfully requests that this Court (i) order the immediate return of Claimant's seized property or, alternatively, (ii) direct the government to make available those items seized from Claimant on October 3, 2006, for inspection and photocopying.

**CERTIFICATE OF SERVICE**

     I hereby certify that a true and accurate copy of the served pursuant to LcvR 5.4(d) upon Judith A. Kidwell, Assistant United States Attorney, Criminal Division, Asset Forfeiture Unit, 555 4th St., N.W., Room 4818, Washington, D.C. 20530 this November 24, 2006.

                                 **MONTGOMERY BLAIR SIBLEY**
                                 CENTER FOR FORFEITURE LAW
                                 50 West Montgomery Avenue, Suite B-4
                                 Rockville,  MD 20850-4216
                                 Voice/Fax:    (202) 478-0371
                                 E-mail:       mbsibley@civilforfeiture.com

                                 By:  /s/ Montgomery Blair Sibley
                                     Montgomery Blair Sibley
                                     D.C. Bar #464488

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IN THE MATTER OF THE | ) | |
| SEIZURE OF ANY AND ALL | ) | Case No. |
| FUNDS AND OTHER THINGS OF VALUE | ) | |
| CONTAINED IN WELLS FARGO | ) | |
| ACCOUNTS xxxx-xx9217 and xxx-xxx1417, | ) | |
| AND IN CHARLES SCHWAB INVESTMENT | ) | |
| ACCOUNTS xxxx-3181,xxxx-3186 AND | ) | |
| xxxx-3192. | ) | |

AFFIDAVIT IN SUPPORT OF APPLICATIONS
FOR SEIZURE WARRANTS

I, Troy A. Burrus, after being duly sworn, depose and state as follows:

1.      I am a Special Agent ("SA") employed by the United States Internal Revenue

Service, Criminal Investigation ("IRS-CI"), and I have been so employed since July 1999.  I am

currently assigned to the IRS-CI in Baltimore, Maryland.  My duties include the investigation of

criminal violations of the Internal Revenue Laws (Title 26, United States Code); the Bank

Secrecy Act (Title 31, United States Code); the Money Laundering Control Act (Title 18, United

States Code, Sections 1956 and 1957); and related offenses.  I received training at the Federal

Law Enforcement Training Center in Glynco, Georgia, including training in financial

investigative techniques, accounting, and criminal law and procedure, including the execution of

search and seizure warrants.  I have a Bachelor's Degree in Accounting from Auburn University

in Alabama, and I am a licensed Certified Public Accountant.   Prior to July 1999, I was

employed as a senior tax accountant with several public accounting firms, including

PriceWaterhouse Coopers, where my duties included the analysis of financial documents and

records.  I have personally conducted or assisted in investigations of alleged criminal violations

of the Internal Revenue Laws, the Bank Secrecy Act, and the Money Laundering Control Act.  I

have also participated in the planning and execution of federal search and seizure warrants

related to criminal violations.

2.      This affidavit supports applications for seizure warrants for:  (1)  all funds or

other things of value that are contained in Wells Fargo Bank Accounts xxxx-xx9217 and xxx-

xxx1417, held in the name of Deborah Jean Palfrey; and (2) all funds or other things of value that

are contained in Charles Schwab Investment Accounts xxxx-3181, xxxx-3186, and xxxx-3192,

held in the name of Deborah Jean Palfrey.   Probable cause exists to believe that such funds are

subject to seizure and forfeiture to the United States pursuant 18 U.S.C. §§ 981(a)(1)(A) and (C),

and 18 U.S.C. § 984, because these funds constitute property involved in transactions in violation

of 18 U.S.C. §§ 1956 or 1957, or property traceable to such property, and/or because these funds

are property which constitute or are derived from proceeds traceable to a violation of an offense

constituting "specified unlawful activity" (as defined in 18 U.S.C. § 1956(c)(7)), or a conspiracy

to commit such offense.

