UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

        PLAINTIFF,

vs.

803 CAPITOL STREET VALLEJO, CALIFORNIA 94590 AND 1441 VAQUERO GLEN ESCONDIDO, CALIFORNIA 92026,

        DEFENDANTS.

_____/

CASE NO.:1:06-CV-01710-GK

**CLAIMANT'S MOTION TO COMPEL PLAINTIFF TO CONFER FOR THE PURPOSE OF PREPARING A JOINT SCHEDULING REPORT**

Claimant, Deborah Jeane Palfrey, by and through her undersigned counsel, requests that the Court order Plaintiff to confer with Claimant to the end of preparing the requisite Joint Scheduling Report, and for grounds in support thereof states:

Federal Rules of Civil Procedure, Rule 16(b), requires that this Court issue a scheduling order "as soon as practicable but in any event within 90 days after the appearance of a defendant and within 120 days after the complaint has been served on a defendant."

Here, Claimant appeared on October 22, 2006, thus triggering this Court to issue its scheduling order by January 20, 2007.

Local Civil Rule 16.3, "Duty to Confer, (A) Time for Conference" requires that "Counsel (including any non-prisoner pro se party) must confer in accordance with this Rule and Rule 26(f), Federal Rules of Civil Procedure, within 21 days before a scheduling conference is held or a scheduling order is due under Rule 16(b), F.R.Civ.P." As such, counsel are mandated to consult 21 days before January 20, 2007, or December 30, 2006.

Accordingly, on October 23, 2006, counsel for Claimant e-mailed AUSA Kidwell, a copy of which is attached. That e-mail attached a draft joint scheduling report and requested a meeting to discharge the Local Civil Rule 16.3 to confer.

The following day, AUSA Kidwell wrote back and indicated that the meeting would occur on November 27, 2006. A copy of that letter is attached.

On Friday, November 24, 2006, Claimant's undersigned counsel wrote to confirm the meeting and requested directions to her office.

On Monday, November 27, 2006, a disagreeable string of emails emanated from the U.S. Attorney's office indicating ultimately that there would be <u>no</u> meeting as previously scheduled.

In response, undersigned counsel wrote and asked the new AUSA assigned to the case – William R. Cowden – to reconsider his stated position that "I do not engage in pre-Answer Local Rule 16.3 conferences." A copy of the referenced emails from November 24, 2006 through November 27, 2006, are attached.

Thereafter, on November 27, 2006 – in order for Claimant to discharge her obligations under LCvR 7(m) "Duty of Counsel to Confer on Nondispositive Motions" – Claimant's counsel and AUSA Cowden spoke by telephone about this instant motion in a good faith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement. Ultimately, AUSA Cowden opposed this motion and continued his refusal to meet.

Patently, "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Federal Rules of Civil Procedure, Rule 26(d). Plaintiff by refusing to meet – and duplicity delaying the meeting a month before announcing the refusal to meet upon false

pretenses – has prejudiced the Claimant in pursuit of her claim to her residence and callously and significantly inconvenienced Claimant's counsel.

WHEREFORE, Claimant respectfully requests that this Court order (i) Plaintiff to promptly confer with Claimant to discharge the obligations under LCvR 16.3 so that this Court may discharge its mandatory obligations under Rule 16(b) and this matter may proceed as contemplated by the local and Federal civil practice rules and (ii) appropriately sanction Plaintiff for its patent violation of Federal Rules of Civil Procedure, Rule 1[1] and its bad faith behavior in this matter.

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the served pursuant to LcvR 5.4(d) upon William R. Cowden, Assistant United States Attorney, Criminal Division, Asset Forfeiture Unit, 555 4th St., N.W., Room 4818, Washington, D.C. 20530 this November 27, 2006.

