**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,

        PLAINTIFF,

vs.

803 CAPITOL STREET VALLEJO, CALIFORNIA 94590 ET AL.,

        DEFENDANTS.
_____/

CASE NO.:1:06-CV-01710-GK

**CLAIMANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR FORFEITURE-IN-*REM***

Claimant, Deborah Jeane Palfrey, by and through her undersigned counsel and pursuant to Rule 12(b)(6), moves to dismiss First Amended Complaint for Forfeiture-in-*Rem*, and for grounds in support thereof states:

### SUMMARY OF ARGUMENT

Prostitution is not a crime in the District of Columbia, hence facilitation and conspiracy to commit prostitution are not crimes.. Moreover, the District of Columbia's sexual offense statutory scheme violates constitutional guarantees as it is impermissibly vague and invades protected liberty interests.

Thus, Claimant's *res* seized in this matter is not the "proceeds" of "specified unlawful activity", is therefore not forfeitable and thus this matter must be dismissed.

### INTRODUCTION

The government seeks forfeiture of the Claimant's seized *res* upon the two related theories. First, that the Claimant's seized *res* was "involved in a money laundering offense in violation of 18 U.S.C. §§ 1956 or 1957." Second, that Claimant's seized *res* "constitutes or [are] derived from proceeds traceable to, among other offenses, any offense that is a "specified unlawful activity" of the federal anti-money laundering statutes" – to wit, prostitution.

"Section 1961(1)(B) includes "any act which is indictable under [18 U.S.C. Sec. 1952]," which in turn states: (a) Whoever travels in interstate commerce or uses the mail or any facility in interstate ... commerce, with intent to – (3) otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity, and thereafter performs or attempts to perform any of the acts specified in subparagraphs (1), (2), and (3) shall be ... imprisoned for not more than five years.... 18 U.S.C. Sec. 1952. Under this statute, unlawful activity means "any business enterprise involving ... prostitution offenses in violation of the laws of the State in which they are committed." 18 U.S.C. Sec. 1952(b)." *United States v. Montague*, 29 F.3d 317 (7th Cir. 1994).

Accordingly, for the Claimant's seized *res* to be forfeited in this matter, the "business enterprise" from which the government alleges the *res* was derived from must have emanated from "prostitution offenses in violation of the laws of the State in which they are committed."

As demonstrated below, there are insuperable legal impediments to achieving such a result mandating the dismissal of the First Amended Complaint.

**LEGAL ARGUMENT**

I. **SOLICITATION, FACILITATION, CONSPIRACY AND ATTEMPT TO COMMIT A LEGAL ACT IS <u>NOT</u> A CRIME**

In so much as prostitution is not a crime in the District of Columbia, the government's cited crimes of pandering, procuring and conspiracy <u>cannot</u> form the basis of a "proceeds" forfeiture as an attempt to do that which is not a crime cannot be held to be an attempt to commit a crime.

In the First Amended Complaint, Plaintiff maintains that forfeiture of Claimant's seized *res* is authorized by 18 U.S.C. §981 which permits the forfeiture of any property which "constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. §1952." (First Amended Complaint, ¶1).

> "Proceeds" are defined at 18 U.S.C. § 1956(c)(1) which states:
>
>> As used in this section- (1) the term "knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity" means that the person knew **the property involved in the transaction represented proceeds from some form**, though not necessarily which form, **of activity that constitutes a <u>felony</u> under State,** Federal, or foreign **law**. . . (Emphasis added).

Hence, in order for the *res* seized in this action to be forfeitable, it must be the proceeds "of activity that constitutes a <u>felony</u> under State, Federal, or foreign law."

The government solely points to three felonies under the District of Columbia law to discharge its Rule 8(a)(2) pleading requirements to allege "a short and plain statement of the claim showing that the pleader is entitled to relief." (First Amended Complaint, ¶11).[1]

---

[1] The government also points to the federal law of Racketeering (18 U.S.C. §1952) and Conspiracy (18 U.S.C. §371) as a basis for claiming that the alleged interstate prostitution business violated federal law, but this argument is inane. (First Amended Complaint, ¶11). There is no federal prostitution crime and hence the Racketeering allegation relies upon the states crime of prostitution. Second, §371 "Conspiracy to Commit Offense or to Defraud United States" in pertinent

Here, as the three felonies are <u>not</u> crimes in the District of Columbia, the activity of receiving the *res* by Claimant does <u>not</u> qualify as a forfeitable offense.

The three felonies – pandering (D.C. Code §22-2705), procuring (D.C. Code §22-2707) and conspiracy (D.C. Code §1805(a)) all have at their core the requirement that the actor engage in "prostitution". [2]

Significantly, in the District of Columbia, prostitution is <u>not</u> illegal. "The District of Columbia, for example, prohibits solicitation and pimping, D.C. Code §§ 22-2701, 22-2707, **but does not criminalize prostitution itself**." *U.S. v. Jones*, 909 F.2d 533, 538 (D.C. Cir. 1990)(Emphasis added). Accordingly, the allegations of the First Amended Complaint regarding "prostitution", simply do not amount to "specified illegal activity" as required by 18 U.S.C. §1952(b) because the attempt to engage in a legal act is not a criminal act.

