UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

        PLAINTIFF,

VS.

803 CAPITOL STREET VALLEJO, CALIFORNIA 94590 ET AL.,

        DEFENDANTS.
_____/

CASE NO.:1:06-CV-01710-GK

CLAIMANT'S MOTION TO SUPPRESS EVIDENCE

Claimant, Deborah Jeane Palfrey, by and through her undersigned counsel moves to suppress evidence and for grounds in support thereof states:

**I. SUMMARY OF ARGUMENT**

The government's case relies heavily upon evidence obtained in violation of constitutional and statutory protections against the government's invasion of the privacy of citizens. First, the "newsletters" seized from Claimant's residence were obtained pursuant to a judicial warrant the sufficiency of which the government is obfuscating by refusing to disclose the affidavit upon which the warrant was issued.

Second, significant financial information was obtained pre-seizure warrant by the government in violation of a specific statutory scheme.

Accordingly, such evidence must be suppressed from use in this matter.

**II. SUPPRESSION OF THE NEWSLETTERS**

In response to Claimant's motion to strike the original complaint in this matter, the

government has chosen to file a First Amended Complaint. That First Amended Complaint incorporates as part of its allegations "newsletters" which were seized from Claimant's residence pursuant to a judicial search warrant executed on October 3, 2006. (First Amended Complaint, ¶¶ 28-40).

That judicial warrant was issued upon an affidavit which the government has refused to disclose despite request by Claimant. Moreover, given the government-admitted and obvious deficiencies of the initial complaint in this matter, this Court must (i) direct immediate disclosure and discovery of the facts surrounding the issuance of the search warrant and (ii) hold a hearing to determine if indeed there was probable cause to issue the warrant.

Admittedly, under §983(c)(2) "the Government may use evidence gathered <u>after</u> the filing of a complaint for forfeiture to establish, by a preponderance of the evidence, that property is subject to forfeiture." However, just as clear "the government cannot start a forfeiture proceeding in bad faith with wild allegations based on the hope that something will turn up to justify its suit." *United States v. 4492 S. Livonia Road, Livonia*, 889 F.2d 1258, 1268 (2nd Cir. 1989). In distinguishing the result in *Livonia*, the court stated that "using the results of a search to validate a warrant that authorized it . . . cannot be done." *Id.* at 1268. Likewise, using the results of a warrant to justify the forfeiture of the *res* seized pursuant to that warrant "cannot be done".

Second, the Court in *One 1958 Plymouth Sedan v. Pennsylvania*, 380 U.S. 693 (1965) stated: "In sum, we conclude that the nature of a forfeiture proceeding, so well described by Mr. Justice Bradley in *Boyd*, and the reasons which led the Court to hold that the exclusionary rule of *Weeks v. United States, supra*, . . . support the conclusion that the exclusionary rule is applicable to forfeiture proceedings such as the one involved here."

As such, suppression of evidence is authorized and given the present factual picture of this case deserves a full evidentiary determination.

### III. SUPPRESSION OF FINANCIAL INFORMATION

Significant amount of financial information was obtained by the government from Claimant's banks – Charles Schwab and Wells Fargo – prior to the issuance of any seizure or search warrant in this matter.[1]

As that information was obtained prior to the issuance of seizure warrants on September 29, 2006, a violation of computer storage as defined in the Electronic Communications Privacy Act at 18 U.S.C. §2515 is at issue. That sections holds:

> Whenever any wire or oral communication has been intercepted, no part of the contents of such communication and **no evidence derived therefrom may be received in evidence in any trial, hearing, or other proceeding in or before any court**, grand jury, department, officer, agency, regulatory body, legislative committee, or other authority of the United States, a State, or a political subdivision thereof if the disclosure of that information would be in violation of this chapter. (Emphasis added).

Thus, this Court must permit expedited discovery of the facts surrounding the obtaining of Claimant's financial information prior to the issuance of any warrants and thereafter conduct an evidentiary hearing.

---

[1] "The information and statements contained in this affidavit are based upon my personal knowledge, discussions with other IRS-CI special agents and agents from the United States Postal Inspection Service ("USPS"), and **information from bank personnel familiar with the above-referenced accounts**." (Affidavit in Support of Applications for Seizure Warrants by Troy Burrus dated September 29, 2006. Emphasis added).

**IV.    CONCLUSION**

Accordingly, Claimant moves to suppress the evidence obtained from Claimant's (i) house and (ii) banks and request expedited disclosure and discovery and an evidentiary hearing on this motion.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the served pursuant to LcvR 5.4(d) upon William R. Cowden, Assistant United States Attorney, Criminal Division, Asset Forfeiture Unit, 555 4th St., N.W., Room 4818, Washington, D.C. 20530 this November 28, 2006.

        **MONTGOMERY BLAIR SIBLEY**
        CENTER FOR FORFEITURE LAW
        50 West Montgomery Avenue, Suite B-4
        Rockville, MD 20850-4216
        Voice/Fax:    (202) 478-0371
        E-mail:    mbsibley@civilforfeiture.com

        By:   /s/ Montgomery Blair Sibley
            Montgomery Blair Sibley
            D.C. Bar #464488

**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,

      PLAINTIFF,

VS.

803 CAPITOL STREET VALLEJO, CALIFORNIA 94590 AND 1441 VAQUERO GLEN ESCONDIDO, CALIFORNIA 92026,

      DEFENDANTS.

_____/

CASE NO.:1:06-CV-01710-GK

**CLAIMANT'S PROPOSED ORDER ON MOTION TO SUPPRESS**

On the motion of Claimant for an Order on Claimant's Motion to Suppress;

IT IS ORDERED that the motion is Granted. Plaintiff shall be prohibited from using any information obtain (i) from Claimant's residence and (ii) from Wells Fargo and Charles Schwab related to Claimant.

DONE AND ORDERED in Chambers, Washington, D.C. this ____ day of _____, 2006.

                                                   By: _____
                                                        United States District Judge

Copies to:

Montgomery Blair Sibley
William R. Cowden