UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) <br> ) <br> Plaintiff    ) <br> ) <br> v.    ) <br> ) <br> 803 CAPITOL STREET, VALLEJO    ) <br> CALIFORNIA 94590,    ) <br> ) <br> 1441 VAQUERO GLEN, ESCONDIDO    ) <br> CALIFORNIA 92026,    ) <br> ) <br> APPROXIMATELY $276,645.97 IN    ) <br> FUNDS FROM CHARLES SCHWAB    ) <br> INVESTMENT ACCOUNTS 6884-3181,    ) <br> 6884-3186 AND 6884-3192, AND    ) <br> $135,442.60 IN STOCKS MAINTAINED    ) <br> BY CHARLES SCHWAB, ALL HELD IN    ) <br> THE NAME OF DEBORAH J. PALFREY,    ) <br> ) <br> $11,396.35 IN FUNDS FROM WELLS    ) <br> FARGO ACCOUNTS 6952-139217    ) <br> AND 005-9211417, HELD IN THE    ) <br> NAME OF DEBORAH J. PALFREY,    ) <br> ) <br> AND    ) <br> ) <br> 413 GOLD KRUGERRANDS AND    ) <br> OTHER GOLD AND SILVER COINS,    ) <br> ) <br> Defendants.    ) <br> _____   ) | Civil No. 06-1710 (GK) <br> ECF |

**PLAINTIFF'S OPPOSITION TO PALFREY'S "MOTION TO DEEM
CLAIMANT'S MOTION FOR RETURN OF SEIZED PROPERTY
<u>AS CONCEDED BY PLAINTIFF</u>"**

Plaintiff, the United States of America, by its attorney, the United States Attorney for the

District of Columbia, respectfully files this Opposition to Palfrey's "Motion to Deem Claimant's

Motion for Return of Seized Property as Conceded by Plaintiff" (Palfrey's "Motion to

Concede"). Although Plaintiff's Opposition to the Motion to Concede that Palfrey filed yesterday is not technically due to be filed until December 18, 2006, this Opposition requires only a bit more thought than Palfrey apparently gave before she filed a Motion to Concede four days before an opposition was due.

In her Motion to Concede, Palfrey notes that her motion for return of property was filed on November 24, 2006. She also acknowledges that Local Rule 7(b) requires that oppositions to motions be filed "[w]ithin 11 days of the date of service or at such other time as the Court may direct[.]" What apparently confuses Palfrey is how deadlines are calculated in cases where filed pleadings are not personally served.

Under Rule 5 of the Federal Rules of Civil Procedure, service of a pleading may be effected in one of four ways:

    (A)    by personal service (see Rule 5(b)(2)(A));

    (B)    by mail (see Rule 5(b)(2)(B));

    (C)    by leaving a copy with the court clerk, if the person to be served has no known address (see Rule 5(b)(2)(C)); and

    (D)    by delivering a copy by any other means, including electronic means (see Rule 5(b)(2)(D)).

Just in case a litigant had any question as to which prong service through this (or another) Court's Electronic Case Filing ("ECF") system fell, Rule 5(b)(2)(D) of the Federal Rules of Civil Procedure explains that "[i]f authorized by local rule, a party may make service under this subparagraph (D) through the court's transmission systems." In this case, Palfrey served her Motion for Return of Property through this Court's ECF system, or pursuant to subparagraph (D) of Rule 5(b)(2).

As this Court knows, the manner by which a party is served with a motion affects when that party's response is due. Rule 6 of the Federal Rules of Civil Procedure addresses how litigants are to compute deadlines, or count days for, among other things, purposes of filing timely pleadings. Rule 6(e) allows a party that is required to respond to a pleading to add three days to any time period prescribed for a response if that party is served in any prescribed manner other than personal service – in other words, if served in accordance with either Rule 5(b)(2)(B), or (C), or (D). Thus, Plaintiff's Opposition to Palfrey's Motion for Return of Property, which Palfrey's counsel served under prong (D) of Rule 5, is due fourteen days after it was filed (i.e., three days added to the eleven days permitted under the Local Rule), or sometime before midnight on December 8, 2006. Palfrey Motion to Concede came four days premature.

