UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

    PLAINTIFF,

vs.

803 CAPITOL STREET VALLEJO, CALIFORNIA 94590 ET AL.,

    DEFENDANTS.
_____/

CASE NO.:1:06-CV-01710-GK

CLAIMANT'S RESPONSE TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO CLAIMANT'S MOTION TO DEEM CLAIMANT'S MOTION FOR RETURN OF SEIZED PROPERTY AS CONCEDED BY PLAINTIFF

Claimant, Deborah Jeane Palfrey, by and through her undersigned counsel files this, her Response to Plaintiff's Memorandum in Opposition to Claimant's Motion to Deem Claimant's Motion for Return of Seized Property as Conceded By Plaintiff and states:

Federal Rules of Civil Procedure, Rule 83 "Rules by District Courts; Judge's Directives" states in pertinent part: "(a) LOCAL RULES. (1) Each district court, acting by a majority of its district judges, may, after giving appropriate public notice and an opportunity for comment, make and amend rules governing its practice."

Here, by Local Civil Rule 7(b), this District has "amend[ed] the rules governing its practice" by expressly shortening the time for "filing" memorandums in opposition to motions. [1] Thus, notwithstanding the general Federal Rule 6(e)'s three day extension generally available in

---

[1] "Within 11 days of the date of service or at such other time as the Court may direct, an opposing party shall **serve** and **file** a memorandum of points and authorities in opposition to the motion. **If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded**."

computing time, by Local Rule this District Court has changed that time frame requiring the "filing" to be within eleven (11) days.

As such, Plaintiff's failure to respond by December 5, 2006, is untimely and this Court, though obviously abhorring a default, should not exercise its discretion to benefit the government in this matter.

WHEREFORE, Claimant respectfully requests that this Court (i) deem that Plaintiff has conceded that the seized property be "immediately" released to Claimant by failing to timely respond to Claimant's motion for return of property and (ii) order the immediate return of Claimant's seized property to her.

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the served pursuant to LcvR 5.4(d) upon William R. Cowden, Assistant United States Attorney, Criminal Division, Asset Forfeiture Unit, 555 4th St., N.W., Room 4818, Washington, D.C. 20530 this December 7, 2006.

**MONTGOMERY BLAIR SIBLEY**
CENTER FOR FORFEITURE LAW
50 West Montgomery Avenue, Suite B-4
Rockville, MD 20850-4216
Voice/Fax:    (202) 478-0371
E-mail:       mbsibley@civilforfeiture.com


By:   /s/ Montgomery Blair Sibley
      Montgomery Blair Sibley
      D.C. Bar #464488