UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> 803 CAPITOL STREET, VALLEJO ) <br> CALIFORNIA 94590, ) <br> ) <br> 1441 VAQUERO GLEN, ESCONDIDO ) <br> CALIFORNIA 92026, ) <br> ) <br> APPROXIMATELY $276,645.97 IN ) <br> FUNDS FROM CHARLES SCHWAB ) <br> INVESTMENT ACCOUNTS 6884-3181, ) <br> 6884-3186 AND 6884-3192, AND ) <br> $135,442.60 IN STOCKS MAINTAINED ) <br> BY CHARLES SCHWAB, ALL HELD IN ) <br> THE NAME OF DEBORAH J. PALFREY, ) <br> ) <br> $11,396.35 IN FUNDS FROM WELLS ) <br> FARGO ACCOUNTS 6952-139217 ) <br> AND 005-9211417, HELD IN THE ) <br> NAME OF DEBORAH J. PALFREY, ) <br> ) <br> AND ) <br> ) <br> 413 GOLD KRUGERRANDS AND ) <br> OTHER GOLD AND SILVER COINS, ) <br> ) <br> Defendants. ) <br> _____ ) | Civil No. 06-1710 (GK) <br> ECF |

**PLAINTIFF'S OPPOSITION TO PALFREY'S**
**MOTION FOR RELEASE OF SEIZED PROPERTY**

Plaintiff, the United States of America, by its attorney, the United States Attorney for the District of Columbia, respectfully opposes the Amended Motion to Return Seized Property and/or to Require a *Brady* Disclosure ("Section 983(f) Motion") filed by Deborah Jeane Palfrey.

Palfrey seeks return of "property consist[ing] of '(1) all funds or other things of value that are contained in Wells Fargo Bank Accounts xxx-xx9217 and xxxxxx1417, held in the name of Deborah Jeane Palfrey; and (2) all funds or other things of value that are contained in Charles Schwab Investment accounts xxxx-3181, xxxx-3186, and xxxx-3192, held in the name of Deborah Jean Palfrey.'" Section 983(f) Motion at 1, ¶ 2. According to Palfrey, the amount, "*in toto*[,] is approximately Five Hundred Thousand Dollars ($500,000)." (As to the remaining defendant properties, Palfrey does not appear to seek release of the real properties that have been sued, but not seized, and Palfrey's Section 983(f) Motion makes no mention of the precious metal coins Plaintiff named in the First Amended Complaint. In any event, for these purposes, pretrial treatment of the seized coins and account funds is the same.)

      Palfrey requests her relief, as she must, under 18 U.S.C. § 983(f). See, e.g., United States v. Douleh, 220 F.R.D. 391, 396 (W.D.N.Y. 2003) (in civil forfeiture proceedings, section 983(f) is the exclusive remedy for seeking release of property to avoid a hardship; Rule 41(g) motion dismissed). But relief under section 983(f) is, by the terms of the statute, limited to cases where pretrial release of seized property subject to civil forfeiture is necessary to prevent substantial hardship, and then, only where "a claimant" seeking release establishes that the substantial hardship outweighs the risk that the property will not be available for forfeiture. See e.g., United States v. Undetermined Amount of U.S. Currency, 376 F.3d 260 (4th Cir. 2004) (under section 983(f)(1)(D), court must make three findings: (1) the risk that the property will not be available; (2) the hardship to the claimant; and (3) whether the hardship outweighs the risk).

