UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

        PLAINTIFF,

vs.

803 CAPITOL STREET VALLEJO, CALIFORNIA 94590 ET AL.,

        DEFENDANTS.
_____/

CASE NO.:1:06-CV-01710-GK

CLAIMANT'S RESPONSE TO PLAINTIFF'S OPPOSITION TO CLAIMANT'S MOTION TO RETURN OF SEIZED PROPERTY

Claimant, Deborah Jeane Palfrey, by and through her undersigned counsel files this, her Response to Plaintiff's Opposition to Claimant's Motion to Return of Seized Property and states:

**I. CLAIMANT'S LEGITIMATE BUSINESS IS DAY TRADING**

The government improperly attempts to focus the Court's attention on the proposition that the "legitimate business" was the escort service that Claimant closed in August 2006. This proposition mis-states Claimant's position.[1]

Claimant maintains that the "assets of a legitimate business" was her day trading activity which <u>no</u> allegation of the government has implied was anything but legitimate. (Claimant's Affidavit in Support of Motion to Return Property, ¶4).

Congress has required the determination of this motion be made by this Court by **December 24, 2006**. Hence the issue is whether the assets of Claimant seized "constitute the assets of a

---

[1] "But, legitimate or not, Palfrey's self-styled "escort service business" was never seized. Nor is its continued profitable operation at issue. Palfrey closed her self-styled "escort service" earlier this year." (Plaintiff's Opposition to Palfrey's Motion for Release of Seized Property, p. 4)

-1-

legitimate business which has been seized". Here, the government does not claim otherwise.

As such, by her affidavit the Claimant has discharged her burden under 18 U.S.C. §983(f)(8) which the government has <u>not</u> refuted by a single admissible fact. Instead, the government maintains that without any direct proof, it can seize assets and hold them indefinitely. Congress by enacting §983(f)(8) expressly prohibited this very behavior and required of the government more admissible evidence for such a draconian exercise of state power. Here, the government has failed in that burden and the seized property must be returned to the Claimant.

## II.    CLAIMANT'S *BRADY* DEMAND

Rather than addressing the cogent and well-cited of Claimant to impress upon the government in the civil forfeiture context the same obligations that *Brady v. Maryland* impressed in the criminal context, the government *ex cathedra* simply states: "Palfrey cites no authority, nor are we aware of any, extending a criminal prosecutors' *Brady v. Maryland* obligation to civil cases." (Plaintiff's Opposition to Palfrey's Motion for Release of Seized Property, p. 7)

Plainly, prior to *Brady* there was no such extension of that obligation in the criminal context. That did not prohibit it being raised and ultimately determined by the Supreme Court in *Brady*.

Here, the government is impliedly claiming that it can possess exculpatory evidence – which Claimant maintains that it has – but refuse to disclose it and force Claimant to litigate a potentially meritless suit in order to utilize its overreaching ability to force a compromise or abandonment of her claim by Claimant.

Such a posture should cause this Court more than a momentary pause of revulsion for such heavy-handed government tactics.

Accordingly, for the reasons raised in Claimant's motion to return property, this Court should

extend *Brady* to civil forfeiture matters and direct that the government disclose "evidence favorable to [Claimant] where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."

WHEREFORE, Claimant respectfully requests that this Court (i) order the immediate return of Claimant's seized property or, alternatively, (ii) direct the government to make available those items seized from Claimant on October 3, 2006, for inspection and photocopying.

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the served pursuant to LcvR 5.4(d) upon William R. Cowden, Assistant United States Attorney, Criminal Division, Asset Forfeiture Unit, 555 4th St., N.W., Room 4818, Washington, D.C. 20530 this December 13, 2006.

**MONTGOMERY BLAIR SIBLEY**
CENTER FOR FORFEITURE LAW
50 West Montgomery Avenue, Suite B-4
Rockville, MD 20850-4216
Voice/Fax:    (202) 478-0371
E-mail:         mbsibley@civilforfeiture.com


By:   /s/ Montgomery Blair Sibley
        Montgomery Blair Sibley
        D.C. Bar #464488