UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| 803 CAPITOL STREET, VALLEJO ) | Civil No. 06-1710 (GK) |
| CALIFORNIA 94590, ) | ECF |
| ) | |
| 1441 VAQUERO GLEN, ESCONDIDO ) | |
| CALIFORNIA 92026, ) | |
| ) | |
| APPROXIMATELY $276,645.97 IN ) | |
| FUNDS FROM CHARLES SCHWAB ) | |
| INVESTMENT ACCOUNTS6884-3181, ) | |
| 6884-3186 AND 6884-3192, AND ) | |
| $135,442.60 IN STOCKS MAINTAINED ) | |
| BY CHARLES SCHWAB, ALL HELD IN ) | |
| THE NAME OF DEBORAH J. PALFREY, ) | |
| ) | |
| $11,396.35 IN FUNDS FROM WELLS ) | |
| FARGO ACCOUNTS 6952-139217 ) | |
| AND 005-9211417, HELD IN THE ) | |
| NAME OF DEBORAH J. PALFREY, ) | |
| ) | |
| AND ) | |
| ) | |
| 413 GOLD KRUGERRANDS AND ) | |
| OTHER GOLD AND SILVER COINS, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S OPPOSITION TO CLAIMANT'S
MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Plaintiff, the United States of America, by its attorney, the United States Attorney for the District of Columbia, respectfully opposes claimant's "Motion to Dismiss First Amended Complaint for Forfeiture In Rem" ("Motion to Dismiss").

Claimant does not deny that the escorts she hired engaged in sexual intercourse and oral sex with customers, for money. Nor does claimant deny that the defendant properties are in fact traceable to proceeds of enterprise she operated as a business.[1] Instead, claimant asserts that "Prostitution is not a crime in the District of Columbia, hence facilitation and conspiracy to commit prostitution are not crimes." Motion to Dismiss at 1. But solicitation, pandering and procuring for purposes of prostitution are crimes here.

As we understand it, claimant's argument appears to be based largely on a misreading of United States v. Jones, 909 F.2d 533 (D.C. Cir. 1990), a case that, like this case, involved a prostitution business operating under the guise of an escort service in the Washington, D.C. metropolitan area, holds that prostitution is legal. Jones did not hold, as claimant would apparently have it be interpreted, that prostitution-based Travel Act violations could not be prosecuted in Washington, D.C. Rather, Jones held that a jury must be instructed to find that a State's anti-prostitution laws were violated before they can use the State statutes as part of the predicate for their finding of a Federal Travel Act violation.

In Jones, the D.C. Circuit criticized an incomplete jury instruction that absolved the jury of its obligation to find the elements necessary to make out a State-law violation. The D.C. Circuit explained:

> The trial court did read the Virginia, Maryland and District of
> Columbia prostitution related statutes to the jury, but it did not
> delve any further into the elements of those offenses, as it would
> have if the appellants had been charged directly under them. On

---

[1] Discovery may be used to establish a factual basis for forfeiture, or even an alternative legal basis should additional facts establish as much. A forfeiture complaint cannot be dismissed on the ground that the Government did not have adequate evidence when the complaint was filed to establish forfeitability of the property. See 18 U.S.C. 984(a)(3)(D).

the contrary, the court instructed the jury

> The state law and the District of Columbia law in this case are only definitional. These laws simply define the type of unlawful activity which is prohibited. The Government is not required to prove that the state or federal law was actually violated, although you may find that it was.

Jones, 909 F.2d at 538.  The D.C. Circuit recognized that the trial court's instruction implied that the jury could convict defendants of a Federal offense that incorporated a State offense (in Jones a Section 1952 Travel Act violation), even if the jury had not actually concluded that the State offense had been committed.  According to the D.C. Circuit:

> the Government was in effect relieved of the duty to prove beyond a reasonable doubt one or more of the facts necessary to constitute an offense under the Travel Act [18 U.S.C. 1952]. . . . The issue, elided by the instructions to the jury, of what, precisely, constitutes unlawful prostitution in each relevant jurisdiction is central to the appellants' guilt or innocence.  The District of Columbia, for example, prohibits solicitation and pimping, D.C. Code Ann. §§ 22-2701, 22-1707, but does not criminalize prostitution itself.  In view of the invitation given to the jury to convict the appellants even if the Government failed to prove that a state law was "actually violated," or that the appellants attempted or intended to bring about a violation of state law, we simply cannot conclude beyond a reasonable doubt that the jury would have found the appellants guilty had it been properly instructed.

