UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> 803 CAPITOL STREET, VALLEJO ) <br> CALIFORNIA 94590, ) <br> ) <br> 1441 VAQUERO GLEN, ESCONDIDO ) <br> CALIFORNIA 92026, ) <br> ) <br> APPROXIMATELY $276,645.97 IN ) <br> FUNDS FROM CHARLES SCHWAB ) <br> INVESTMENT ACCOUNTS6884-3181, ) <br> 6884-3186 AND 6884-3192, AND ) <br> $135,442.60 IN STOCKS MAINTAINED ) <br> BY CHARLES SCHWAB, ALL HELD IN ) <br> THE NAME OF DEBORAH J. PALFREY, ) <br> ) <br> $11,396.35 IN FUNDS FROM WELLS ) <br> FARGO ACCOUNTS 6952-139217 ) <br> AND 005-9211417, HELD IN THE ) <br> NAME OF DEBORAH J. PALFREY, ) <br> ) <br> AND ) <br> ) <br> 413 GOLD KRUGERRANDS AND ) <br> OTHER GOLD AND SILVER COINS, ) <br> ) <br> Defendants. ) | Civil No. 06-1710 (GK) <br> ECF |

**PLAINTIFF'S OPPOSITION TO CLAIMANT'S
<u>MOTION TO SUPPRESS</u>**

Plaintiff, the United States of America, by its attorney, the United States Attorney for the

District of Columbia, respectfully opposes claimant's Motion to Suppress Evidence.

Not counting her premature Motion to Concede and her now-moot Motion to Dismiss the

(initial) Complaint, claimant has filed four pre-Answer motions thus far.  First, she filed a motion seeking return of cash under 18 U.S.C. § 983, despite a statutory prohibition against the release of funds except to a *legitimate business* that can establish both:  (1) the existence of a substantial hardship that outweighs the risk of dissipation; and (2) that *the legitimate business, itself, has been seized* (not just some of its assets).  Next, she filed a motion to compel a pre-Answer Rule 26(f) conference, despite Rule 26(f)'s express inapplicability to this case.  Then, she filed a Motion to Dismiss the First Amended Complaint that mis-cites the only remotely applicable case discussed therein and ignores the directly contradictory controlling authority.  Finally, claimant filed a Motion to Suppress:  (1) newsletters taken from her home, even while acknowledging that they were taken during execution of a judicially authorized search warrant; and (2) evidence that she speculates might both exist, and have been obtained from intercepted telephone conversations.

Palfrey's fourth swing produces another foul.

**1.  Newsletters**

We understand her argument to be that newsletters recovered by officers during their search of her home should be suppressed because she does not have a copy of affidavit in support of the search warrant.  But, as is characteristic of each of the other pre-mature motions she has filed, Palfrey offers no authority in support of her apparent proposition that her failure to have been provided with the affidavit in support of a search warrant invalidates a law enforcement officer's search made pursuant to a validly issued judicial search warrant.

**2.  Wiretaps**

Claimant also maintains that unspecified financial information should be suppressed

because, she speculates, such information was obtained in violation of the "Electronic Communications Privacy Act at 18 U.S.C. §2515[.]" Claimant's Motion at 3. But, once again, Claimant offers no factual support for the apparent conclusion she wants this Court to draw: that the Government intercepted wire or oral communications by means of an unauthorized wiretap and then, apparently, used that information to identify her criminal proceeds. Unless claimant has a good-faith factual basis for asserting that an illegal wiretap of telephone calls with financial institution personnel occurred, claimant's counsel has no basis for asking this Court to apply 18 U.S.C. 2515 in order to suppress evidence supposedly gleaned from an illegal wiretap. See Fed. R. Civ. P. 11(b).

It may be that claimant's motion to suppress, although incomprehensible here, made sense in some other case in which her counsel appeared. It makes no sense now; except to harass or delay, it certainly has no effect on the progress of this case. Courts may suppress evidence, but not criminal proceeds themselves such that forfeiture cases are barred. See, e.g., United States v. Daccarett, 6 F.3d 37, 46 (2d Cir. 1993) ("even when the initial seizure is found to be illegal, the seized property may still be forfeited," although some evidence may be suppressed).

In each instance, claimant offers no basis in law or fact for either of her suppression requests, and even appears to acknowledge, in concluding her motion, that she should know some facts before this Court might want to "conduct an evidentiary hearing." See Claimant's Motion at 3. After speculating that the Government might have used an illegal wiretap to discover that Palfrey was directing a ring of prostitutes, claimant ends by acknowledging that she does not know what the facts are or will show. Apparently, claimant recognizes that there is no precedent for filing a "Motion to Remind the Court that a Party Anticipates That It May Request

a Post-Discovery Suppression Hearing." Thus, claimant castes her reminder as a "Motion to Suppress."

## CONCLUSION

For the foregoing reasons, the United States respectfully submits that claimant's Motion to Suppress should be DENIED.

Respectfully submitted,

\_/s/_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney

\_/s/_____
WILLIAM R. COWDEN, DC Bar # 426301
Assistant United States Attorney
United States Attorney's Office
555 Fourth Street, N.W.
Washington, DC 20530
(202) 307-0258

## CERTIFICATE OF SERVICE

I certify that I caused the foregoing Opposition to be served upon counsel of record via the Court's ECF system, on this 13th day of December 2006.

/s/
WILLIAM R. COWDEN, DC Bar #426301
Assistant United States Attorney
555 4th St., N.W.
Washington, DC  20530
202-307-0258

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | |
| **803 CAPITOL STREET, VALLEJO** ) | Civil No. 06-1710 (GK) |
| **CALIFORNIA 94590,** ) | ECF |
| ) | |
| **1441 VAQUERO GLEN, ESCONDIDO** ) | |
| **CALIFORNIA 92026,** ) | |
| ) | |
| **APPROXIMATELY $276,645.97 IN** ) | |
| **FUNDS FROM CHARLES SCHWAB** ) | |
| **INVESTMENT ACCOUNTS6884-3181,** ) | |
| **6884-3186 AND 6884-3192, AND** ) | |
| **$135,442.60 IN STOCKS MAINTAINED** ) | |
| **BY CHARLES SCHWAB, ALL HELD IN** ) | |
| **THE NAME OF DEBORAH J. PALFREY,** ) | |
| ) | |
| **$11,396.35 IN FUNDS FROM WELLS** ) | |
| **FARGO ACCOUNTS 6952-139217** ) | |
| **AND 005-9211417, HELD IN THE** ) | |
| **NAME OF DEBORAH J. PALFREY,** ) | |
| ) | |
| **AND** ) | |
| ) | |
| **413 GOLD KRUGERRANDS AND** ) | |
| **OTHER GOLD AND SILVER COINS,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**O R D E R**

Upon consideration of the Motion to Suppress, the Opposition thereto, and the entire record herein, it is this _____ day of _____, 2006

HEREBY Ordered that claimant's Motion to Suppress is DENIED.

_____
GLADYS KESSLER
United States District Judge