UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

                PLAINTIFF,

VS.

803 CAPITOL STREET VALLEJO, CALIFORNIA
94590 ET AL.,

                DEFENDANTS.
_____/

CASE NO.:1:06-CV-01710-GK

CLAIMANT'S REPLY TO PLAINTIFF'S
OPPOSITION TO CLAIMANT'S MOTION TO
SUPPRESS EVIDENCE

Claimant, Deborah Jeane Palfrey, by and through her undersigned counsel Replies to

Plaintiff's Opposition to Claimant's Motion to Suppress evidence and states:

I.    ARGUMENT

Claimant is <u>not</u> seeking to suppress evidence "because she does not have a copy of affidavit

in support of search warrant." (Opposition , p. 2).  Instead, once again, Claimant is seeking a copy

of that affidavit in advance of such a hearing.  Notably, Plaintiff has steadfastly refused to produce

the affidavit.

Second, Claimant most certainly presented this Court with a good faith basis for alleging

violations of the Electronic Communications Privacy Act.  In the Motion to Suppress, Claimant

stated: "financial information was obtained by the government from Claimant's banks – Charles

Schwab and Wells Fargo – prior to the issuance of any seizure or search  warrant in this matter.[1]

---

[1]    "The information and statements contained in this affidavit are based upon my personal
knowledge, discussions with other IRS-CI special agents and agents from the United States Postal
Inspection Service ("USPS"), and **information from bank personnel familiar with the
above-referenced accounts**." (Affidavit in Support of Applications for Seizure Warrants by Troy

Clearly, upon such a valid allegation, Plaintiff is bound to come forward with the legal processes it relied upon to obtain the "information from bank personnel familiar" Claimant's accounts. This – again notably – Plaintiff has refused to do.

Instead, ignoring the plain language of 18 U.S.C. §2515[2], Plaintiff simply asks this Court to continue this proceeding without having to explain how it accessed statutorily protected information <u>prior</u> to the issuance of the necessary legal process. Section 2515 prohibits this and if granted, would mandate the dismissal of this action.

As such, Plaintiff most certainly has a basis in both fact and law to request a suppression hearing in this matter.

Accordingly, Claimant moves to suppress the evidence obtained from Claimant's (i) house and (ii) banks and requests expedited disclosure and discovery and an evidentiary hearing on this motion.

---

Burrus dated September 29, 2006. Emphasis added).

[2]    "Whenever any wire or oral communication has been intercepted, no part of the contents of such communication and **no evidence derived therefrom may be received in evidence in any trial, hearing, or other proceeding in or before any court**, grand jury, department, officer, agency, regulatory body, legislative committee, or other authority of the United States, a State, or a political subdivision thereof if the disclosure of that information would be in violation of this chapter." (Emphasis added).

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the served pursuant to LcvR 5.4(d) upon William R. Cowden, Assistant United States Attorney, Criminal Division, Asset Forfeiture Unit, 555 4th St., N.W., Room 4818, Washington, D.C. 20530 this December 18, 2006.

MONTGOMERY BLAIR SIBLEY
CENTER FOR FORFEITURE LAW
50 West Montgomery Avenue, Suite B-4
Rockville,  MD 20850-4216
Voice/Fax:     (202) 478-0371
E-mail:          mbsibley@civilforfeiture.com

By:   /s/ Montgomery Blair Sibley
        Montgomery Blair Sibley
        D.C. Bar #464488