UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

    PLAINTIFF,

vs.

803 CAPITOL STREET VALLEJO, CALIFORNIA 94590 AND 1441 VAQUERO GLEN ESCONDIDO, CALIFORNIA 92026,

    DEFENDANTS.

_____/

CASE NO.:1:06-CV-01710-GK

CLAIMANT'S REPLY TO PLAINTIFF'S OPPOSITION TO CLAIMANT'S MOTION TO COMPEL PLAINTIFF TO CONFER FOR THE PURPOSE OF PREPARING A JOINT SCHEDULING REPORT

Claimant, Deborah Jeane Palfrey, by and through her undersigned counsel, Replies to Plaintiff's Opposition to Claimant's Motion to Compel Plaintiff to Confer For the Purpose of Preparing a Joint Scheduling Report and states:

Neither this Court nor counsel for Plaintiff may ignore the express mandate of Federal Rules of Civil Procedure, Rule 16(b), which requires that this Court issue a scheduling order "as soon as practicable but in any event within 90 days after the appearance of a defendant and within 120 days after the complaint has been served on a defendant." As noted, this Court must issue its scheduling order by **January 20, 2007.**

Local Civil Rule 16.3 mandates that counsel consult 21 days before January 20, 2007, or **December 30, 2006.**

Additionally, notwithstanding the amendment to Rule 26(a)(1) exempting civil forfeiture from initial disclosures (and Plaintiff's attempted *ex post facto* use of the new rule), no such amendment was made to Rule 16, hence the pre-trial conference is still mandated in civil forfeiture

proceedings.

Last, completely omitted in the Plaintiff's response is any explanation for the cavalier and unprofessional cancelling of the pre-trial meeting in this matter that had been set for November 27, 2006. This Court should take notice of such conduct and not condone it by failing to sanction Plaintiff.

WHEREFORE, Claimant respectfully requests that this Court order (i) Plaintiff to promptly confer with Claimant to discharge the obligations under LCvR 16.3 so that this Court may discharge its mandatory obligations under Rule 16(b) and this matter may proceed as contemplated by the local and Federal civil practice rules and (ii) appropriately sanction Plaintiff for its patent violation of Federal Rules of Civil Procedure, Rule 1[1] and its bad faith behavior in this matter.

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the served pursuant to LcvR 5.4(d) upon William R. Cowden, Assistant United States Attorney, Criminal Division, Asset Forfeiture Unit, 555 4th St., N.W., Room 4818, Washington, D.C. 20530 this December 18, 2006.

**MONTGOMERY BLAIR SIBLEY**
CENTER FOR FORFEITURE LAW
50 West Montgomery Avenue, Suite B-4
Rockville, MD 20850-4216
Voice/Fax:    (202) 478-0371
E-mail:    mbsibley@civilforfeiture.com

By:  /s/ Montgomery Blair Sibley
    Montgomery Blair Sibley
    D.C. Bar #464488

---

[1] "These rules govern the procedure in the United States district courts in all suits of a civil nature whether cognizable as cases at law or in equity or in admiralty, with the exceptions stated in Rule 81. **They shall be construed and administered to secure the just, speedy, and inexpensive determination of every action**.." (Emphasis added).