**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,

   PLAINTIFF,

vs.

803 CAPITOL STREET VALLEJO, CALIFORNIA
94590 *ET AL.*,

   DEFENDANTS.
_____/

CASE NO.:1:06-CV-01710-GK

**CLAIMANT'S SUPPLEMENT TO THE MOTION FOR RETURN OF PROPERTY AND MOTION TO EXPEDITE AND RE-SET THE JANUARY 17, 2007, HEARING**

  Claimant, Deborah Jeane Palfrey, supplements her motion for the return of her property as a result of the failure of the Court to rule upon Claimant's Motion for Return of Seized Property, and moves to expedite and re-set the hearing set for January 17, 2007, and for grounds in support states:

**I.  THE CONSEQUENCE OF THIS COURT'S FAILURE TO RULE MUST BE THE RETURN OF THE SEIZED PROPERTY**

  This Court has failed to meet a Congressionally-imposed deadline for determining Claimant's motion to return property pursuant to 18 U.S.C. §983(f).[1]  Here, given that the date of filing of Claimant's §983(f) motion was November 24, 2006,  the 30 day deadline was December 24, 2006, Notably, the Court did not extended that deadline for "good cause".

  Admittedly, §983 provides no explicit remedy to a claimant when a court fails to comply with §983(f).  Thus, referral to decisional law is appropriate. In *Brock v. Pierce County*, 476 U.S. 253 (1986). the Court  stated: "We would be most reluctant to conclude that every failure of an agency

---

[1] "Release Of Seized Property" (5)  The court shall render a decision on a petition filed under paragraph (3) not later than 30 days after the date of the filing, unless such 30-day limitation is extended by consent of the parties or by the court for good cause shown."

to observe a procedural requirement voids subsequent agency action, especially when important public rights are at stake. When, as here, there are less drastic remedies available for failure to meet a statutory deadline, courts should not assume that Congress intended the agency to lose its power to act." (Footnote omitted.)

Here, just as the federal agency in *Brock*, this Court has failed to "observe a procedural requirement". Unlike in *Brock*, there are not "less drastic remedies" which would insure that the courts do not consider the express Congressional mandate to "render a decision" within 30 days an "aspiration" rather than a "mandate". Accordingly, §983(f)(5) implies its own remedy in this situation – return of the seized property. Otherwise, §983(f)(5) is a toothless expression by Congress – a *non sequitur*. "When Congress acts to amend a statute, we presume it intends its amendment to have real and substantial effect." *Stone v. INS*, 514 U.S. 386, 397 (1995). Here what other "real and substantial effect" could the 30 day requirement have if this Court is free to ignore it without consequence? Simply put, "quis custodiet ipsos custodes?"

Accordingly, respect for Congress by this Court mandates that the failure to meet the §983(f)(5) deadline requires granting of the Claimant's motion for return of her property.

**II.    EXPEDITE HEARING**

Claimant asks that this Court re-set and expedite the hearing presently set for January 17, 2007.

First, Claimant's counsel – a sole practitioner – has already been ordered to appear on that date in Miami, Florida for an un-related federal court hearing. A copy of that prior-in-time order is attached hereto. Moreover, undersigned counsel has several hearings, multi-party deposition and professional meetings which have been previously set in South Florida during the time frame of

January 10 - January 25, and as such he – and his opposing counsel in those matters – would be significantly inconvenienced if he had to cancel those appointments and travel to the District of Columbia for this hearing during that time frame.

Additionally, rather than hold the hearing after undersigned counsel's return from Miami, given the lapse in this Court's determination of the motion to return property, Claimant respectfully requests that this Court expedite the hearing and re-set it for any time prior to January 10, 2007.

Counsel for Plaintiff was contacted to seek his position on this motion but he is unavailable to reply as he is out of the office until December 29, 2006.

### III. CONCLUSION

WHEREFORE, Claimant requests that this Court return the seized property and to re-set and expedite the hearing in this matter.

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the served pursuant to LcvR 5.4(d) upon William R. Cowden, Assistant United States Attorney, Criminal Division, Asset Forfeiture Unit, 555 4th St., N.W., Room 4818, Washington, D.C. 20530 this December 27, 2006.

> **MONTGOMERY BLAIR SIBLEY**
> CENTER FOR FORFEITURE LAW
> 50 West Montgomery Avenue, Suite B-4
> Rockville, MD 20850-4216
> Voice/Fax:   (202) 478-0371
> E-mail:      mbsibley@civilforfeiture.com
>
>
> By: __/s/ Montgomery Blair Sibley__
>       Montgomery Blair Sibley
>       D.C. Bar #464488

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-80479-CIV-ZLOCH/SNOW

MERRY MORRIS,

       Petitioner,

v.

ART WROBLE, solely in his
capacity as Judge of the
Circuit Court of the 15th
Judicial Circuit in and for
Palm Beach County, Florida,

       Respondent.
_____/

## O R D E R

THIS CAUSE is before the Court on the petitioner's Motion to Re-Set Oral Argument (DE 21), which was referred to United States Magistrate Judge, Lurana S. Snow. Being fully advised, it is hereby

ORDERED AND ADJUDGED that motion is GRANTED. Oral argument on the petitioner's Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, will be re-scheduled for January 17, 2007 @ 2:00 p.m.

DONE AND ORDERED at Fort Lauderdale, Florida, this 18th day of December, 2006.

                                              LURANA S. SNOW
                                              UNITED STATES MAGISTRATE JUDGE

Copies to:

Montgomery Sibley, Esq. (P)
AAG Charles Fahlbusch (FTL)