UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>803 CAPITOL STREET, VALLEJO )<br>CALIFORNIA 94590, )<br>)<br>1441 VAQUERO GLEN, ESCONDIDO )<br>CALIFORNIA 92026, )<br>)<br>APPROXIMATELY $276,645.97 IN )<br>FUNDS FROM CHARLES SCHWAB )<br>INVESTMENT ACCOUNTS 6884-3181, )<br>6884-3186 AND 6884-3192, AND )<br>$135,442.60 IN STOCKS MAINTAINED )<br>BY CHARLES SCHWAB, ALL HELD IN )<br>THE NAME OF DEBORAH J. PALFREY, )<br>)<br>$11,396.35 IN FUNDS FROM WELLS )<br>FARGO ACCOUNTS 6952-139217 )<br>AND 005-9211417, HELD IN THE )<br>NAME OF DEBORAH J. PALFREY, )<br>)<br>AND )<br>)<br>413 GOLD KRUGERRANDS AND )<br>OTHER GOLD AND SILVER COINS, )<br>)<br>Defendants. )<br>_____ ) | Civil No. 06-1710 (GK)<br>ECF |

**STATEMENT OF RESULTS OF RULE 16.3 CONFERENCE**

Pursuant to this Court's December 19, 2006 Order Setting Initial Scheduling Conference, and in accordance with LCvR 16.3, counsel for plaintiff and counsel for claimant conferred by electronic means to discuss the matter outlined by the Court and LCvR 16.3(c). As a result, we submit the following:

This is a civil forfeiture action, brought by the United States, through which it seeks to have the defendant properties ordered forfeited to the United States. The Government alleges that the properties constitute or are traceable to criminally-derived proceeds. Claimant submits that she owns the properties and that the action should be dismissed. Claimant's pre-Answer motion is fully briefed and remains pending.

1. Claimant has filed a motion to dismiss that remains pending with the Court. The parties do not anticipate that other dispositive motions are likely to be filed before the initiation of discovery, but Claimant reserves the right to file such motions.

2. The parties agree that all appropriate parties are joined in this case. The parties note that the pleadings remain open because, in lieu of an Answer to the First Amended Complaint, claimant has filed a Motion to Dismiss. The parties propose that the Court order that the time for filing amended pleadings be closed thirty days after the Court rules on the pending motion to dismiss, should it be denied. Plaintiff requests that discovery commence when the time for amending/closing the pleadings has expired. Claimant requests that discovery be allowed to commence immediately.

3. The parties see no need for this case to be assigned to a Magistrate Judge for all purposes, including trial.

4. The parties believe that there could be some possibility of settlement.

5. At the present time, the parties do not believe that referral into mediation would be helpful, but they are willing to consider mediation after the completion of discovery.

6. The parties anticipate filing post-discovery dispositive motions. The parties request that the Court allow dispositive motions to be filed at any time up to sixty (60) days after the

close of discovery.

7. Plaintiff submits that initial disclosures as are typically required under Rule 26(a)(1), Fed. R. Civ. P., are inapplicable to civil forfeiture cases. Claimant disagrees and believes that the recent amendments to Rule 26(a)(1) are not retroactive.

8. The parties agree that this case should fall within the presumptive standard track time frame, meaning that discovery could be completed in four (4) months. At this time, the parties do not see a need for particular limitations on discovery. The parties propose that discovery should be completed within four (4) months of the date of claimant's submission of her answer to the complaint.

9. The parties believe that the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2) should be modified as suggested by the Court in Appendix I, Track Two (Standard), meaning that a proponent's Rule 26(a)(2) statements will be due within sixty (60) days of commencement of discovery, and an opponent's Rule 26(a)(2) statements will be due within ninety (90) days after commencement of discovery.

10. The parties submit that there are no class issues in this case.

11. Plaintiff does not see a need to bifurcate discovery or trial, should there be one in this case. Claimant reserves the right to move for bifurcation.

12. Plaintiff recommends that the pretrial conference be scheduled approximately thirty (30) days after rulings are issued regarding any dispositive motions or, if no dispositive motions are filed, sixty (60) days after the close of discovery.

13. The parties recommend that the Court set a trial date at the pretrial conference.

A proposed Scheduling Order is attached.

                        Respectfully submitted,

                        /s/
                        JEFFREY A. TAYLOR
                        United States Attorney
                        DC Bar #498610

                        /s/
                        WILLIAM R. COWDEN
                        Assistant United States Attorney
                        DC Bar #426301
                        555 4th Street N.W.
                        Washington, DC 20530
                        (202) 307-0258

                        Counsel for Plaintiff United States

                             and

                        /s/
                        MONTGOMERY BLAIR SIBLEY
                        DC Bar #464488
                        Center for Forfeiture Law
                        50 West Montgomery Avenue, Suite B-4
                        Rockville, MD 20850-4216
                        (202) 478-0371

                        Counsel for Claimant Deborah Jeane Palfrey

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,            ) | |
|               Plaintiff,            ) | |
| v.            ) | |
| 803 CAPITOL STREET, VALLEJO            )<br>CALIFORNIA 94590,            ) | Civil No. 06-1710 (GK)<br>ECF |
| 1441 VAQUERO GLEN, ESCONDIDO            )<br>CALIFORNIA 92026,            ) | |
| APPROXIMATELY $276,645.97 IN FUNDS FROM CHARLES SCHWAB INVESTMENT ACCOUNTS 6884-3181, 6884-3186 AND 6884-3192, AND $135,442.60 IN STOCKS MAINTAINED BY CHARLES SCHWAB, ALL HELD IN THE NAME OF DEBORAH J. PALFREY,            ) | |
| $11,396.35 IN FUNDS FROM WELLS FARGO ACCOUNTS 6952-139217 AND 005-9211417, HELD IN THE NAME OF DEBORAH J. PALFREY,            ) | |
|              AND            ) | |
| 413 GOLD KRUGERRANDS AND OTHER GOLD AND SILVER COINS,            ) | |
|              Defendants.            ) | |

**INITIAL SCHEDULING ORDER**

      Initial disclosures are inapplicable/applicable and to be made within ten days of the date of this Order. The parties may employ methods of discovery in any sequence in accordance with Fed. R. Civ. P. 26(d). The time for filing amended pleadings shall close thirty days after the Court rules on the pending Motion to Dismiss and discovery shall commence when the time for

amending the pleadings has expired/may commence immediately.  A proponent's Rule 26(a)(2) statements will be due within sixty (60) days of commencement of discovery, and an opponent's Rule 26(a)(2) statements will be due within ninety (90) days of commencement of discovery.  The parties shall have one hundred and twenty (120) days to complete discovery.  Dispositive motions shall be filed within sixty (60) days of the close of discovery.  A trial will be scheduled at the pretrial conference which shall be held approximately thirty (30) days after the issuance of the Court's ruling on dispositive motions or, if no dispositive motions are filed, approximately sixty (60) days after the close of discovery.

  SO ORDERED.

_____    _____
Dated                      GLADYS KESSLER
                           United States District Judge