UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

        PLAINTIFF,

VS.

803 CAPITOL STREET VALLEJO, CALIFORNIA 94590 ET AL.,

        DEFENDANTS.
_____/

CASE NO.:1:06-CV-01710-GK

**CLAIMANT'S MOTION TO VACATE MINUTE ORDER DENYING MOTION FOR RETURN OF PROPERTY**

Claimant, Deborah Jeane Palfrey, moves this Court to vacate its minute order denying as moot Claimant's motion to return property entered on January 8, 2006, and for grounds in support states:

**I.  THE COURT MUST VACATE ITS ORDER**

It appears that this Court – following its practice to deny all pending motions upon the filing of an amended complaint – has denied as moot Claimant's motion for return of property.

This Court may <u>not</u> do this with the Congressionally-authorized and statutorily mandated motion which requires this Court to rule upon the motion for return of property notwithstanding the filing of an amended complaint. Under 18 U.S.C. §983(f) "Release Of Seized Property", Congress has imposed upon this Court a duty to – **within 30 days of the filing of the motion** – determine if the Claimant's seized property should be "immediately" returned to her. No provision is made for the delay in ruling on the motion as a result of the filing of an amended complaint. Pointedly, the timing runs from the filing of the motion.

Moreover, while this Court may establish rules – such as the rule to declare as moot pending

motions upon the filing of an amended complaint – under the Rules Enabling Act at 28 U.S.C. §2071(A)[1], it plainly may not under 28 U.S.C. §2072(b)[2] deny to Claimant the substantive right to have her motion heard within 30 days of making a motion for return of property granted by Congress by such a rule.

According, as this Court is now two weeks over the Congressionally set deadline for ruling on Claimant's motion for return of property, this Court must vacate the order denying the motion as moot.

## II. THE CONSEQUENCE OF THIS COURT'S FAILURE TO RULE MUST BE THE RETURN OF THE SEIZED PROPERTY

This Court has failed to meet a Congressionally-imposed deadline for determining Claimant's motion to return property pursuant to 18 U.S.C. §983(f).[3] Here, given that the date of filing of Claimant's §983(f) motion was November 24, 2006, the 30 day deadline was December 24, 2006, Notably, the Court did not extended that deadline for "good cause".

Admittedly, §983 provides no explicit remedy to a claimant when a court fails to comply with §983(f). Thus, referral to decisional law is appropriate. In *Brock v. Pierce County*, 476 U.S. 253 (1986). the Court stated: "We would be most reluctant to conclude that every failure of an agency to observe a procedural requirement voids subsequent agency action, especially when important

---

[1] "The Supreme Court and all courts established by Act of Congress may from time to time prescribe rules for the conduct of their business. Such rules shall be consistent with Acts of Congress and rules of practice and procedure prescribed under section 2072 of this title."

[2] "Such rules shall not abridge, enlarge or modify any substantive right."

[3] "Release Of Seized Property" (5) The court shall render a decision on a petition filed under paragraph (3) not later than 30 days after the date of the filing, unless such 30-day limitation is extended by consent of the parties or by the court for good cause shown."

public rights are at stake. When, as here, there are less drastic remedies available for failure to meet a statutory deadline, courts should not assume that Congress intended the agency to lose its power to act." (Footnote omitted.)

Here, just as the federal agency in *Brock*, this Court has failed to "observe a procedural requirement". Unlike in *Brock*, there are not "less drastic remedies" which would insure that the courts do not consider the express Congressional mandate to "render a decision" within 30 days an "aspiration" rather than a "mandate". Accordingly, §983(f)(5) implies its own remedy in this situation – return of the seized property. Otherwise, §983(f)(5) is a toothless expression by Congress – a *non sequitur*. "When Congress acts to amend a statute, we presume it intends its amendment to have real and substantial effect." *Stone v. INS*, 514 U.S. 386, 397 (1995). Here what other "real and substantial effect" could the 30 day requirement have if this Court is free to ignore it without consequence? Simply put, "*quis custodiet ipsos custodes*?"

Accordingly, respect for Congress by this Court mandates that the failure to meet the §983(f)(5) deadline requires granting of the Claimant's motion for return of her property.

### III.  CONCLUSION

WHEREFORE, Claimant requests that this Court vacate its order denying as moot the motion to return property and as it has failed to meet the deadline imposed by that statute return the seized property to Claimant.

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and accurate copy of the served pursuant to LcvR 5.4(d) upon William R. Cowden, Assistant United States Attorney, Criminal Division, Asset Forfeiture Unit, 555 4th St., N.W., Room 4818, Washington, D.C. 20530 this January 10, 2007.

                                                **MONTGOMERY BLAIR SIBLEY**
                                                CENTER FOR FORFEITURE LAW
                                                50 West Montgomery Avenue, Suite B-4
                                                Rockville, MD 20850-4216
                                                Voice/Fax:   (202) 478-0371
                                                E-mail:       mbsibley@civilforfeiture.com


                                                By:   <u>/s/ Montgomery Blair Sibley</u>
                                                       Montgomery Blair Sibley
                                                       D.C. Bar #464488