**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,

          PLAINTIFF,

VS.

803 CAPITOL STREET VALLEJO, CALIFORNIA 94590 ET AL.,

          DEFENDANTS.

_____/

CASE NO.:1:06-CV-01710-GK

**CLAIMANT'S RESPONSE TO GOVERNMENT'S MOTION TO STAY**

Claimant, Deborah Jeane Palfrey, responds to the government's motion to stay, and for grounds in support states:

**I.     THE GOVERNMENT'S OBFUSCATION**

As its premise for the motion to stay, the government starts by claiming:

> Indeed, as shown herein, it appears that claimant's intent is to use civil discovery in order to undermine the Government's ability to investigate her criminal activity – before claimant becomes a party to the lawsuit by answering the Verified Complaint, and even while claimant asserts, through her filing of a motion to dismiss, that she believes discovery is not needed for resolution of this case.

(Gov. Motion to Stay, p. 4).

First, the civil discovery which Claimant has sought – the deposition of the case agent related to his activities in the (i) obtaining of federally protected financial information without the requisite legal process and (ii) the underpinning of the search warrant – in no way seek to "undermine the Government's ability to investigate her criminal activity". Claimant is not seeking (i) testimony from escorts or, with one exception, (ii) customers of the service. As such, the claim of

"undermining" is simply specious.

Second, Claimant is fully within her rights to seek a legal dismissal of the Amended Complaint and not file her answer until that issue is determined. Nonetheless, the civil rules do not require – nor has the government sought – that discovery be abated pending that determination. Accordingly, Claimant is entitled – and ought to be allowed – discovery towards the issue raised in the motions to dismiss and suppress which could rightfully lead to a motion for summary judgment.

Third, Claimant has sought the testimony of former United States Attorney Kenneth Wainstein, and former District of Columbia Attorney General Robert Spagnoletti. The purpose of those deposition again goes to the potentially dispositive legal issue of prosecutorial estoppel, not the facts related to the criminal investigation of Claimant.

Fourth, Claimant noticed the deposition of a former government official, Dick Morris, who, used claimant's escort agency on numerous occasions. As the only customer of the service who has publically admitted using the service for "legal" sexual activity, Claimant is justified in seeking confirmation of Mr. Morris' public statements regarding the type of "legal" sexual activity he engaged in with Claimant's escorts.

Fifth, Claimant has not been placed in a position where her assertion of a fifth amendment privilege would be at issue. Indeed, the government has not even noticed her for deposition. Hence, it is premature to claim as the government does that "she would oppose any effort on the Government's part to obtain discovery from her through her deposition. But, because disagreements over fundamental facts appear to exist, the United States cannot proceed in this civil case with discovery so curtailed."

**II.   THE CONGRESSIONAL SCHEME TO STAY CIVIL PROCEEDINGS VIOLATES DUE PROCESS**

Plainly, Congress in its infinite wisdom has parroted the Department of Justice's proposed language in the Civil Asset Forfeiture Reform Act by enacting 18 U.S.C. § 981(g). However, as yet resolved by any court is whether that section can pass constitutional due process muster.

Claimant asks the Court to consider the implication of such a power vested in the government. As demonstrated here, the government can seize all the assets of a claimant thereby destituteing her. Then, though adjudication of such a seizure is constitutionally mandated, delay and threaten indictment. Such a coercive force residing in the government implicates that very notion of fairness resident in due process. *Cf.: Wardius v. Oregon*, 412 U.S. 470, 474 (1973)( "Although the Due Process Clause has little to say regarding the amount of discovery which the parties must be afforded . . . it does speak to the balance of forces between the accused and his accuser.:); *United States v. James Daniel Good Real Property*, 510 U.S. 43 (1993)("Our precedents establish the general rule that individuals must receive notice and an opportunity to be heard before the Government deprives them of property. See *United States v. $8,850*, 461 U.S. 555, 562, n. 12 (1983); *Fuentes v. Shevin*, 407 U.S. 67, 82 (1972); *Sniadach v. Family Finance Corp. of Bay View*, 395 U.S. 337, 342 (1969) (Harlan, J., concurring)*; Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950)."); *Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 689 (1974) ("It therefore has been implied that it would be difficult to reject the constitutional claim of an owner whose property subjected to forfeiture had been taken from him without his privity or consent. . . . Similarly, the same might be said of an owner who proved not only that he was uninvolved in and unaware of the wrongful activity, but also that he had done all that reasonably

could be expected to prevent the proscribed use of his property; for, in that circumstance, it would be difficult to conclude that forfeiture served legitimate purposes and was not unduly oppressive. *Cf. Armstrong v. United States*, 364 U.S. 40, 49 (1960).")

Against this backdrop of constitutional rights, the practical reality of civilly seizing Claimant's assets upon a defective pleadings, denying discovery to Claimant to test the legality of the search, seizure an forfeiture while the government has used the same civil proceeding to conduct all its discovery of Claimant in this matter smacks of basic unfairness. "Due process centrally concerns the fundamental fairness of governmental activity.*"* *Quill Corp. v. Heitkamp*, 504 U.S. 298, 313 (1992).

### III. CONCLUSION

A stay is <u>not</u> warranted here as Claimant is entitled to explore and have decided the subtantial legal and procedural bars to the forfeiture of all of her assets which have been tied-up in this matter since October 2006.

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and accurate copy of the served pursuant to LcvR 5.4(d) upon William R. Cowden, Assistant United States Attorney, Criminal Division, Asset Forfeiture Unit, 555 4th St., N.W., Room 4818, Washington, D.C. 20530 this February 19, 2007.

                                           **MONTGOMERY BLAIR SIBLEY**
                                           CENTER FOR FORFEITURE LAW
                                           50 West Montgomery Avenue, Suite B-4
                                           Rockville, MD 20850-4216
                                           Voice/Fax:   (202) 478-0371
                                           E-mail:       mbsibley@civilforfeiture.com


                                           By:   /s/ Montgomery Blair Sibley
                                                 Montgomery Blair Sibley
                                                 D.C. Bar #464488