UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> 803 CAPITOL STREET, VALLEJO ) <br> CALIFORNIA 94590, ) <br> ) <br> 1441 VAQUERO GLEN, ESCONDIDO ) <br> CALIFORNIA 92026, ) <br> ) <br> APPROXIMATELY $276,645.97 IN ) <br> FUNDS FROM CHARLES SCHWAB ) <br> INVESTMENT ACCOUNTS 6884-3181, ) <br> 6884-3186 AND 6884-3192, AND ) <br> $135,442.60 IN STOCKS MAINTAINED ) <br> BY CHARLES SCHWAB, ALL HELD IN ) <br> THE NAME OF DEBORAH J. PALFREY, ) <br> ) <br> $11,396.35 IN FUNDS FROM WELLS ) <br> FARGO ACCOUNTS 6952-139217 ) <br> AND 005-9211417, HELD IN THE ) <br> NAME OF DEBORAH J. PALFREY, ) <br> ) <br> AND ) <br> ) <br> 413 GOLD KRUGERRANDS AND ) <br> OTHER GOLD AND SILVER COINS, ) <br> ) <br> Defendants. ) | Civil No. 06-1710 (GK) <br> ECF |

**PLAINTIFF'S REPLY TO CLAIMANT'S OPPOSITION
TO PLAINTIFF'S MOTION FOR A STAY**

Plaintiff, the United States of America, by its attorney, the United States Attorney for the District of Columbia, respectfully files this "Reply to Claimant's Response to Government's Motion to Stay" (hereinafter, Claimant's "Opposition").

Like most of preceding filings submitted by Claimant, Claimant's Opposition to a stay cites to irrelevant and inapposite case law, is factually inaccurate, and appears almost incoherent. For example, Claimant says "First" that "the civil discovery Claimant has sought . . 'in no way seek [sic] to 'undermine the Government's ability to investigate her criminal activity'" because, she then implies, the only discovery she has sought is "the deposition of the case agent related to his activities in . . obtaining of federally protected financial information . . and . . . the underpinning of the search warrant[.]" Claimant's Opposition at 1.  Claimant's assertion is not correct.  The discovery she has sought from the Government includes the production of every document related to the case, the address of every customer and prostitute, and recitation of every fact supporting the allegations in the First Amended Complaint.  But, ironically, even the "limited" discovery Claimant admits to be seeking in her Opposition, through a deposition of a criminal case agent, is improper.  Given that Claimant is not proceeding pro se here, she should be deemed to know that Fed. R. Civ. P. does not permit a party to obtain privileged information and likewise should be deemed to know that the work product privilege applies to investigative reports and materials prepared by criminal case agents in anticipation of litigation, as well as their mental impressions.  See, e.g., United States v. Two Bank Accounts, et. al, __ F. Supp.2d __, 2007 WL 108392 (D. S.D. 2007).  There is very little that a Special Agent would be permitted to discuss at this stage of a criminal investigation.

"Second," says Claimant, she "ought to be allowed – discovery towards the issue raised in the motions to dismiss and suppress which could rightfully lead to a motion for summary judgment." Id. at 2.  But, as the Government explained in several earlier submissions opposing a series of prior baseless motions, if a party needs discovery to identify facts needed to support a

dispositive motion to dismiss, that party should never have filed a pre-Answer "dispositve" motion to dismiss.  A pro se litigant might not be expected to understand the Federal Rules of Civil Procedure, and the difference between a motion, like Claimant's, submitted under Rule 12(b) of the Federal Rules of Civil Procedure, and one filed appropriately after discovery, in accordance with Rule 56.  But Claimant is not proceeding pro se.

Claimant's "Third" thought in her Opposition to a stay is that testimony she seeks through depositions of a former United States Attorney and a former D.C. Attorney General "goes to the potentially dispositive legal issue of prosecutorial estoppel, not to facts related to the criminal investigation of Claimant."  Characteristically lacking in support, Claimant's third thought leaves the Government and the Court guessing about how former government officials ideas about prostitution are relevant here, or how estoppel might conceivably be applied to bar either this case of a criminal investigation.

Claimant "fourth" idea is that she needs to depose Dick Morris because he might confirm that he used Claimant's escort service for "'legal' sexual activity[.]"  But this case involves whether Claimant and her employees were agreeing to engage in sex acts for money, not about whether, on some occasions, customers did not get sex for the money they paid.  Consistent with Claimant's "logic," a defendant charged with robbing a particular bank on a Tuesday properly might defend against that charge by calling other banks' officials to testify that the defendant did not rob their particular banks on other days.  If Mr. Morris were to testify as Claimant's counsel postulates he expects Mr. Morris would testify, the testimony would be irrelevant.  Claimant's counsel has promised to turn this case into a circus by threatening to depose (and embarrass) former customers if the Government persists in its prosecution.  A brief stay will mean the

Government can, at least for a time, deal with criminal defense counsel who do not engage in such improprieties.

