# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| 803 CAPITOL STREET, VALLEJO ) | Civil No. 06-1710 (GK) |
| CALIFORNIA 94590, ) | ECF |
| ) | |
| 1441 VAQUERO GLEN, ESCONDIDO ) | |
| CALIFORNIA 92026, ) | |
| ) | |
| APPROXIMATELY $276,645.97 IN ) | |
| FUNDS FROM CHARLES SCHWAB ) | |
| INVESTMENT ACCOUNTS 6884-3181, ) | |
| 6884-3186 AND 6884-3192, AND ) | |
| $135,442.60 IN STOCKS MAINTAINED ) | |
| BY CHARLES SCHWAB, ALL HELD IN ) | |
| THE NAME OF DEBORAH J. PALFREY, ) | |
| ) | |
| $11,396.35 IN FUNDS FROM WELLS ) | |
| FARGO ACCOUNTS 6952-139217 ) | |
| AND 005-9211417, HELD IN THE ) | |
| NAME OF DEBORAH J. PALFREY, ) | |
| ) | |
| AND ) | |
| ) | |
| 413 GOLD KRUGERRANDS AND ) | |
| OTHER GOLD AND SILVER COINS, ) | |
| ) | |
| Defendants. ) | |

### PLAINTIFF'S OPPOSITION TO CLAIMANT'S "MOTION TO ENJOIN CRIMINAL PROCEEDINGS AGAINST HER"

***COMES NOW***, plaintiff United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully to oppose Claimant's "Motion To Enjoin Criminal Proceedings Against Her." In summary, plaintiff states that a federal grand

jury has indicted claimant for felony criminal charges, and this Court's equitable powers do not let it enjoin federal criminal proceedings. See Deaver v. Seymour, 261 U.S. App. D.C. 334, 336, 822 F.2d 66, 68 (D.C. Cir. 1987). Nor has claimant supplied any valid authority for this Court to intervene in a separate, indicted federal criminal case. Further, granting Claimant's motion risks grave, possibly irreparable, prejudice to the Government's ability to conduct that criminal prosecution, and to the public's interest in a speedy trial of the merits. In support whereof, we submit further:

1.  In her motion, Claimant asked this Court to enjoin criminal proceedings (not then pending) against her. While this motion was pending, on March 1, 2007, a federal grand jury for this District returned multi-count Indictment charging Claimant with a number of felony offenses, including violations of 18 U.S.C. § 1962(c) (Racketeer Influenced and Corrupt Organizations (RICO)); 18 U.S.C. § 1952(a)(3) (Travel in Interstate Commerce in Aid of Racketeering Enterprises); and 18 U.S.C. § 1952(h) Conspiracy to Commit Money Laundering). The Indictment also included two criminal forfeiture allegations, invoking 18 U.S.C. §§ 982(a)(1) & 1963. This case has been calendared as Criminal Number 07-0046 (GK), assigned to this Court, and set for arraignment for March 9, 2007.

2.  Claimant's original request for relief was remarkable enough. See Deaver, 261 U.S. App. D.C. at 336, 822 F.2d at 68 (stating traditional rule that courts of equity had no jurisdiction over prosecution, punishment or pardon of crimes). Following the grand jury's action, however, to grant claimant's motion now would require that a judge in a civil forfeiture action issue an injunction against the conduct of an active, federal prosecution in a separate criminal case. None of the decisions cited in Claimant's motion supports taking such an

extraordinary, unprecedented action, and all valid authority compels denying Claimant's motion. Id. 261 U.S. App. D.C. at 336-338, 822 F.2d at 68-70 (affirming denial of preliminary injunction as impermissible civil challenge to criminal proceeding).[1]

    3.    Claimant also has failed to carry her burden of showing that she merits injunctive relief even if this Court had authority to enjoin criminal proceedings.  See Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc., 182 U.S. App. D.C. 220, 222, 559 F.2d 841, 843 (D.C. Cir. 1977) (injunctive relief should be granted only if proponent shows:  (1) likelihood of success on merits and (2) irreparable injury absent relief; second, before Court grants injunctive relief, it must consider whether this (3) will harm others and (4) will serve public interest).