3.      The information and statements contained in this affidavit are based upon my

personal knowledge, discussions with other IRS-CI special agents and agents from the United

States Postal Inspection Service ("USPS"), and information from bank personnel familiar with

the above-referenced accounts.  Because this affidavit is for the limited purpose of obtaining

seizure warrants in this matter, this affidavit does not contain all of the information learned by

me or other law enforcement officers during this investigation.

4.      Based upon my knowledge, training, and experience, I know that individuals

operating illegal businesses, such as prostitution businesses, usually conduct financial

transactions with customers in cash in order to avoid detection. This results in significant amounts of cash profits being amassed. Individuals often attempt to disguise or conceal their profits from illegal businesses by converting such cash profits to other types of financial instruments, including money orders and cashier's checks, and depositing them into bank or other financial accounts. These profits are also used to purchase other types of properties (such as cars or real estate), pay expenses, and promote the continuation of the illegal businesses.

## INVESTIGATION

5.     In June 2004, the IRS-CID and USPS began a joint investigation of an illegal prostitution business operating in the Washington, D.C. area. This illegal prostitution business was, and continues to be, operated by DEBORAH JEAN PALFREY ("PALFREY") from her home in Vallejo, California.

6.     I have learned that, since 1993, PALFREY has operated her current illegal prostitution business in the Washington, D.C. metropolitan area, under the name Pamela Martin and Associates. PALFREY advertises her business on a website which lists three telephone numbers for clients and applicants to call. One of these telephone numbers has a 202 area code, which is the area code for Washington, D.C. I have also learned that in 1991, PALFREY was convicted for operating an illegal prostitution business in California. She served eighteen months in prison as a result of that conviction. PALFREY started her current illegal prostitution business, while still on probation for her 1991 conviction.

7.     In December 2005, I and other investigators began conducting interviews of former prostitutes who worked for Pamela Martin & Associates. Through interviews of former prostitutes and the review of documents and records, I have learned that PALFREY operates her

3

illegal business as an out-call prostitution business in the District of Columbia and other states, including Virginia and Maryland.  PALFREY is also known as "Julia."   PALFREY hires women, who are at least 22 years of age, possess some college education, and have employment outside of their prostitution activities.  PALFREY advertises for these women through newspapers, on the Internet, and in the yellow pages of telephone books.   PALFREY personally interviews the women by telephone and has them mail an application with a photograph to PALFREY's P.O. Box in Benicia, California.  The women tell PALFREY the days that they will be available, but PALFREY encourages them to work at least three nights each week.  After a woman is hired as a prostitute, she is sent to a "screening" appointment and is required to engage in sexual activity, without payment, with a male designated by PALFREY.  This is done so that PALFREY can ensure that none of her employees are law enforcement officers.

8.     PALFREY's prostitutes work at various residences or hotels in the Washington, D.C. metropolitan area.  The prostitutes reside in Virginia, Maryland, and Washington, D.C., and travel to locations in these three jurisdictions in order to engage in prostitution.   PALFREY tells the prostitutes where they should go, the time of the meeting with the customer, and the customer's name.  Customers pay a fixed fee at the beginning of the meeting (approximately $275-$300 in cash) for the prostitution services.  The prostitutes keep approximately fifty percent (50%) of the monies and forward the remaining monies to PALFREY pursuant to PALFREY's instructions.  The prostitutes are instructed by PALFREY to purchase postal or other money orders with the cash and transmit these money orders to PALFREY's United States Post Office Box in Benicia, California, thereby laundering the cash.  As part of her business operations, PALFREY then deposits the postal or other money orders into either her

4

Wells Fargo checking account or her Charles Schwab investment accounts. She then transfers funds between these accounts. Records show that with respect to at least two of these accounts, listed below, PALFREY has purchased stock. In addition, PALFREY paid personal expenses, such as mortgage payments and car lease payments, out of some of these accounts.