**MONTGOMERY BLAIR SIBLEY**
CENTER FOR FORFEITURE LAW
50 West Montgomery Avenue, Suite B-4
Rockville,  MD 20850-4216
Voice/Fax:    (202) 478-0371
E-mail:       mbsibley@civilforfeiture.com

By:   /s/ Montgomery Blair Sibley
       Montgomery Blair Sibley
       D.C. Bar #464488

---

[1] "These rules govern the procedure in the United States district courts in all suits of a civil nature whether cognizable as cases at law or in equity or in admiralty, with the exceptions stated in Rule 81. **They shall be construed and administered to secure the just, speedy, and inexpensive determination of every action**.." (Emphasis added).

## Montgomery Sibley

**From:** Montgomery Sibley [mbsibley@civilforfeiture.com]
**Sent:** 10/23/2006 8:37 AM
**To:** 'judith.a.kidwell@usdoj.gov'
**Subject:** In Re: Forfeiture of 803 Capitol Street et al.

### Montgomery Blair Sibley, Chartered
Attorney & Counselor at Law
Admitted to Practice: Florida, New York, District of Columbia
www.civilforfeiture.com

Judith,

Attached is a scanned copy of the Statement of Claim per your request of Friday. Would you favor me with IRS Agent Burrus' verification signature page in return.

Also attached is my proposed Joint Scheduling Report which we are obligated to file. Would you let me know a convenient time this week we can have telephone conference to go over the report and finalized it?

Additionally, can you advise of the status of the seizures of my client's Wells Fargo and Charles Schwab accounts? She has not gotten any notice of forfeiture letter yet. Do you intend to amend the pending complaint to include these forfeitures as well as we certainly will not be proceeding administratively?

Last, I am confirming that my client is requesting that the two seized properties, which were listed with brokers for sale, continue to be listed and if sold, the net proceeds paid into a court registry pending resolution of the suit. If agreeable, how do you want to proceed practically to make this occur. My experience has been to submit an agreed order to the Court and have lis pendens filed on the two properties, but I am open to suggestions.

yours,

Montgomery

| Maryland Office: | District of Columbia Office: |
|---|---|
| 50 West Montgomery Avenue | 1717 K Street, N.W. |
| Suite B-4 | Suite 600 |
| Rockville, Maryland 20850-4216 | Washington, D.C. 20036 |
| 301-251-5200 | 202-508-3699 |
| 202-478-0371 (E-Fax) | 202-478-0371 (E-Fax) |

11/27/06

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

October 24, 2006

SENT VIA ELECTRONIC MAIL

Montgomery Blair Sibley, Esq.
50 West Montgomery Avenue
Suite B-4
Rockville, Maryland 20850-4216

Dear Mr. Sibley:

    We were surprised by the contents of your October 23, 2006, letter. It would suggest that we had not had two telephone conversations concerning these matters. Moreover, it fails to mention our scheduled date and time of November 27, 2006 at 2:00 p.m. to meet and confer with respect to the LCvR 16.3 Report, the fact that your client has not yet filed an answer, and the recent filing of your motion to strike our complaint. Therefore, we will not be contacting you this week to discuss a joint report.

    With respect to your clients accounts, an agency has a certain amount of time to notify your client of an administrative forfeiture. If a decision is made to either amend the pending complaint or file a separate judicial action, we will advise you of our actions.

    Finally, as discussed during our last telephone conversation, the required approval will be sought in regard to your request to have your client's real properties sold and the monies paid into the Court. Lis pendens have already been filed on these properties. We will notify you of any decision on this matter.

Sincerely,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By:   /s/_____
JUDITH A. KIDWELL
Assistant United States Attorney
Asset Forfeiture Unit

## Montgomery Sibley

**From:** Montgomery Sibley [mbsibley@civilforfeiture.com]
**Sent:** 11/27/2006 10:20 AM
**To:** 'Cowden, William (USADC)'
**Subject:** RE: Forfeitrue of 803 Capitol Street et al.