"Simply stated, attempting to do that which is not a crime is not attempting to commit a crime." *United States v. Berrigan*, 482 F.2d 171 (3rd Cir. 1973). Anomalous as it may first appear, by not criminalizing "prostitution" in the District of Columbia, all the statutes which criminalize activities that promote, facilitate, or attempt or conspire to engage in "prostitution" are blocked by the legal defense of impossibility. That defense recognizes and maintains that the acts of pandering or procuring for purposes of prostitution, or conspiracy to pander and procure for purposes of

---

part states that "If two or more persons conspire either to commit any offense against the United States . . ." Here, there are no allegations in the First Amended Complaint that Claimant conspired with anyone to commit an offense against the United States.

[2]     In the District of Columbia, prostitution "means the engaging, agreeing to engage, or offering to engage in sexual acts or contacts with another person in return for a fee." D.C. Code, §22-2701.01.

prostitution, are cannot be crimes in the District of Columbia as prostitution is not a crime in the District of Columbia.

A validly analogous situation is presented in *U.S. v. Hair*, 356 F.Supp. 339 (D.C. District of Columbia 1973) where the Defendant was faced with a criminal charge of receiving a stolen television which in fact was <u>not</u> stolen. In finding it a legal impossibility, the court held: "Because the television set received by the defendant was not stolen, this court, after careful review of the authorities, finds that no crime was committed since an unsuccessful attempt to do that which is not a crime cannot be held to be an attempt to commit the crime specified."

Here, as the District of Columbia has not chosen to criminalize prostitution, Chapter 27 is attempting to criminalize behavior which is legal to engage in.[3]

## II.   THE DISTRICT OF COLUMBIA STATUTORY SCHEME FOR PROSTITUTION AND PANDERING VIOLATES CONSTITUTIONAL GUARANTEES

In two separate ways, the District of Columbia statutory scheme addressing the social issues of prostitution and pandering violate federal constitutional guarantees[4]. First, that statutory scheme

---

[3]   When the phrase "*whistling*" is substituted for "*prostitution*" in Chapter 27, the inanity of Chapter 27 is revealed: "Any person who, within the District of Columbia shall place or cause, induce, procure, or compel the placing of any individual in the charge or custody of any other person, or in a house of *whistling*, with intent that such individual shall engage in *whistling*, or who shall compel, induce, entice, or procure or attempt to compel, induce, entice, or procure any individual to reside with any other person for immoral purposes or for the purpose of *whistling*, or who shall compel, induce, entice, or procure or attempt to compel, induce, entice, or procure any such individual to reside or continue to reside in a house of *whistling*, or compel, induce, entice, or procure or attempt to compel, induce, entice, or procure such individual to engage in *whistling*, . . . shall be guilty of a felony and, upon conviction, shall be punished by imprisonment for not more than 5 years and by a fine of not more than $1,000." D.C. Code, § 22-2705: "Pandering; inducing or compelling an individual to engage in prostitution", paraphrased.

[4]   That scheme is found in the D.C. Code at Title 22. Criminal Offenses and Penalties, Subtitle I. Criminal Offenses. Chapter 27. Prostitution; Pandering.

is unconstitutionally vague. Second, the zone of privacy guarantee of the federal constitution prohibits criminalization of rights protected by the liberty under the Due Process clause.

    A.    D.C. CODE AT CHAPTER 27 "PROSTITUTION; PANDERING" IS UNCONSTITUTIONALLY VAGUE

Claimant contends that D.C. Code at Chapter 27 is unconstitutionally vague because it does not give fair notice of the conduct it prohibits. See *Papachristou v. City of Jacksonville*, 405 U.S. 156, 162 (1972) (criminal statute is void for vagueness if "it fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute.")(quoting *United States v. Harris*, 347 U.S. 612, 617 (1954).

The lynchpin of the District of Columbia's prostitution and pandering statutes is the definition of the term-of-art "prostitution". In the District of Columbia, prostitution "means the engaging, agreeing to engage, or offering to engage in sexual acts or contacts with another person in return for a fee." D.C. Code, §22-2701.01.

Thus the seminal question – and the sole basis for the claim of vagueness – is whether the phrase "sexual acts or contacts" satisfies constitutional standards of precision. Claimant maintains it does not. Chapter 27 employs the phrase "sexual acts or contacts" with the same level of imprecision that has marked other statutes struck down by the Supreme Court for vagueness. *See, e.g., Lanzetta v. New Jersey*, 306 U.S. 451, 458 (1939) (statute making it illegal to be a "gangster" employs terms "so vague, indefinite and uncertain" that it violates due process); *Smith v. Goguen*, 415 U.S. 566, 573 (1974)(criminal statute barring "treat[ing] contemptuously the flag of the United States" held void for vagueness).