That is, *at least* four days premature. Ironically, it may be the case that no response to the November 24th Motion for Return of Seized Property is required because Palfrey filed her Motion for Return of Property before she had standing to litigate on behalf of the defendant funds. In her Motion for Return of Seized Property, Palfrey requested her relief, as required, under 18 U.S.C. § 983(f). See, e.g., United States v. Douleh, 220 F.R.D. 391, 396 (W.D.N.Y. 2003) (section 983(f) is the exclusive remedy for seeking release of property to avoid a hardship; Rule 41(g) motion dismissed). But relief under section 983(f) is, by the terms of the statute limits relief to "a claimant." Likewise, courts recognize that a verified claim is a prerequisite to a litigant having standing to oppose a civil forfeiture. See, e.g., United States v. $125,934.62, 370 F.3d 1325, 1328 (11th Cir. 2004) (a verified claim is essential to conferring statutory standing and is necessary to deter the filing of false claims; the claim must be verified by the claimant, not by counsel); United States v. Commodity Account No. 54954930 at Saul Stone & Co., 219 F.3d

595, 597-598 (7th Cir. 2000) (verified claim forces the claimant to place himself at risk of perjury for false claims; failure to verify the claim results in dismissal for lack of statutory standing). Plaintiff sued the defendant funds in the First Amended Complaint if filed on November 22, 2006 and Palfrey only filed her Amended Verified Claim on December 4, 2006. Consistent with forfeiture standing analysis, this Court could strike the November 24th Motion for Return of Property, or deem it properly filed only after Palfrey filed a verified claim to the funds at issue in December.

Nevertheless, to avoid having to address another motion to concede that might be filed at 12:01 a.m. on Saturday, December 9, Plaintiff intends to respond to Palfrey's Motion for Return of Seized Property by, or before, 12:00 a.m. on Saturday, December 9.

## **CONCLUSION**

For the foregoing reasons, the United States respectfully submits that Palfrey's Motion to Concede should be DENIED.

                                                                          Respectfully submitted,

                                                                          _/s/_____
                                                                          JEFFREY A. TAYLOR, DC Bar #498610
                                                                          United States Attorney

                                                                          _/s/_____
                                                                          WILLIAM R. COWDEN, DC Bar # 426301
                                                                          Assistant United States Attorney
                                                                          U.S. Attorney's Office, Criminal Division
                                                                          555 Fourth Street, N.W.
                                                                          Washington, DC 20530
                                                                          (202) 307-0258

## **CERTIFICATE OF SERVICE**

I certify that I caused the foregoing Opposition to be served upon counsel of record via the Court's ECF system, on this 6th day of December, 2006.

           /s/_____
WILLIAM R. COWDEN, DC Bar #426301
Assistant United States Attorney
555 4th St., N.W.
Washington, DC  20530
202-307-0258

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| v. ) | |
| ) | |
| **803 CAPITOL STREET, VALLEJO** ) | Civil No. 06-1710 (GK) |
| **CALIFORNIA 94590,** ) | ECF |
| ) | |
| **1441 VAQUERO GLEN, ESCONDIDO** ) | |
| **CALIFORNIA 92026,** ) | |
| ) | |
| **APPROXIMATELY $276,645.97 IN** ) | |
| **FUNDS FROM CHARLES SCHWAB** ) | |
| **INVESTMENT ACCOUNTS 6884-3181,** ) | |
| **6884-3186 AND 6884-3192, AND** ) | |
| **$135,442.60 IN STOCKS MAINTAINED** ) | |
| **BY CHARLES SCHWAB, ALL HELD IN** ) | |
| **THE NAME OF DEBORAH J. PALFREY,** ) | |
| ) | |
| **$11,396.35 IN FUNDS FROM WELLS** ) | |
| **FARGO ACCOUNTS 6952-139217** ) | |
| **AND 005-9211417, HELD IN THE** ) | |
| **NAME OF DEBORAH J. PALFREY,** ) | |
| ) | |
| **AND** ) | |
| ) | |
| **413 GOLD KRUGERRANDS AND** ) | |
| **OTHER GOLD AND SILVER COINS,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**O R D E R**

Upon consideration of the Motion to Deem Claimant's Motion for Return of Seized Property as Conceded by Plaintiff and the Opposition thereto, it is this _____ day of

_____, 2006

HEREBY Ordered that the Motion to Deem Claimant's Motion for Return of Seized Property as Conceded by Plaintiff is DENIED.

_____
GLADYS KESSLER
United States District Judge