      When Palfrey filed her motion, she was not a "claimant" because she had not filed a verified claim to the funds as was needed to secure statutory standing to litigate on behalf of the

defendant funds. Subsequently, Palfrey did submit a claim to the defendant properties identified in the First Amended Complaint. She has not, however, filed any Answer to the First Amended Complaint.[1]

---

[1] Cases discussing the requirement that a person file a verified claim before seeking to challenge a civil forfeiture proceeding include: United States v. 35 Firearms, 123 Fed. Appx. 204, 207 (6th Cir. 2005) ("Verification forces the claimant to place himself at risk of perjury for a false claim. Therefore, the Government's insistence on a verified claim is not . . . form over substance."); United States v. $125,934.62, 370 F.3d 1325, 1328 (11th Cir. 2004) (a verified claim is essential to conferring statutory standing and is necessary to deter the filing of false claims; the claim must be verified by the claimant, not by counsel); United States v. $23,000, 356 F.3d 157, 163 (1st Cir. 2004) (affirming default judgment against claimant who filed an answer to the complaint, but not a verified claim; the filing of a verified claim, as required by Rule C(6), is not merely a procedural requirement; it forces claimants to assert an ownership interest under oath, creating a deterrent against filing false claims); United States v. Commodity Account No. 54954930 at Saul Stone & Co., 219 F.3d 595, 597-598 (7th Cir. 2000) (verification forces the claimant to place himself at risk of perjury for false claims; failure to verify the claim results in dismissal for lack of statutory standing); Mercado v. U.S. Customs Service, 873 F.2d 641, 644 (2d Cir. 1989) (claim verified "to the best of [the claimant's attorney's] knowledge, information and belief" did not satisfy the verification requirement of Rule C(6)).

Cases that discuss as a second prong of statutory standing, the timely filing of an Answer, include: United States v. Aero Jet Commander Aircraft, 2005 WL 2000670, at *2 (S.D. Tex. 2005) (granting Government's motion to strike claim of lienholder that filed claim but no answer; claimant who fails to comply with Rule C(6) lacks statutory standing); United States v. $345,510.00 in U.S. Currency, 2002 WL 22040, at *3 (D. Minn. 2002) (failure to file answer results in entry of default judgment even though claimant filed "statement of interest"); United States v. $88,260.00 in U.S. Currency, 925 F. Supp. 838, 839 (D.D.C. 1996) (granting motion to strike answer because putative claimant chose to file motion to dismiss complaint instead of filing a verified claim); United States v. One Parcel of Real Property at Route 2, 46 F. Supp.2d 572, 581, 583 (S.D. Miss. 1998) (claimant who filed claim but no answer and second claimant who filed answer but unverified claim both lack statutory standing; courts enforce pleading requirements strictly) (citing cases).

Finally, courts have divided on whether Rule 12(a)(4) applies in forfeiture cases – whether claimants may delay filing answers until courts rule on motions to dismiss complaints. Compare United States v. $8,221,877.16 in U.S. Currency, 330 F.3d 141, 157 (3d Cir. 2003) (filing of a motion to dismiss the forfeiture complaint tolls the period for filing an answer and for responding to interrogatories under Rule C(6)); United States v. $38,870.00 in U.S. Currency, No. 7:99-CV-47-(HL) (M.D. Ga. Sept. 24, 1999) (failure to file answer results in entry of default judgment; Rule 12(a)(4) does not apply in forfeiture cases). On December 1, 2006, after this

In any event, regardless of whether Palfrey's statutory standing remains to be perfected, Palfrey's Section 983(f) Motion is a non-starter: the dissipation risk versus hardship balancing test that Congress permits courts to employ when assessing the propriety of releasing, pre-trial, property seized for civil forfeiture does not even come into play in this case. In this case, Palfrey seeks release of *seized funds or money* and, under Section 983(f)(8), no pretrial release of currency (or other monetary instruments or electronic funds) is permitted: "unless such currency, or other monetary instrument, or electronic funds constitutes *the assets of a legitimate business which has been seized*." 18 U.S.C. § 983(f)(8) (emphasis added). Congress prohibited the pretrial release of funds except in cases where a legitimate business that was seized could demonstrate that it needed the funds to continue its legitimate operations. Where a business is seized, oversight is inherent, and allowing legitimate business operations to continue posed little risk that, at the end of a forfeiture case, forfeitable funds could not be recouped. But, legitimate or not, Palfrey's self-styled "escort service business" was never seized. Nor is its continued profitable operation at issue. Palfrey closed her self-styled "escort service" earlier this year.