Id.  After criticizing the jury instruction, Jones recognized, in dicta, that D.C. chose to police prostitution by enacting prohibitions against solicitation and pimping, rather than by enacting a difficult-to-police prohibition against sex acts with prostitutes.  Requiring the overt act to be actual sexual activity, as opposed to solicitation for such activity, might prove difficult to police.  For example, undercover law enforcement officers would be required to establish that sexual activity with prostitutes had, in fact, occurred.  Nonetheless, in Jones the court recognized that

D.C. does prohibit enticing and inviting for purposes of prostitution. See 22 D.C. Code, Section 2701. Pandering and procuring are also prohibited under the District's Criminal Code. See 22 D.C. Code, Sections 2705, 2707. Of particular relevance here, Jones did not hold that the prostitution statutes enacted by the District of Columbia could not form the basis for a Travel Act offense.

In Paragraph 11of the First Amended Complaint for Forfeiture *In Rem*, the Government alleges that:

> The interstate prostitution business that Palfrey operated violated federal law and District of Columbia laws, including 18 U.S.C. §§ 1952 (Racketeering) and 371 (Conspiracy), and D.C. Code §§ 22-2705 (Pandering; Inducing or Compelling an Individual to Engage in Prostitution), and 22-2707 (Procuring; Receiving money or Other Valuable Thing for Arranging Assignation) and 1805(a) (Conspiracy). Commission of the conduct proscribed by these statutes constitutes a felony.

As Jones recognizes, Title 18, United States Code, Section 1952 permits incorporation of State law prohibitions into the Federal prohibition on one's interstate travel or use of interstate facilities with intent either: (1) to distribute the proceeds of "unlawful activity" or (2) to promote or facilitate the carrying on of "unlawful activity." Unlawful activity includes "any business enterprise involving . . . prostitution offenses in violation of the laws of the State in which they are committed or of the United States[.]" Although the listed D.C. prostitution offenses are felonies, Section 1952 does not even mandate that the prostitution offenses be classified as felonies under a State's law.[2] The First Amended Complaint alleges that Palfrey's interstate

---

[2] Without an apparent legal basis, claimant would have this Court graft onto 18 U.S.C. § 1952 the "felony" requirement contained in 18 U.S.C. § 1956's definition of proceeds. See Claimant's Motion to Dismiss at 3. In any case, pandering and procuring constitute felonies in D.C.

-4-

business enterprise violated Federal and State laws and it lists the Federal violations (and some of the State law violations) that subject the defendant properties to civil forfeiture. Claimant's opening salvo, that the Amended Complaint should be dismissed because a prostitute's (or a John's) commission of the sex act for money is not separately prohibited, apart from the prohibition against either party's solicitation, is nonsense.[3] Claimant's assertion that the First Amended Complaint should be dismissed because business enterprise operated lawfully in this area, under existing statutes, is baseless.

In apparent recognition of the fact that the District of Columbia does have an existing statutory scheme that expressly outlaws solicitation and pandering for prostitution (which offenses qualify as "prostitution offenses" under State law for purposes of Title 18, United States Code, Section 1952, as alleged in the First Amended Complaint), claimant next attacks the D.C. prostitution offenses as unconstitutional. Palfrey says, they "violate[] constitutional guarantees as [they are] impermissibly vague and invade[] protected liberty interests." Motion to Dismiss at 1.

---

[3] Claimant argument that an attempt to do that which is not a crime cannot be criminal might be interesting had she been charged with an attempt to commit an act that the legislature had not criminalized. That is not the case here – the property is not alleged to have been derived from an attempt to commit prostitution, but rather from a Federal offense that incorporates, among other statutes, D.C.'s prohibition against pandering and procuring for purposes of prostitution. It is, after all, the reason prostitutes paid Palfrey.

Pandering and procuring may be more akin to "directing," prostitutes than to "assisting" them; it is, however, clear that legislatures can prohibit individuals from assisting in acts that would not be criminal for those assisted. See, e.g., Washington v. Glucksberg, 521 U.S. 702 (1997) (upholding Washington's assisted suicide prohibition; neither suicide, nor attempted suicide need be illegal). Possibly amusing, but certainly not convincing, is claimant's concluding effort to establish "the inanity of Chapter 27" of the D.C. Code by substituting "whistling" where "prostitution" is written.