Claimant's "Fifth' idea appears to be that a stay is premature because "Claimant has not been placed in a position where her assertion of a fifth amendment privilege would be at issue." The Government has not sought discovery from Claimant because the Order the Court issued after the initial scheduling conference did not appear to contemplate that the Government should both pursue discovery and pursue to stay it. Moreover, Claimant's criminal counsel has indicated that he would prefer Claimant not to be forced to submit to any pre-indictment civil discovery, and the Government has respected that concern. Claimant's civil attorney appears, through his calculated silence on this issue, content to have his client testify now about the services she operated. But he has never agreed to submit his client to a deposition.

Claimant concludes her Opposition by asserting that a stay would be unconstitutional. Needless to say, she offers no authority remotely on point and "forgets" to remind anyone burdened to read her Opposition that courts routinely have ordered stays to allow related criminal investigations to be concluded, or criminal charges to be resolved first. Indeed, such civil stays make sense because successful criminal forfeiture proceedings will frequently render related civil forfeiture cases entirely moot. We have not requested an open-ended stay and are aware of no decision holding a brief stay to be unconstitutional. See, e.g., United States v. All Funds on Deposit in Suntrust Account Number XXXXXXXX8359, 456 F. Supp.2d 64, 65 (D.D.C. 2006) (if the Government shows that proceeding with the civil case will interfere with a related criminal investigation, the court *must* grant the stay); United States v. One Assortment of 73 Firearms, 352 F. Supp.2d 2, 4 (D. Me. 2005) (Government satisfies its burden by showing civil discovery

will subject the criminal investigation "to early and broader civil discovery than would otherwise be possible in the context of the criminal proceeding"); <u>United States v. All Funds on Deposit in Business Marketing Account</u>, 319 F. Supp.2d 290, 294 (E.D.N.Y. 2004) (once the court is satisfied that routine civil discovery would compromise the identities of confidential informants, stay of the civil case is mandatory under section 981(g)); <u>Khalil v. United States</u>, No. 06-CV-2638 (NG) (E.D.N.Y. Dec. 11, 2006) (even if the Government satisfies the statutory criteria in section 981(g), the length of the stay may be limited by due process considerations; where the Government, by obtaining extensions of time under 981(a)(1) and (3), has already delayed litigation in the civil forfeiture case for 15 months, the court limits the stay of civil discovery to 60 days to give the Government the opportunity to conclude its criminal investigation or return the seized property to claimants while the civil case remains stayed).

      Moreover, a brief stay of this civil case will have another beneficial effect. The Court, for that period of time, will no longer have to entertain Claimant's civil attorney's unsupported motions and other ill-conceived efforts to derail the Government's investigation. Claimant's most recent motion seeks to have this Court enjoin the Government, and presumably a Federal Grand Jury, from conducting any investigation into her criminal activities. True to form, Claimant offers no authority to support that request – except another general invocation of the Constitution. At about the same time Claimant's counsel filed the motion for an injunction, Claimant's counsel filed a notice to depose Dick Morris – in contravention of the Court's Local Rules regarding the non-filing of discovery. Shockingly, Claimant's "civil" counsel threatened further public embarrassment of former customers, through Claimant's use of civil discovery, should the Government's forfeiture case proceed. A brief stay of the civil case is plainly

warranted as it will put a stop, for a time, to Claimant's threats to use civil discovery to harass potential witnesses.

Claimant has offered no sound legal of factual basis for denying the Government's request for a brief stay of this civil case. The Government's Motion to Stay should be GRANTED.

                                                                     Respectfully submitted,

                                                                     _/s/_____
                                                                     JEFFREY A. TAYLOR, DC Bar #498610
                                                                     United States Attorney

                                                                     _/s/_____
                                                                     WILLIAM R. COWDEN, DC Bar #426301
                                                                     Assistant United States Attorney
                                                                     United States Attorney's Office
                                                                     555 Fourth Street, N.W.
                                                                     Washington, DC 20530
                                                                     (202) 307-0258
                                                                     (202) 514-8707 (fax)

## CERTIFICATE OF SERVICE

I certify that I caused the foregoing Motion to Stay to be served upon counsel of record via the Court's ECF system, on this 26th day of February 2007.

                                                                     /s/_____
                                                                     WILLIAM R. COWDEN, DC Bar #426301
                                                                     Assistant United States Attorney