---

[1] Around the turn of 20th Century, the Supreme Court "permitted federal courts to issue injunctions against *state* court criminal proceedings that threatened federal constitutional rights." Deaver, 261 U.S. App. D.C. at 337, 822 F.2d at 68 (emphasis in original) (citations omitted). But, the Supreme Court since has confined federal injunctive powers over state criminal prosecutions only to where "the threatened prosecution chilled exercise of First Amendment rights." Id. (citations omitted).  Noting that this line of cases "constricts federal intervention in *state* prosecutions," Deaver was unable to "discover any case in which a federal court enjoined a federal prosecutor's investigation or presentment of an indictment." Id. at 261 U.S. App. D.C. at 337, 822 F.2d at 69 (emphasis in original) (stating that "subjects of federal investigation have never gained injunctive relief against federal prosecutors"); see also Stout-Nielsen, S.A. v. United States, 442 F.3d 177, 183-187 (3d Cir. 2006) (federal court lacked authority to enjoin executive branch from filing indictment); cf. Juluke v. Hodel, 258 U.S. App. D.C. 364, 811 F.2d 1553 (D.C. Cir. 1987) (court may enjoin future enforcement of criminal regulation, but indicating in *dictum* that it cannot enjoin existing federal prosecution); but cf. Freedberg v. U.S. Dep't. of Justice, 703 F. Supp. 107, 111-112 (D.D.C. 1988) (court had authority to enjoin prosecution of crimes in multiple federal jurisdictions where no grand jury had returned indictment).

Younger v. Harris, 401 U.S. 37 (1971), is inapposite.  Younger decided whether a federal court could enjoin state criminal prosecutions and nothing to do with a federal court's authority to enjoin federal criminal proceedings.  See Juluke, 258 U.S. App. D.C. 364, 811 F.2d 1553 (flatly rejecting Younger's application to motion to enjoin criminal prosecution in federal court). Claimant's counsel should be familiar with Younger:  he invoked the case in his unsuccessful effort to impose liability against each Supreme Court Justice and the Eleventh Circuit Court of Appeals.  See Exhibit 1.

Because Claimant has not attempted to pass any of these tests, her motion should be denied.

   4.  Claimant's motion does not implicate prosecution for actions protected by constitutional liberties.  Although Claimant has styled her pleading as a motion for an injunction, it appears that she actually wants to stay the separate criminal proceedings while this Court decides the merits of Claimant's effort to secure suppression or dismissal in this civil action. Claimant's Motion at 5.  Presuming *sub silentio* that this Court's rulings will effect the return of the assets at issue in this action, Claimant wants all criminal proceedings against her to be subordinated to this civil action.  Unless this is done, claimant argues, she "will not be able to mount the vigorous defense she is entitled to . . . ."  Claimant's Motion at 6.[2]  According to Claimant, "no harm will accrue" to the Government from a stay because "[t]he government has all claimant's assets."  Claimant's Motion at 2.  Claimant's motion contradicts this assertion, however, when it states that she "has left the country twice and returned knowing that there were criminal allegations against her[.]"  Claimant's Motion at 2.  Claimant's two recent international trips suggest both that the Government has not seized all of her assets and that she has ample funds with which she could mount a vigorous defense to any criminal prosecution.[3]

   5.  With regard to the merits of Claimant's request for injunctive relief, plaintiff's

---

[2] The two forfeiture allegations in the Indictment constitute the grand jury's finding of probable cause to believe that these assets are the proceeds of the criminal RICO enterprise that Claimant operated.  There is no right to the pre-trial release of forfeitable property to pay for a defense attorney.  See, e.g., United States v. Yusuf, 199 Fed. Appx. 127, 2006 WL 2578380, at *5 n.3 (3d Cir. 2006) (if the Government establishes probable cause, the property must remain under restraint; the defendant's Sixth Amendment right to obtain counsel of his choice applies only to the use of his own legitimate, nonforfeitable funds).  Under the relation-back doctrine, the property at issue never, legitimately, belonged to claimant and it is not her property to spend.

[3] In any event, the Office of the Federal Defender has represented Claimant throughout the pendency of the criminal investigation and proceedings against her in this District.

opposition pleadings already have shown that Claimant's dismissal and suppression motions should be denied, and those arguments will not be repeated here. But, even if Claimant could prove that she were likely to prevail on those motions's merits, she still would not be entitled to a stay of criminal proceedings or an injunction against them. Claimant fails the second test for meriting injunctive relief, because she cannot show irreparable injury without it. The Federal Rules of Criminal Procedure give Claimant an adequate remedy at law through a motion to dismiss the criminal prosecution. See Deaver, 261 U.S. App. D.C. at 337-338, 822 F.2d at 69-70.