**Bank Records and Financial Information**

9.      Based on my review and analysis of records for PALFREY's Wells Fargo and Charles Schwab accounts, and based upon information learned from employees of Wells Fargo and Charles Schwab, for the period January 2000 through September 2006, I have learned that PALFREY has received and deposited over $750,000 in money orders from various prostitutes into these accounts. PALFREY has deposited the bulk of the money orders (approximately 98%) into her Wells Fargo checking account. Subsequently, PALFREY has transferred monies from her Wells Fargo checking account to the other accounts listed above. From my review of financial documents and bank records, PALFREY has no other legitimate income being deposited into these accounts. Moreover, PALFREY has no other employment or source of legitimate income that would account for the assets that she owns or the monies in these accounts. On September 29, 2006, I spoke to employees of Wells Fargo and Charles Schwab. They advised me that there have been deposits and transfers of monies into these accounts up to this date consistent with PALFREY's prostitution business as described above. They have also advised me that at no time have these accounts had a balance of zero. The employees also advised me that the balances in the accounts as of this date are as follows:

Wells Fargo Account (savings account) xxxx-xx9217– $2,055.68
Wells Fargo Account (checking account) xxx-xxx1417– $11,985.00
Charles Schwab Account xxxx-3181– $36,458.67

5

Charles Schwab Account xxxx-3186 – $188,605.89 (in cash) and $126,268.40 (in stock)
Charles Schwab Account xxxx-3192 – $51,283.59 (in cash) and $10,480.00 (in stock)

      10.    Based upon the above facts, there is probable cause to believe that the previously

identified funds on deposit in the accounts held in the name of Deborah Jean Palfrey, are subject

to seizure and forfeiture pursuant to Title 18, United States Code, § 981(a)(1)(A) and (C) as

property which constitutes or is derived from proceeds traceable to violations of 18 U.S.C.

§§ 1343 and 1952, offenses constituting specified unlawful activities, and property involved in a

transaction in violation of 18 U.S.C. §§ 1956 or 1957 (money laundering or a conspiracy to

commit money laundering), or property traceable to such property.  I have been advised that a

prosecution for money laundering offenses pursuant to 18 U.S.C. §§ 1956 and 1957 (including a

conspiracy to commit), may be brought in:  (1) any district where an act in furtherance of the

conspiracy took place; or (2) any district where a prosecution for the specified unlawful activity

could be brought if the defendant participated in the transfer of proceeds of the specified

unlawful activity from that district to the district where the financial or monetary transaction took

place.  *See* 18 U.S.C. § 1956(i).  I have also been advised that Title 18, United States Code,

Section 981(b)(3), provides that "a seizure warrant may be issued . . . by a judicial officer in any

district in which a forfeiture action against the property may be filed under Section 1355(b) of

Title 28, *and may be executed in any district in which the property is found . . . ."*

      Based upon the above, I, therefore, respectfully request that seizure warrants be issued for

all funds or other things of value in the following accounts: Wells Fargo Bank Accounts xxxx-

xx9217 and xxx-xxx1417, held in the name of Deborah Jean Palfrey; and (2) all funds or other

things of value that are contained in Charles Schwab Investment Accounts xxxx-3181,

xxxx-3186, and xxxx-3192, held in the name of Deborah Jean Palfrey.

_____
Troy A. Burrus, Special Agent
U.S. Internal Revenue Service

SWORN TO AND SUBSCRIBED before me this _____ day of September, 2006.