William,

I respectfully direct your attention to the Local Rules which I reproduce below:

**CvR 16.3 DUTY TO CONFER**

**(a) TIME FOR CONFERENCE.** Counsel (including any nonprisoner *pro se* party) must confer in accordance with this Rule and Rule 26(f), Federal Rules of Civil Procedure, within 21 days before a scheduling conference is held or a scheduling order is due under Rule 16(b), F.R.Civ.P. to: (1) Discuss the matters set forth in Rule 16.3(c). (2) Make or arrange for disclosures required by Rule 26(a)(1), F.R.Civ.P.; and (3) Develop a discovery plan that indicates the parties' views and proposals. In a case involving multiple defendants, **the 21-day period shall run from the date of appearance or first filing in the form of an answer or motion**, pursuant to Rule 12, F.R.Civ.P., by the defendant who is given the longest time to answer under the Federal Rules of Civil Procedure. (Emphasis added).

Clearly, your *ex cathedra* position of refusing to meet pre-answer is untenable as the Local Rule clearly recognizes that the filing of a motion triggers the requirement of a Rule 16.3 meeting.

As Federal Rules of Civil Procedure, Rule 16(b), requires that the Court issue a scheduling order "as soon as practicable but in any event within 90 days after the appearance of a defendant and within 120 days after the complaint has been served on a defendant."  Here, my client appeared on October 22, 2006 requiring the Court to issue its order by January 20, 2007.  As such, we are mandated to consult 21 days before, or December 30, 2006.

If you refuse to meet, then I will be compelled to seek the Court's intervention to compel such a conference.  Accordingly, please advise promptly if you are willing to re-consider your position so I may report to the Court your position in my motion.

I would finally note that equitable estoppel principals at least should preclude you from changing the position that Judith took in this matter given the prejudice to my client == and inconvenience to me == that has resulted.  Hence, I request again that the scheduled meeting go forward.

yours,

11/27/06

Montgomery

**From:** Cowden, William (USADC) [mailto:William.Cowden@usdoj.gov]
**Sent:** 11/27/2006 10:01 AM
**To:** Montgomery Sibley; Kidwell, Judith A. (USADC)
**Cc:** usadc.docketing@usdoj.gov
**Subject:** RE: Forfeitrue of 803 Capitol Street et al.

Mr. Sibley,

I have taken over responsibility for the civil action seeking forfeiture of 803 Capitol Street, *et al*.

Your appointment (initially with Ms. Kidwell) is off.  I do not engage in pre-Answer Local Rule 16.3 conferences.

```
William R. Cowden
Assistant United States Attorney
District of Columbia
555 4th Street, N.W., Room 4824
Washington, DC 20530
(202) 307-0258 phone
(202) 514-8707 fax
(202) 353-5951 cell
<william.cowden@usdoj.gov>

CONFIDENTIALITY STATEMENT:  This electronic
communication involves an attorney and may
contain information that is confidential
and/or attorney-client privileged.  If you
are not an intended recipient, interception,
copying, disclosure or use of confidential
communications may be illegal.  If you
received this message in error, please
notify me by reply e-mail and delete this
message.  Thank you.
```

**From:** Montgomery Sibley [mailto:mbsibley@civilforfeiture.com]
**Sent:** Monday, November 27, 2006 9:56 AM
**To:** Kidwell, Judith A. (USADC)
**Cc:** Cowden, William (USADC); usadc.docketing@usdoj.gov
**Subject:** RE: Forfeitrue of 803 Capitol Street et al.

Does that mean the meeting is on?  If so, where are you located and what is the closest MetroRail stop?

> **From:** Kidwell, Judith A. (USADC) [mailto:Judith.A.Kidwell@usdoj.gov]
> **Sent:** 11/27/2006 9:49 AM
> **To:** Montgomery Sibley
> **Subject:** RE: Forfeitrue of 803 Capitol Street et al.
>
> I sent you his telephone number and he is aware of the meeting.  He is the Chief of the Unit.

11/27/06

Judith

**From:** Montgomery Sibley [mailto:mbsibley@civilforfeiture.com]
**Sent:** Monday, November 27, 2006 9:46 AM
**To:** Kidwell, Judith A. (USADC)
**Subject:** RE: Forfeitrue of 803 Capitol Street et al.