Notably, "sexual acts or contacts" is not otherwise defined in D.C. Code §22-2701.01

"Definitions". Hence, reference must be had to the phrase's general understanding.[5] Thus, under the test required by *United States v. Harris*, 347 U.S. at 617 the phrase is vague if: "it fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute."

Thus what "sexual acts or contacts" is forbidden? Who can say with certainty? Following is a list of behavior which could or could not qualify under the questioned phrase. Who is to say which is prohibited and which is not?

   i.    Fellatio of a customer;
   ii.   Anal intercourse with the penis of a customer;
   iii.  Vaginal intercourse with the penis of a customer;
   iv.   Cunnilingus by a customer;
   v.    Insertion of any object in their anus by the customer;
   vi.   Insertion of any object in their vagina by a customer;
   v.    Handling or fondling the penis of a customer for the purposes of masturbation;
   vi.   Permitting the handling or fondling of her vagina by customer for the purposes of masturbation.
   vii.  Dance nude for a customer;
   viii. Permit the customer to be nude;
   ix.   Give a massage while escort and customer are nude provided there is no handling or fondling of the sexual organs of either parties.
   x.    Verbal role playing while nude;
   xi.   Masturbation while nude by either the escort or the customer;
   xii.  Solo and/or joint use of sexual toys. *Cf*: for example: www.adameve.com which advertises over 600 such sex toys.

Accordingly as Chapter 27 fails to fair notice of what "sexual acts or contacts" are criminal, it is void for vagueness and the forfeiture herein has <u>no</u> statutory foundation as there can be <u>no</u>

---

⁵ *Perrin v. United States*, 444 U.S. 37, 42-45 (1979) (looking to ordinary meaning of term at time of enactment to interpret criminal statute.)

violation of a law that is void for vagueness and therefore Claimant's seized assets are not illegitimately obtained.

### B.   CHAPTER 27 INVADES PROTECTED DUE PROCESS LIBERTY RIGHTS

Chapter 27 seeks to criminalize private sexual behavior of consenting adults and as such is unconstitutional. Statutes which attempt to criminalize sexual behavior for hire are now barred by the holding in *Lawrence v. Texas,* 539 U.S. 558 (2003) held that the "right to liberty under the Due Process Clause gives them the full right to engage in their conduct without intervention of the government. . . .It is a promise of the Constitution that there is a realm of personal liberty which the government may not enter. . . .The Texas statute furthers no legitimate state interest which can justify its intrusion into the personal and private life of the individual." *Id.* at 578.

Accordingly, under *Lawrence* the question as to whether indeed Chapter 27 serves a "legitimate state interest" or, contrariwise does Chapter 27 so demean consenting adults' "existence or control their destiny by making their private sexual conduct a crime" when two consenting adults agree to engage in sexual conduct with an explicit – rather than an implicit – exchange of value, and thus, is unconstitutional is squarely presented to the Court. *Id.* at 578.

### CONCLUSION

WHEREFORE, the First Amended Complaint is due to be dismissed for the reasons of the *res* (i) <u>not</u> being the proceeds of an illegitimate business, and (ii) the constitutional infirmities of Chapter 27's vagueness and invasion of liberty interests as aforesaid.

## CERTIFICATE OF SERVICE

      I hereby certify that a true and accurate copy of the served pursuant to LcvR 5.4(d) upon William R. Cowden, Assistant United States Attorney, Criminal Division, Asset Forfeiture Unit, 555 4th St., N.W., Room 4818, Washington, D.C. 20530 this November 28, 2006.

      **MONTGOMERY BLAIR SIBLEY**
CENTER FOR FORFEITURE LAW
50 West Montgomery Avenue, Suite B-4
Rockville, MD 20850-4216
Voice/Fax:   (202) 478-0371
E-mail:   mbsibley@civilforfeiture.com

By:   /s/ Montgomery Blair Sibley
      Montgomery Blair Sibley
      D.C. Bar #464488

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

        PLAINTIFF,

VS.

803 CAPITOL STREET VALLEJO, CALIFORNIA 94590 AND 1441 VAQUERO GLEN ESCONDIDO, CALIFORNIA 92026,

        DEFENDANTS.

_____/

CASE NO.:1:06-CV-01710-GK

CLAIMANT'S PROPOSED ORDER ON MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR FORFEITURE-IN-*REM*

      On the motion of Claimant for an Order on Motion to Dismiss First Amended Complaint for Forfeiture-in-Rem;

      IT IS ORDERED that the motion is Granted.

      DONE AND ORDERED in Chambers, Washington, D.C. this ____ day of _____, 2006.

                                   By: _____
                                          United States District Judge

Copies to:

Montgomery Blair Sibley
William R. Cowden