Finally, even were a balancing test to apply, the few arguments Palfrey offers in her Section 983(f) Motion that are on point fall far short of meeting her threshold showing that her hardship outweighs risks of seized funds being dissipated pending trial. Palfrey says she wants the funds precisely so that she can dissipate them.

---

case was filed, new Supplemental Rule G went into effect. Supplemental Rule G replaced the procedures in Supplemental Rules C and E that had governed civil forfeiture proceedings for decades. Rule G(5) provides that if a claimant files a motion to dismiss a complaint, the time for filing an Answer is tolled until the motion is resolved.

1. **Section 983(f)(8) Expressly Precludes The Relief Palfrey Requests.**

By law, Palfrey has no basis for requesting that the seized funds at issue in this case be returned to her prior to their adjudication. Congress, recognizing that currency, other monetary instruments and electronic funds were the type of property most likely to be dissipated upon return, prohibited the pretrial release of such property – except in those cases where a legitimate business was seized (and even then, only where the legitimate business establishes that its hardship, i.e., its ability to continue its legitimate operations, outweighs the risk of dissipation or loss of the funds seized). See 18 U.S.C. § 983(f)(1)(E) (indicating that a claimant is not entitled to release of seized property if any of the conditions in paragraph (8) apples) and 18 U.S.C. § 983(f)(8) (indicating that subsection (f) does not apply to contraband and most currency or other monetary instruments). See also United States v. Contents of Account 4000393242, No. C-1-01-729 (S.D. Ohio Mar. 13, 2002) (attached as Exhibit 1) (under section 983(f)(8), claimant may not seek release of funds seized from bank account unless he establishes that they were funds from a legitimate business that was seized; the reference is to *the seizure of the business*, not to the seizure of the funds); United States v. All Funds Seized From or on Deposit in SunTrust Account Number xxxxxxxx8359, et al., (D.D.C., Civil Action 05-2497 (RMC), Order dated March17, 2006) (attached as Exhibit 2) ("The Court reads the phrase 'which has been seized' to modify the immediately preceding noun, 'business,' and notes that [claimant] does not suggest an alternative reading short of ignoring the phrase 'which has been seized' altogether."); United States v. $1,231,349.68 in Funds, 227 F. Supp.2d 125, 129 (D.D.C. 2002) (recognizing that claimants must prove legitimacy of business and denying pretrial release of seized cash).

In this case, the Government seized funds from accounts in Palfrey's name, but it did not

seize any property from a business account. Moreover, the Government did not seize the so-called escort business itself. Section 983(f)(8) excepts seized contraband and most seized funds from the potential for immediate release and, because no business was seized, any effort on Palfrey's part to fit within the narrow, potential carve-out for funds that a *legitimate* business needs is irrelevant. Palfrey's "escort service" was not seized – indeed, as the Amended Verified Complaint indicates, Palfrey stopped operating her self-styled escort service in August 2006. Section 983(f)(8) expressly bars the release of the funds that Palfrey requests.

    **2.    Not Only Did Congress Recognize That Funds Will Be Unavailable For Forfeiture If Released, Palfrey Confirms An Intent To Use Them.**

As discussed above, in drafting Section 983(f), Congress recognized that cash (and similarly fungible property) was almost never likely to be available for forfeiture if released pretrial and, therefore, it precluded the release of cash in almost all civil forfeiture cases. See 18 U.S.C. § 983(f)(8). Courts have acknowledged the same. See e.g., $1,231,349.68 in Funds, 227 F. Supp.2d at 128-129 (denying pretrial release of seized cash because the likelihood that it would be unavailable for trial is "almost assured"; granting petition for release of family car to avoid hardship where claimant with possessory interest has strong community ties). In this case, as discussed above, a statutory prohibition bars the relief Palfrey requests – release of approximately $500,000 in funds.