Although claimant is not the first person to make these arguments, from her motion one would think she were. Claimant fails to cite, let alone address, any of the numerous decisions that are directly adverse to her unsupported constitutional attack on prohibiting certain prostitution activities. For example, claimant fails to cite Blyther v. United States, 577 A.2d 1154 (D.C. 1990). In Blyther, the D.C. Court of Appeals held that there was no constitutional right to privacy. Nor does claimant cite Muse v. United States, 522 A.2d 888 (D.C. 1987). In Muse, the D.C. Court of Appeals held that 22 D.C. Code, Section 2701's prohibition against inviting or enticing any person to engage in prostitution was not unconstitutionally vague. Claimant missed Ford v. United States, 498 A.2d 1135, 1140 (D.C. 1985), too. In Ford, the D.C. Court of Appeals upheld 22 D.C. Code, Section 2701 against several challenges, including another void for vagueness challenge. Citing to Supreme Court authority, the court noted, in Ford, that "a party 'to whose conduct a statute clearly applies is not entitled to attack it in the ground that its language might be less likely to give fair warning in some other situation not before the court.'" Id. at 1139.

Claimant also forgot Wood v. United States, 498 A.2d 1140 (D.C. 1985), and Eissa v. United States, 485 A.2d 610 (D.C. 1984). In Wood, the D.C. Court of Appeals held that there was no First Amendment right to solicit for prostitution. In Eissa, the court ruled that D.C.'s prohibition against solicitation for purposes of prostitution was not so facially unconstitutional that judge should have known it without defense challenge at trial. In Lutz v. United States, 434 A.2d 442 (D.C. 1981), the same court held that the right to privacy does not encompass right to solicit for prostitution, and in United States v. Kenyon, 354 A.2d 861 (D.C. 1976) the court decided that it was not cruel and unusual to arrest for solicitation a transsexual when nobody

complained of prostitution and policeman was untruthful in saying he was interested.

These cited cases are just a few of the many that have rejected litigants' efforts to render anti-prostitution statutes inherently unconstitutional. Indeed, each case cited above cites to other supporting case law. The cases expose claimant's constitutional attack as neither novel, nor valid.

## CONCLUSION

For the foregoing reasons, the United States respectfully submits that claimant's Motion to Dismiss the First Amended Complaint should be DENIED.

Respectfully submitted,

\_/s/_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney

\_/s/_____
WILLIAM R. COWDEN, DC Bar # 426301
Assistant United States Attorney
United States Attorney's Office
555 Fourth Street, N.W.
Washington, DC 20530
(202) 307-0258

## CERTIFICATE OF SERVICE

I certify that I caused the foregoing Opposition to be served upon counsel of record via the Court's ECF system, on this 13th day of December 2006.

\_/s/_____
WILLIAM R. COWDEN, DC Bar #426301
Assistant United States Attorney

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | |
| **803 CAPITOL STREET, VALLEJO** ) | Civil No. 06-1710 (GK) |
| **CALIFORNIA 94590,** ) | ECF |
| ) | |
| **1441 VAQUERO GLEN, ESCONDIDO** ) | |
| **CALIFORNIA 92026,** ) | |
| ) | |
| **APPROXIMATELY $276,645.97 IN** ) | |
| **FUNDS FROM CHARLES SCHWAB** ) | |
| **INVESTMENT ACCOUNTS 6884-3181,** ) | |
| **6884-3186 AND 6884-3192, AND** ) | |
| **$135,442.60 IN STOCKS MAINTAINED** ) | |
| **BY CHARLES SCHWAB, ALL HELD IN** ) | |
| **THE NAME OF DEBORAH J. PALFREY,** ) | |
| ) | |
| **$11,396.35 IN FUNDS FROM WELLS** ) | |
| **FARGO ACCOUNTS 6952-139217** ) | |
| **AND 005-9211417, HELD IN THE** ) | |
| **NAME OF DEBORAH J. PALFREY,** ) | |
| ) | |
| **AND** ) | |
| ) | |
| **413 GOLD KRUGERRANDS AND** ) | |
| **OTHER GOLD AND SILVER COINS,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**O R D E R**

Upon consideration of the Motion to Dismiss, the Opposition thereto, and the entire record herein, it is this _____ day of _____, 2006

HEREBY Ordered that claimant's Motion to Dismiss the First Amended Complaint for Forfeiture *In Rem* is DENIED.

_____
GLADYS KESSLER
United States District Judge