      6.      Independent of Claimant's remarkable view that civil litigation takes precedence over criminal prosecution, positive statutory law undercuts Claimant's assertion that the Government will suffer no harm if this Court enjoins criminal proceedings against her, the third test of whether to grant injunctive relief. The Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, requires trials to commence within 70 days of indictment or appearance in court on the charge. 18 U.S.C. § 3161(c)(1). Although periods of time between these events may be excluded under 18 U.S.C. § 1361(h), the Government's failure to comply with the Speedy Trial Act can result in an indictment's dismissal, sometimes with prejudice. See 18 U.S.C. § 3162(a)(2). Claimant's motion in this civil action is not grounds under 18 U.S.C. § 3161(h) for extending the 70-day speedy trial deadline under § 3161(c). Consequently, granting Claimant's motion could result in dismissal of the Indictment against Claimant for reasons beyond the Government's control and abort trial of the criminal charges on the merits. Claimant should not be awarded injunctive relief when this risks grave harm to the Government's interest in prosecuting criminal offenses. To the same end, Claimant's desired injunctive relief is not merited when it is contrary to the

interest of the public and society in vindicating its criminal laws and in obtaining condign prosecution of alleged criminal acts.

      7.      Additionally, any stay in a criminal prosecution pending resolution of a civil action presupposes the gathering of evidence needed to resolve the civil matter. This almost certainly must include Claimant's responses to interrogatories, as well as requests for admission, plus deposition testimony under oath. If conclusion of this civil matter were to precede the criminal prosecution, it is hard to see how Claimant could both prevail and avoid being required to give answers in derogation of her Fifth Amendment right not to be compelled in any criminal case to be a witness against herself. Indeed, that commonly is why civil actions are stayed pending the outcome of criminal prosecutions, and not as Claimant would have it here. In this regard, plaintiff notes that Claimant's counsel in this civil action has not represented her in connection with any criminal matters in this District, where the Office of the Federal Defender is Claimant's appointed criminal defense counsel. This fact alone should give this Court grave pause before entertaining a motion for injunctive relief in a civil action during the pendency of a related criminal case.[4]

---

[4] The Court also could deny Claimant's motion because it was not accompanied by a proposed order, which make it nearly impossible to determine precisely what Claimant wants the Court to do. See L.Cv.R. 7(c). Plaintiff also notes that Claimant filed this (apparently) non-dispositive motion before discussing it with the Government, as this Court's rules otherwise require. See L.Cv.R. 7(m).

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, the United States respectfully prays this Honorable Court to deny Claimant's motion in all respects.

Respectfully submitted,

 /s/_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney


 /s/_____
WILLIAM R. COWDEN, DC Bar #426301
Assistant United States Attorney
U.S. Attorney's Office, Criminal Division
555 Fourth Street, N.W.
Washington, DC 20530
(202) 307-0258


## CERTIFICATE OF SERVICE

I certify that I caused the foregoing Opposition to be served upon counsel of record via the Court's ECF system, on this 5th day of March 2007.

 /s/_____
WILLIAM R. COWDEN, DC Bar #426301
Assistant United States Attorney
555 4th St., N.W.
Washington, DC  20530
202-307-0258

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| v. ) | |
| ) | |
| **803 CAPITOL STREET, VALLEJO** ) | Civil No. 06-1710 (GK) |
| **CALIFORNIA 94590,** ) | ECF |
| ) | |
| **1441 VAQUERO GLEN, ESCONDIDO** ) | |
| **CALIFORNIA 92026,** ) | |
| ) | |
| **APPROXIMATELY $276,645.97 IN** ) | |
| **FUNDS FROM CHARLES SCHWAB** ) | |
| **INVESTMENT ACCOUNTS 6884-3181,** ) | |
| **6884-3186 AND 6884-3192, AND** ) | |
| **$135,442.60 IN STOCKS MAINTAINED** ) | |
| **BY CHARLES SCHWAB, ALL HELD IN** ) | |
| **THE NAME OF DEBORAH J. PALFREY,** ) | |
| ) | |
| **$11,396.35 IN FUNDS FROM WELLS** ) | |
| **FARGO ACCOUNTS 6952-139217** ) | |
| **AND 005-9211417, HELD IN THE** ) | |
| **NAME OF DEBORAH J. PALFREY,** ) | |
| ) | |
| **AND** ) | |
| ) | |
| **413 GOLD KRUGERRANDS AND** ) | |
| **OTHER GOLD AND SILVER COINS,** ) | |
| ) | |
| **Defendants.** ) | |

**O R D E R**

Upon consideration of Claimant's Motion to Enjoin Criminal Proceedings Against Her and the Opposition thereto, it is this _____ day of _____, 2007

HEREBY Ordered that the Motion to Enjoin is DENIED.