_____
United States Magistrate Judge
 for the District of Columbia

7

## Appendix

1:06-mj-00422-JMF           USA v. ANY AND ALL FUNDS OR OTHER THINGS OF VALUE, INCLUDING STOCKS, THAT ARE CONTAINED IN CHARLES SCHWAB INVESTMENT ACCOUNT NUMBER 84-03181, HELD IN THE NAME OF DEBORAH JEAN PALFREY filed 09/29/06

1:06-mj-00422-JMF-1         ANY AND ALL FUNDS OR OTHER THINGS OF VALUE, INCLUDING STOCKS, THAT ARE CONTAINED IN CHARLES SCHWAB INVESTMENT ACCOUNT NUMBER 84-03181, HELD IN THE NAME OF DEBORAH JEAN PALFREY filed 09/29/06

1:06-mj-00423-JMF           USA v. ANY AND ALL FUNDS OR OTHER THINGS OF VALUE THAT ARE CONTAINED IN WELLS FARGO ACCOUNT NUMBER 005-9211417, HELD IN THE NAME OF DEBORAH JEAN PALFREY filed 09/29/06

1:06-mj-00423-JMF-1         ANY AND ALL FUNDS OR OTHER THINGS OF VALUE THAT ARE CONTAINED IN WELLS FARGO ACCOUNT NUMBER 005-9211417, HELD IN THE NAME OF DEBORAH JEAN PALFREY filed 09/29/06

1:06-mj-00424-JMF           USA v. ANY AND ALL FUNDS OR OTHER THINGS OF VALUE, INCLUDING STOCKS, THAT ARE CONTAINED IN CHARLES SCHWAB INVESTMENT ACCOUNT NUMBER 84-03186, HELD IN THE NAME OF DEBORAH JEAN PALFREY filed 09/29/06

1:06-mj-00424-JMF-1         ANY AND ALL FUNDS OR OTHER THINGS OF VALUE, INCLUDING STOCKS, THAT ARE CONTAINED IN CHARLES SCHWAB INVESTMENT ACCOUNT NUMBER 84-03186, HELD IN THE NAME OF DEBORAH JEAN PALFREY filed 09/29/06

1:06-mj-00425-JMF           USA v. ANY AND ALL FUNDS OR OTHER THINGS OF VALUE THAT ARE CONTAINED IN WELLS FARGO ACCOUNT NUMBER 52-139217, HELD IN THE NAME OF DEBORAH JEAN PALFREY filed 09/29/06

1:06-mj-00425-JMF-1         ANY AND ALL FUNDS OR OTHER THINGS OF VALUE THAT ARE CONTAINED IN WELLS FARGO ACCOUNT NUMBER 52-139217, HELD IN THE NAME OF DEBORAH JEAN PALFREY filed 09/29/06

1:06-mj-00426-JMF                USA v. ANY AND ALL FUNDS OR OTHER THINGS OF
                                 VALUE, INCLUDING STOCKS, THAT ARE CONTAINED
                                 IN CHARLES SCHWAB INVESTMENT ACCOUNT
                                 NUMBER 84-03192, HELD IN THE NAME OF DEBORAH
                                 JEAN PALFREY filed 09/29/06

1:06-mj-00426-JMF-1              ANY AND ALL FUNDS OR OTHER THINGS OF VALUE,
                                 INCLUDING STOCKS, THAT ARE CONTAINED IN
                                 CHARLES SCHWAB INVESTMENT ACCOUNT
                                 NUMBER 84-03192, HELD IN THE NAME OF DEBORAH
                                 JEAN PALFREY filed 09/29/06

**Montgomery Sibley**

**From:** Montgomery Sibley [mbsibley@earthlink.net]

**Sent:** 11/10/2006 6:50 AM

**To:** Catherine.Connelly2@usdoj.gov; judith.a.kidwell@usdoj.gov

**Subject:** Section §983(f) and Rule 41(g) request for the return of seized property

## Montgomery Blair Sibley, Chartered
Attorney & Counselor at Law
Admitted to Practice: Florida, New York, District of Columbia
www.civilforfeiture.com

Greetings:

I write to request pursuant to 18 U.S.C. §983(f) and Federal Rules of Criminal Procedure, Rule 41(g) the return of the property seized from my client, Jeane Palfrey both by the seizure warrants and the search warrant.  Pursuant to §983 (f) 2), the basis on which the requirements of paragraph §983(f)(1) are met are set out in the attached affidavit of Ms. Palfrey, the original of which is in my possession.