His number is not on the amended complaint.  I find it unprofessional of you to have scheduled an appointment with me a month ago and then determine to cancel it the same day without any prior notice.  You have significantly inconvenienced me and prejudiced my client.  Your claim a month ago for the delay in this meeting that you had an operation and were unavailable before today was -- in retrospect -- disingenuous.

So again, I ask for Bill's email address so I can contact him today as I am unable to reach him by telephone.

>   **From:** Kidwell, Judith A. (USADC) [mailto:Judith.A.Kidwell@usdoj.gov]
>   **Sent:** 11/27/2006 9:37 AM
>   **To:** Montgomery Sibley
>   **Subject:** RE: Forfeitrue of 803 Capitol Street et al.
>
>   I think you should get that from him.
>
>   Judith
>
>   **From:** Montgomery Sibley [mailto:mbsibley@civilforfeiture.com]
>   **Sent:** Monday, November 27, 2006 9:34 AM
>   **To:** Kidwell, Judith A. (USADC)
>   **Subject:** RE: Forfeitrue of 803 Capitol Street et al.
>
>   and email address?
>
>>  **From:** Kidwell, Judith A. (USADC) [mailto:Judith.A.Kidwell@usdoj.gov]
>>  **Sent:** 11/27/2006 9:30 AM
>>  **To:** Montgomery Sibley
>>  **Subject:** RE: Forfeitrue of 803 Capitol Street et al.
>>
>>  Bill Cowden is now handling this matter.  I am no longer in the Asset Forfeiture Unit.
>>
>>  Judith Kidwell
>>
>>  **From:** Montgomery Sibley [mailto:mbsibley@earthlink.net]
>>  **Sent:** Friday, November 24, 2006 4:56 PM
>>  **To:** Kidwell, Judith A. (USADC)
>>  **Subject:** Forfeitrue of 803 Capitol Street et al.
>>
>>  ## Montgomery Blair Sibley, Chartered
>>  Attorney & Counselor at Law

Admitted to Practice: Florida, New York, District of Columbia
www.civilforfeiture.com

Judith,

I write to confirm our appointment next Monday at 2:00 p.m. at your offices to discharge are discovery conference obligations. Please advise how to get to your office from the nearest Metro Station.  Thanks.

As a courtesy, I am attaching a complaint I have filed on behalf of my client against Charles Schwab and Wells Fargo.

yours,

Montgomery

| Maryland Office: | District of Columbia Office: |
|---|---|
| 50 West Montgomery Avenue | 1717 K Street, N.W. |
| Suite B-4 | Suite 600 |
| Rockville, Maryland 20850-4216 | Washington, D.C. 20036 |
| 301-251-5200 | 202-508-3699 |
| 202-478-0371 (E-Fax) | 202-478-0371 (E-Fax) |

11/27/06

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

    PLAINTIFF,

vs.

803 CAPITOL STREET VALLEJO, CALIFORNIA 94590 AND 1441 VAQUERO GLEN ESCONDIDO, CALIFORNIA 92026,

    DEFENDANTS.

_____/

CASE No.:1:06-CV-01710-GK

CLAIMANT'S PROPOSED ORDER ON MOTION TO COMPEL PLAINTIFF TO CONFER FOR THE PURPOSE OF PREPARING A JOINT SCHEDULING REPORT

On the motion of Claimant for an Order on Claimant's Motion to Compel Plaintiff to Confer For the Purpose of Preparing a Joint Scheduling Report;

IT IS ORDERED that the motion is Granted. Plaintiff shall file confer with Claimant within \_\_\_ days fo this Order..

DONE AND ORDERED in Chambers, Washington, D.C. this \_\_\_\_ day of _____, 2006.

By: _____
    United States District Judge

Copies to:

Montgomery Blair Sibley
William R. Cowden

-1-