But, even if there was no blanket prohibition against releasing such liquid assets, except in cases where such a release was necessary to keep a legitimate business from closing, Palfrey's Section 983(f) Motion should be denied because, in her affidavit, Palfrey concedes that a significant risk exists that any seized funds released to her will be unavailable for forfeiture. On

the one hand, says Palfrey, she needs the funds to pursue a supposed "day-trading" business. See Section 983(f) Motion, Palfrey Affidavit, at 1, ¶ 4. In other words, Palfrey says she wants the funds so she can place daily bets on the movement of stocks. Alternatively, says Palfrey, she intends to spend the funds she seeks to have released to support herself. Id. Under either scenario, no alleged hardship outweighs near certainty that the defendant *res* at issue, seized funds, will be dissipated, either through speculative day trading or by satisfying creditors. Indeed, given Palfrey's sworn admissions, the statue, and the case law, that Palfrey's counsel could have concluded that he had a good faith basis for filing this Section 983(f) Motion is inconceivable.

      **3.**    **Palfrey Cites No Authority Supporting Her Request That The Government Provide Brady Evidence To A Putative *Civil Litigant*, Let Alone Pre-Answer.**

Palfrey cites no authority, nor are we aware of any, extending a criminal prosecutors' Brady v. Maryland[2] obligation to civil cases. Once Palfrey files a verified claim and answers the Amended Complaint, statutory standing attaches and civil discovery as contemplated by the Federal Rules of Civil Procedure apply. Civil discovery is broader than criminal discovery so, presumably, at the appropriate time, Palfrey can formulate civil discovery requests calling for production of any Brady material that Palfrey surmises exists – the same information she seeks to obtain, improperly, at this stage, by filing another ill-conceived and unsupported, pre-answer motion.

---

[2] 373 U.S. 83 (1963).

## CONCLUSION

For the foregoing reasons, the United States respectfully submits that Palfrey's Amended Motion to Return Seized Property and to Require A Brady Disclosure should be DENIED.

Respectfully submitted,

_/s/_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney

_/s/_____
WILLIAM R. COWDEN, DC Bar # 426301
Assistant United States Attorney
United States Attorney's Office
555 Fourth Street, N.W.,
Washington, DC 20530
(202) 307-0258

## CERTIFICATE OF SERVICE

I certify that I caused the foregoing Opposition to be served upon counsel of record via the Court's ECF system, on this 8th day of December, 2006.

/s/_____
WILLIAM R. COWDEN, DC Bar #426301
Assistant United States Attorney
555 4th St., N.W.
Washington, DC  20530
202-307-0258

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  )<br>  )<br> **Plaintiff,**  )<br>  )<br> v.  )<br>  )<br> **803 CAPITOL STREET, VALLEJO**  )<br> **CALIFORNIA 94590,**  )<br>  )<br> **1441 VAQUERO GLEN, ESCONDIDO**  )<br> **CALIFORNIA 92026,**  )<br>  )<br> **APPROXIMATELY $276,645.97 IN**  )<br> **FUNDS FROM CHARLES SCHWAB**  )<br> **INVESTMENT ACCOUNTS6884-3181,**  )<br> **6884-3186 AND 6884-3192, AND**  )<br> **$135,442.60 IN STOCKS MAINTAINED**  )<br> **BY CHARLES SCHWAB, ALL HELD IN**  )<br> **THE NAME OF DEBORAH J. PALFREY,**  )<br>  )<br> **$11,396.35 IN FUNDS FROM WELLS**  )<br> **FARGO ACCOUNTS 6952-139217**  )<br> **AND 005-9211417, HELD IN THE**  )<br> **NAME OF DEBORAH J. PALFREY,**  )<br>  )<br>     **AND**  )<br>  )<br> **413 GOLD KRUGERRANDS AND**  )<br> **OTHER GOLD AND SILVER COINS,**  )<br>  )<br>    **Defendants.**  )<br>_____ ) | Civil No. 06-1710 (GK)<br>ECF |

**O R D E R**

Upon consideration of the Amended Motion to Return Seized Property and/or to Require a *Brady* Disclosure, the Opposition thereto, and the entire record herein, it is this _____ day of

_____, 2006

HEREBY Ordered that claimant's Amended Motion to Return Seized Property and/or to Require a *Brady* Disclosure is DENIED.