_____
GLADYS KESSLER
United States District Judge

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 04-15501
Non-Argument Calendar
_____

**FILED**
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 10, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-21698-CV-JLK

MONTGOMERY BLAIR SIBLEY,

                                                      Plaintiff-Appellant,

versus

UNITED STATES SUPREME COURT,
ELEVENTH CIRCUIT COURT OF APPEAL,
STEVEN G. BREYER,
RUTH BADER GINSBURG,
ANTHONY KENNEDY, et al.,

                                                      Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

**(June 10, 2005)**

Before TJOFLAT, DUBINA and KRAVITCH, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Montgomery Sibley appeals the district court's dismissal of his complaint against the United States Court of Appeals for the Eleventh Circuit, the United States Supreme Court, and each of the Justices of the Supreme Court in their individual capacities for alleged violations of his rights in a number of other legal actions filed by Sibley concerning a domestic dispute. Because the justices and courts are entitled to judicial immunity, we affirm.

I.   Facts

Sibley, a Florida attorney proceeding pro se, filed a complaint[1] alleging that the Supreme Court violated his rights by (1) adopting the Rooker-Feldman doctrine, limiting federal court review of state court decisions; (2) adopting the Younger abstention doctrine; (3) enacting Rule 10 of the Rules of the United States Supreme Court and thereby placing writs of certiorari within the discretion of the Court; and (4) ignoring stare decisis. Sibley's complaint alleged that the Eleventh Circuit violated his rights by (1) issuing unpublished opinions and ignoring stare decisis; (2) employing the Rooker-Feldman doctrine; and (3) employing the Younger abstention doctrine. Sibley sought declaratory relief against both courts.

---

[1] Sibley later filed an amended complaint which corrected a "scrivener's error" in citations in the original complaint. Because the amendment made no substantive changes, the district court considered all of Sibley's claims when it dismissed the action based on its analysis of the original complaint. Therefore, Sibley's contention that the district court erred in failing to "consider" his amended complaint fails.

Sibley's complaint also sought one million dollars in damages against the individual Justices of the Supreme Court for (1) acting outside the scope of their jurisdiction in denying review, (2) perversion of justice under state law, (3) negligence, and (4) treason.

The defendants moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The defendants argued that they are entitled to judicial immunity from suit and that there was no private right of action for the alleged violations. The district court found that judicial immunity applied and dismissed the complaint. Plaintiff filed a timely appeal.

### II.    Standard of Review

We review de novo a district court's grant of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. Shands Teaching Hosp. and Clinics, Inc. v. Beech St. Corp., 208 F.3d 1308, 1310 (11th Cir. 2000).

### III.   Analysis

The justices contend that they are entitled to absolute judicial immunity from suit for damages. The law is well-settled that judges are indeed entitled to immunity from suit for damages when acting in their judicial capacity unless they act in the

"clear absence of all jurisdiction." Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000). Supreme Court justices are acting within their jurisdiction when they choose to deny writs of certiorari. The district court, therefore, did not err in dismissing the claims for monetary damages based on judicial immunity.

The defendant courts contend that they are entitled to immunity from Sibley's claim for injunctive relief. Litigants may seek injunctive relief for violation of their federal constitutional rights by state judges under 42 U.S.C. § 1983. Pulliam v. Allen, 466 U.S. 522 (1984). Furthermore, § 1983 has been applied to federal actors under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Section 1983 provides, however, that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. The statute thus limits Sibley's injunctive remedy to declaratory relief. In Bolin, we held that a similar plaintiff was not eligible for declaratory relief because he had an adequate remedy at law—namely, the right to appeal to the Circuit Court of Appeals and to petition the Supreme Court for certiorari. Bolin, 255 F.3d at 1243. Sibley enjoyed a similar remedy at law, and thus his claim for injunctive relief must also fail.

For the foregoing reasons, the judgment of the district court is AFFIRMED.