I look forward to your reply.

yours,

Montgomery

| Maryland Office: | District of Columbia Office: |
|---|---|
| 50 West Montgomery Avenue | 1717 K Street, N.W. |
| Suite B-4 | Suite 600 |
| Rockville, Maryland 20850-4216 | Washington, D.C. 20036 |
| 301-251-5200 | 202-508-3699 |
| 202-478-0371 (E-Fax) | 202-478-0371 (E-Fax) |

AO 93 (Rev. 12/03) Search Warrant



# UNITED STATES DISTRICT COURT

OCT – 4 2006

EASTERN      District of      CALIFORNIA

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

In the Matter of the Search of

(Name, address or brief description of person or property to be searched)

**SEARCH WARRANT**

**803 Capitol Street
Vallejo, CA 94590,
2003 Ford Thunderbird Convertible
California License plate RUM009**

**2: 0 6 - SW - 0 2 7 4**    **KJM**

Case Number:

TO:   **Maria E. Couvillon**     and any Authorized Officer of the United States

Affidavit(s) having been made before me by    **Maria E. Couvillon**    who has reason to believe

that   ☐ on the person of, or   ☒ on the premises known as (name, description and/or location)

**See Attachment A, attached hereto and make a part hereof,**

in the     Eastern     District of     California     there is now
concealed a certain person or property, namely (describe the person or property)

**See Attachment B, attached hereto and made a part hereof,**

I am satisfied that the affidavit(s) and any record testimony establish probable cause to believe that the person or property so described is now concealed on the person or premises above-described and establish grounds for the issuance of this warrant.

YOU ARE HEREBY COMMANDED TO search on or before    **10/13/06**

Date

(not to exceed 10 days) the person or place named above for the person or property specified, serving this warrant and making the

search   ☒ in the daytime -- 6:00 A.M. to 10:00 P.M.   ☐ at anytime in the day or night as I find reasonable cause has been established and if the person or property be found there to seize same, leaving a copy of this warrant and receipt for the person or property taken and prepare a written inventory of the person or property seized and promptly return this warrant to

**KIMBERLEY J. MUELLER**     as required by law.

U.S. Magistrate Judge (Rule 41(f)(f4))

**10/3/06 – 3:05 p.m.**

Date and Time Issued

**KIMBERLEY J. MUELLER
U.S. MAGISTRATE JUDGE**

Name and Title of Judge

at   **Sacramento, CA**

City and State

Signature of Judge

AO 93 (Rev. 12/03) Search Warrant

| **RETURN** | **Case Number:** |
|---|---|

| DATE WARRANT RECEIVED | DATE AND TIME WARRANT EXECUTED | COPY OF WARRANT AND RECEIPT FOR ITEMS LEFT WITH |
|---|---|---|
| 10/3/06 | 10/4/06  8:13 a.m. | Jay 803 Capitol Street, |

INVENTORY MADE IN THE PRESENCE OF  Postal Inspector Maria Couvillon                                 Dining Room Table

INVENTORY OF PERSON OR PROPERTY TAKEN PURSUANT TO THE WARRANT

SEE ATTACHED FIVE SEARCH WARRANT INVENTORY SHEETS.

| **CERTIFICATION** |
|---|

I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant.

_Maria Couvillon_

Subscribed, sworn to, and returned before me this date.