_____
GLADYS KESSLER
United States District Judge

FILED
KENNETH J. MURPHY

02 MAR 13 AM 10: 28

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America | : | |
| | : | Case No. C-1-01-729 |
| Plaintiff | : | |
| | : | District Judge Susan J. Dlott |
| v. | : | |
| | : | ORDER DENYING |
| Contents of Account No. 4000393243 | : | CLAIMANTS' MOTION |
| et al. | : | |
| | : | |
| Defendants | : | |

4819

CMTC

This matter comes before the Court on the Motion by Claimants on Behalf of Defendant Three, to Adopt and Incorporate Unity Wholesale Grocery, Inc.'s and Tareq Shalash's Motion for Release of Seized Property and Proposed Findings of Fact. (Doc. #22.) The Court allows the movants to adopt and incorporate the arguments of the earlier motion, but such arguments, applied to the instant facts, cannot earn the relief requested. Therefore, as explained more fully below, the Court **DENIES** Claimants' Motion.

This is an in rem forfeiture action brought by the United States against four bank accounts. The government alleges that these accounts are forfeitable because they are connected to transactions involving stolen goods. The Court issued a warrant of arrest in rem on October 25, 2001. (Doc. #2.) United Trading Company, Anas Shalash, and Ziyad Shalash (together "Claimants") are claimants in this action.

38

Claimants seek return of seized property[1] pursuant to 18 U.S.C. § 983(f), which governs "Release of seized property." That section provides:

> (1) A claimant under subsection (a) is entitled to immediate release of seized property if–
>     (A) the claimant has a possessory interest in the property;
>     (B) the claimant has sufficient ties to the community to provide assurance that the property will be available at the time of the trial;
>     (C) the continued possession by the Government pending the final disposition of forfeiture proceedings will cause substantial hardship to the claimant, such as preventing the functioning of a business, preventing an individual from working, or leaving an individual homeless;
>     (D) the claimant's likely hardship from the continued possession by the Government of the seized property outweighs the risk that the seized property will be destroyed, damaged, lost, concealed, or transferred if it is returned to the claimant during the pendency of the proceeding; and
>     (E) none of the conditions set forth in paragraph (8) applies.

Id. Paragraph (8) instructs, "This subsection shall not apply if the seized property–(A) is contraband, currency, or other monetary instrument, or electronic funds unless such currency or other monetary instrument or electronic funds constitutes the assets of a legitimate business which has been seized." 18 U.S.C. § 983(f)(8).

Here, the seized property is currency or other monetary instruments. Thus, § 983(f) does not apply "unless such currency or other monetary instrument or electronic funds constitutes the assets of a legitimate business which has been seized." In this exception, *a legitimate business* is singular, *assets* is plural, and *has been seized* is singular; therefore, *has been seized* grammatically must refer to *a legitimate business*, not *assets*. Here, the government has not sought to seize any business, legitimate or otherwise. The Defendants are all bank accounts. By its plain language, then, § 983(f) is inapplicable.

---

[1] The government argues that neither Ziyad Shalash nor Anas Shalash has standing to seek the release of the third Defendant, since that account was not in their names. The Court need not address this argument because the instant motion fails on the merits.