_Signature of Judge_                    10/4/06
                                         Date

# THE UNITED STATES POSTAL INSPECTION SERVICE

## SEARCH WARRANT INVENTORY

Position/Box.: _____ / _____

Subject Name: DEBORAH JEAN PALFREY          Date: 10/04/06

Subject Address: 803 CAPITOL STREET          Floor/Room No. RM. 1-B
VALLEJO, CALIFORNIA

Inspector(s): MARIA CAIVILLON          Case No. 1140 - 1389459 mLIC1

Safe: _____ Cabinet: _____ Credenza: _____ Desk: ✓ Drawer: ✓

Shelf: _____ Table: _____ Wall: _____ Other: _____

| QUANTITY | DESCRIPTION OF ITEMS |
|---|---|
| ✓ 1 | # A01293460 - Indicia, ID Cards, mail, business cards |
| ✓ 1 | # A01293461 - Checkbooks + deposit slips (3) |
| 1 | # A01293458 - Indicia |
| ✓ 1 | # A01293459 - Deposit records WFB |
| 1 | # A01293457 - Checkbooks (2) |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

DISTRIBUTION OF COPIES: White- *U.S. Magistrate (Return with Warrant)*
Yellow- *Inspector (Attach to PS Form 714)*
Pink- *Subject Searched*
Green- *Evidence Control Officer (Attach to PS Form 714)*

Page 1 of 5 pages

PS Form 8164, October 1993

# THE UNITED STATES POSTAL INSPECTION SERVICE

## SEARCH WARRANT INVENTORY

Position/Box.: _____ / _____

Subject Name: DEBORAH JEAN PALFREY     Date: 10/04/06

Subject Address: 803 CAPITOL STREET     Floor/Room No. Rm 1-D

VALLEJO, CALIFORNIA

Inspector(s): MARIA COUVILLON     Case No. 1140-1389459 MLI (F)

| Safe: | Cabinet: | Credenza: | Desk: | Drawer: |
|---|---|---|---|---|

| Shelf: | Table: | Wall: | Other: Closet |
|---|---|---|---|

| QUANTITY | DESCRIPTION OF ITEMS |
|---|---|
| ✓ 1 | # A01293470- Toshiba Satellite Pro |
| | S/N Y7342857 (with ac power adaptor + manual on |
| | continuation label) |
| ✓ 1 | # A01293493 - One white box containing manual credit |
| | card machine and Verifone CC machine w/ paperwork |
| ✓ 1 | # A01293492 - One box labeled Discover containing |
| | credit processing information |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

DISTRIBUTION OF COPIES:  White- *U.S. Magistrate (Return with Warrant)*
Yellow-*Inspector (Attach to PS Form 714)*
Pink-*Subject Searched*
Green-*Evidence Control Officer (Attach to PS Form 714)*

Page 2 of 5 pages

PS Form 8164, October 1993

# THE UNITED STATES POSTAL INSPECTION SERVICE

## SEARCH WARRANT INVENTORY

Position/Box.: _____ / _____

Subject Name: DEBORAH JEAN PALFREY      Date: 10/04/06

Subject Address: 803 Capitol Street      Floor/Room No. Rm. 1-G
Vallejo, CALifornia

Inspector(s): Maria Couvillon      Case No. 1140 - 1389459 MLI(1)

Safe:_____ Cabinet:_____ Credenza:_____ Desk:_____ Drawer:_____

Shelf:_____ Table:_____ Wall:_____ Other: ✓ Kitchen - Countertop

| QUANTITY | DESCRIPTION OF ITEMS |
|---|---|
| 1 | # A01293469 - Phone Contact book Including appointment schedule |
| 1 | # A01293472 - Identification info (driver's license, passport copies for women in MD, Frasier 1099, CD Rom in Express mailer) |
| 1 | # A01293475 - Fax call listings, Park Lake Towers (FL) annual meeting paperwork, Charles Schwab accts. letters, Invoice for Web banner, purchase order for Eclectica |
| 1 | # A01293474 - Past due amount paperwork with reference to money orders, Woman ID and contact information, Park Lake Towers annual notice. |
| 1 | # A01293471 - Bank checks, check stubs 2004-2005 |
| 1 | # A01293468 - Appointment book Including identification information for women |
| 1 | # A01293467 - 2005 appointment book Including notes of sales of stock, real estate contacts + notes |
| | |
| | |
| | |