2

One might construe Claimants' Motion as arguing that although the government has not formally seized United Trading Company, it has constructively done so. The Court need not address whether constructive seizure is sufficient to invoke the exception in § 983(f)(8), however, because Claimants have not provided evidence of the sort of facts that would amount to constructive seizure. Claimants have not demonstrated, for example, that the government has taken all of the real property of United Trading Company, nor have they demonstrated even that the government has seized all of the currency owned by United Trading Company. Instead, they have submitted evidence that the government has seized money that United Trading Company otherwise would use to pay outstanding obligations, and that such seizure works a very substantial hardship on United Trading Company's business operations. (Ziyad Shalash Aff. at 2.) But this showing necessarily must fail to demonstrate that a business has been seized under § 983(f)(8) because a contrary conclusion would render extraneous § 983(f)(1)(C)'s required showing of "substantial hardship . . . such as preventing the functioning of a business."[2]

---

[2] Claimants also argue that what has been seized is disproportionate to the illegal conduct alleged. 18 U.S.C. § 983(g)(1) provides, "The claimant under subsection (a)(4) may petition the court to determine whether the forfeiture was constitutionally excessive." The government argues that this section is inapplicable to the instant Motion because *was* is in the past tense. More to the point, § 983(g)(1) refers to the proportionality of a forfeiture. No forfeiture has occurred yet in this case, just a seizure. Thus, § 983(g)(1) is inapplicable by its terms to the instant Motion, and Claimants seemed to concede this point at a January 4, 2002 hearing on the Motion. Nevertheless, Claimants urge that a court must be able to consider the proportionality of a pre-forfeiture seizure. Proportionality may well be a relevant consideration under § 983(f), perhaps as part of the balancing test of § 983(f)(1)(D), but the Court need not decide the question because Claimants cannot satisfy § 983(f)(1)(E).

For the foregoing reasons, the Court hereby **DENIES** the Motion by Claimants on Behalf of Defendant Three, to Adopt and Incorporate Unity Wholesale Grocery, Inc.'s and Tareq Shalash's Motion for Release of Seized Property and Proposed Findings of Fact. (Doc. #22.)

IT IS SO ORDERED.

_____
Susan J. Dlott
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Civil Action No. 05-2497 (RMC) |
| ALL FUNDS SEIZED FROM OR ON DEPOSIT IN SUNTRUST ACCOUNT NUMBER xxxxxxxx8359, IN THE NAME OF GOLD AND SILVER RESERVE, INC., AND ALL FUNDS ON DEPOSIT IN REGIONS BANK ACCOUNT NUMBER xxxxxx4851, IN THE NAME OF GOLD AND SILVER RESERVE, INC., | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendant. | ) ) | |

**ORDER**

Before the Court are Defendant Gold & Silver Reserve Inc.'s ("GSR") Motion for Judgment on the Pleadings or, in the alternative, for Summary Judgment [Dkt. #15] and Motion for the Release of Seized Property pursuant to 18 U.S.C. § 983(f) [Dkt. #11]. Because the parties are familiar with the background facts, the Court refers to them only as necessary for its decision.

The Court will deny GSR's Motion for Judgment on the Pleadings. On a motion for judgment on the pleadings, "a defendant may not succeed . . . if there are allegations in the complaint which, if proved, would provide a basis for recovery." *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (D.C. Cir. 1987). Further, "the plaintiff enjoys the benefit of all inferences that plausibly can be drawn from well-pleaded allegations of the complaint." *Id.* Here, even under its preferred construction of the statutory scheme, about which the Court expresses no opinion, GSR faces

exposure under 18 U.S.C. § 1960, and is thus susceptible to a civil forfeiture action under 18 U.S.C. § 981, if it is required to file reports under 31 U.S.C. § 5313. Whether GSR is required to file reports under 31 U.S.C. § 5313 is a question that is heavily fact dependent. However, at this stage of the litigation, the record — while replete with argument — is nearly devoid of facts. In its Answer, moreover, GSR has for the most part denied the allegations in the Complaint "for lack of knowledge or information sufficient to form a belief as to the[ir] truth." Answer ¶¶ 6-8, 13, 15, 22-28. Giving the benefit of all plausible inferences to the Government, as the Court must, this motion will be denied. *See Haynesworth*, 820 F.2d at 1254.