DISTRIBUTION OF COPIES: White- *U.S. Magistrate (Return with Warrant)*
Yellow- *Inspector (Attach to PS Form 714)*
Pink- *Subject Searched*
Green- *Evidence Control Officer (Attach to PS Form 714)*

Page 3 of 5 pages

PS Form 8164, October 1993

# THE UNITED STATES POSTAL INSPECTION SERVICE

## SEARCH WARRANT INVENTORY

Position/Box.: _____ / _____

Subject Name: DEBORAH JEAN PALFREY     Date: 10/4/06

Subject Address: 803 CAPITOL STREET     Floor/Room No. RM. 1-H

VALLEJO, CA

Inspector(s): Maria Couvillon     Case No. 1140-1389459 mLI (1)

Safe: _____ Cabinet: ✓ Credenza: _____ Desk: ✓ Drawer: _____

Shelf: ✓ Table: _____ Wall: _____ Other: OFFICE

| QUANTITY | DESCRIPTION OF ITEMS |
|---|---|
| ✓ 1 | # A01293473 - Toshiba Satellite 2415-5205 |
|  | S/n 23121219 P (ac adaptor and product info on continuation) |
| ∆ 1 | # A01293480 - DC, Northern VA, MD, NY mapbooks |
| ✓ 1 | # A01293486 - CO - Web Design, letters, disbursement journal - 1998 |
| √ 1 | # A01293482 - CD - Roms |
| ∆ 1 | # A01293485 - Wells Fargo Bank Stmts 20 Aug 04 - |
|  | 31 Aug 06, Charles Schwab stmts 2003 - AUG 2006 |
| √ 1 | # A01293479 - Four expandable folders, blue, green, red, |
|  | black containing profiles |
| ∕ 1 | # A01293478 - Appointment books, Binder of notes |
|  | on men for escort service. |
| ✓ 1 | # A01293476 - Binders of woman's profiles |
| √ 1 | # A01293484 - Phone records, bank/mortgage records - |
|  | Wells Fargo, City Paper Ad - PMA |
| ∕ 1 | # A01293483 - Employee contractor agreements, Newsletters |
|  |  |
|  |  |
|  |  |
|  |  |

DISTRIBUTION OF COPIES: White-*U.S. Magistrate (Return with Warrant)*
Yellow-*Inspector (Attach to PS Form 714)*
Pink-*Subject Searched*
Green-*Evidence Control Officer (Attach to PS Form 714)*

Page 4 of 5 pages

PS Form 8164, October 1993

# THE UNITED STATES POSTAL INSPECTION SERVICE

## SEARCH WARRANT INVENTORY

Position/Box.: _____ /_____

Subject Name: DEBORAH JEAN PALFREY      Date: 10/4/06

Subject Address: 803 Capitol Street      Floor/Room No. Rm. B-1

Inspector(s): Maria Couillton Vallego, CA      Case No. 1140-1389459 MLI(1)

Safe: ✓      Cabinet: _____ Credenza: _____ Desk: _____ Drawer: _____

Shelf: _____ Table: _____ Wall: _____ Other: ✓ Basement

| QUANTITY | DESCRIPTION OF ITEMS |
|---|---|
| ✓ 1 | # A01293496 - 4 file folders relating to Ads for Escort Service, 1 file ref. sale of Pamela Martin Business. |
| ✓ 1 | # A01293494 - 7 file folders with newspaper Ad material for Escort Services. |
| ✓ 1 | # A01293495 - file box marked Internal Revenue + Bank Statements |
| ✓ 1 | # A01293487 - US Liberty $50 gold coins (81) US Liberty $1 Silver Coins (320) Canadian $50 Gold coins (61) South African Gold Krugerrands (413) |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

DISTRIBUTION OF COPIES: White–*U.S. Magistrate (Return with Warrant)*
Yellow–*Inspector (Attach to PS Form 714)*
Pink–*Subject Searched*
Green–*Evidence Control Officer (Attach to PS Form 714)*

Page 5 of 5 pages

PS Form 8164, October 1993