The Court will likewise deny without prejudice GSR's Motion for Summary Judgment. "Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, admissions, and affidavits filed pursuant to discovery show that, first, 'there is no genuine issue as to any material fact' and, second, 'the moving party is entitled to a judgment as a matter of law.'" *Holcomb v. Powell*, 433 F.3d 889, 895 (D.C. Cir. 2006) (quoting Fed. R. Civ. P. 56(c)); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, the Court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in its favor. *Holcomb*, 433 F.3d at 895. As discussed above, disputed issues of material fact preclude summary judgment here. *See id.* In addition, Local Civil Rule 7(h) provides that a "motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement." LCvR 7(h). No such statement accompanies GSR's motion. This motion will also be denied.

Finally, the Court will deny GSR's Motion for the Release of Seized Property pursuant to 18 U.S.C. § 983(f). As an initial matter, GSR cannot avail itself of the protections of § 983(f) because it has not established that the seized "currency . . . constitutes the assets of a legitimate *business which has been seized*." 18 U.S.C. § 983(f)(8)(A) (emphasis added). The Court reads the phrase "which has been seized" to modify the immediately preceding noun, "business," and notes that GSR does not suggest an alternative reading short of ignoring the phrase "which has been seized" altogether. There being no dispute that some of GSR's funds, but not its business, have been seized, the Court finds that § 983(f) provides GSR no relief. *See id.*

In the alternative, the Court finds that GSR's "likely hardship" from the Government's continued possession of the seized funds does *not* outweigh the risk that the funds will be "transferred" if returned to GSR's control. *See* 18 U.S.C. § 983(f)(1)(D). In its legal memoranda to the Court, GSR has repeatedly asserted that the arrest of the subject funds has halted transactions with its clients, and that release would allow those transactions to proceed. *See, e.g.*, Def.'s MJOP/MSJ Reply at 4 ("If a client chooses to sell e-gold, that client 'clicks' e-gold over to [GSR] and receives a wire in exchange. The money currently under arrest in this case is . . . to be used to complete these exchange operations."); Def.'s § 983(f) Mot. at 2 (stating that GSR's "business continues to hemorrhage" as a consequence of its inability to "touch, move or otherwise affect any of the contents of those bank accounts"); Def.'s § 983(f) Mot. at 3 (arguing that the funds should be released because their seizure has made GSR "unable to complete the wire transactions that allow its business to operate"). Given these assertions, GSR cannot plausibly argue that the seized funds, if released, are not likely to be "transferred." GSR's contention that any "dissipation" caused by transfer of the seized money would be offset by an increase in GSR's e-gold reserve — and,

3

correspondingly, that the "value of the funds" in the arrested accounts, if not the actual dollars themselves, will remain available for forfeiture in the event of trial — is not persuasive. *See* Def.'s § 983(f) Reply at 11. This motion will also be denied.

Accordingly, based upon the parties' motions, the oppositions and replies thereto, the arguments presented at a motions hearing in open court on March 16, 2006, and the entire record of this case, it is hereby

**ORDERED** that Defendant Gold & Silver Reserve Inc.'s Motion for Judgment on the Pleadings or, in the alternative, for Summary Judgment [Dkt. #15] is **DENIED**; and it is

**FURTHER ORDERED** that Defendant Gold & Silver Reserve Inc.'s Motion for the Release of Seized Property pursuant to 18 U.S.C. § 983(f) [Dkt. #11] is **DENIED**; and it is

**FURTHER ORDERED** that this matter shall promptly be set for an Initial Scheduling Conference, via telephone, at a date and time to be selected by the Deputy Clerk. The parties are further advised that the Court remains willing to treat this matter, insofar as is practicable, on an expedited basis.

**SO ORDERED**.

Date: March 17, 2006                                /s/
                                              ROSEMARY M. COLLYER
                                              United States District Judge