UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| 803 CAPITOL STREET, VALLEJO ) | Civil No. 06-1710 (GK) |
| CALIFORNIA 94590, ) | ECF |
| ) | |
| 1441 VAQUERO GLEN, ESCONDIDO ) | |
| CALIFORNIA 92026, ) | |
| ) | |
| APPROXIMATELY $276,645.97 IN ) | |
| FUNDS FROM CHARLES SCHWAB ) | |
| INVESTMENT ACCOUNTS6884-3181, ) | |
| 6884-3186 AND 6884-3192, AND ) | |
| $135,442.60 IN STOCKS MAINTAINED ) | |
| BY CHARLES SCHWAB, ALL HELD IN ) | |
| THE NAME OF DEBORAH J. PALFREY, ) | |
| ) | |
| $11,396.35 IN FUNDS FROM WELLS ) | |
| FARGO ACCOUNTS 6952-139217 ) | |
| AND 005-9211417, HELD IN THE ) | |
| NAME OF DEBORAH J. PALFREY, ) | |
| ) | |
| AND ) | |
| ) | |
| 413 GOLD KRUGERRANDS AND ) | |
| OTHER GOLD AND SILVER COINS, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**PLAINTIFF'S OPPOSITION TO CLAIMANT'S "SECOND"**
<u>**MOTION TO RETURN SEIZED PROPERTY**</u>

Plaintiff, the United States of America, by its attorney, the United States Attorney for the

District of Columbia, respectfully opposes what Claimant titles her "Second Motion to Return

Seized Property," which she filed on February 27, 2007.[1]

Again, Claimant requests her relief, as she must, under 18 U.S.C. § 983(f).  See, e.g., United States v. Douleh, 220 F.R.D. 391, 396 (W.D.N.Y. 2003) (in civil forfeiture proceedings, section 983(f) is the exclusive remedy for seeking release of property to avoid a hardship; Rule 41(g) motion dismissed).  And, again, the relief she requests is, by the express terms of the statute, inappropriate.  Relief under section 983(f) is limited to cases where pretrial release of seized property subject to civil forfeiture is necessary to prevent substantial hardship, and then, only where "a claimant" seeking release establishes that the substantial hardship outweighs the risk that the property will not be available for forfeiture.  See e.g., United States v. Undetermined Amount of U.S. Currency, 376 F.3d 260 (4th Cir. 2004) (under section 983(f)(1)(D), court must make three findings:  (1) the risk that the property will not be available; (2) the hardship to the claimant; and (3) whether the hardship outweighs the risk).  But, in every civil forfeiture case, Congress determined that the risk that defendant "funds" will disappear is too great; therefore, Congress precluded pretrial release of defendant funds except where a legitimate business has, itself, been seized, and where that legitimate business can show that the release of some seized funds is necessary for the business to avoid insolvency.  This is not that case.  Claimant's business was not seized and, furthermore, she stopped operating her escort service before the Government seized the proceeds Claimant derived from operating her enterprise.

Claimant's "second" motion for return of property appears in all respects to mirror her

---

[1] By Plaintiff's count, this is Claimant's fourth such motion.  Claimant first filed a motion for return of property on November 24, 2006.  She amended that motion on the same day.  She filed a third such motion, which she styled her "supplemental memorandum," on December 27, 2006.  In this latest motion, Claimant drops her request for a Brady disclosure, but adds a request that records seized as evidence be turned over to her.

prior motions, except one. In addition to requesting release of all of the seized funds, Claimant also requests release of records that the Government seized as evidence to be used in Claimant's pending criminal prosecution. But, section 983 also expressly bars a claimant in a civil forfeiture case from seeking the release of property that constitute evidence. See 18 U.S.C. § 983(f)(8)(B) (release of seized property not available under section 983(f) if property "is to be used as evidence of a violation of the law"). In short, a motion for return of seized property is not the appropriate vehicle for obtaining discovery. Counsel representing Claimant in her pending criminal case should request tax-related information as part of the discovery to be sought in the criminal proceeding, if such discover is appropriate,

All other relief Claimant requests remains inappropriate for the same reasons previously discussed at length in the Government's Opposition to Claimant's prior motions. See Docket #20. The Government incorporates its prior Opposition, and will not re-paste those arguments here.[2]

## CONCLUSION

For the foregoing reasons, the United States respectfully submits that Claimant's "Second Motion for Return of Property" should be DENIED.

Respectfully submitted,

/s/_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney

---

[2] The Court also could deny Claimant's motion because it was not accompanied by a proposed order, which make it nearly impossible to determine precisely what seized property Claimant wants the Court to release, or permit her to inspect, to prepare her taxes. See L.Cv.R. 7(c).

                                           /s/_____
                                           WILLIAM R. COWDEN, DC Bar # 426301
                                           Assistant United States Attorney
                                           United States Attorney's Office
                                           555 Fourth Street, N.W.,
                                           Washington, DC 20530
                                           (202) 307-0258

## CERTIFICATE OF SERVICE

    I certify that I caused the foregoing Opposition to be served upon counsel of record via the Court's ECF system, on this 6th day of March 2007.

                                             /s/_____
                                             WILLIAM R. COWDEN, DC Bar #426301
                                             Assistant United States Attorney
                                             555 4th St., N.W.
                                             Washington, DC  20530
                                             202-307-0258

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | |
| **803 CAPITOL STREET, VALLEJO** ) | Civil No. 06-1710 (GK) |
| **CALIFORNIA 94590,** ) | ECF |
| ) | |
| **1441 VAQUERO GLEN, ESCONDIDO** ) | |
| **CALIFORNIA 92026,** ) | |
| ) | |
| **APPROXIMATELY $276,645.97 IN** ) | |
| **FUNDS FROM CHARLES SCHWAB** ) | |
| **INVESTMENT ACCOUNTS6884-3181,** ) | |
| **6884-3186 AND 6884-3192, AND** ) | |
| **$135,442.60 IN STOCKS MAINTAINED** ) | |
| **BY CHARLES SCHWAB, ALL HELD IN** ) | |
| **THE NAME OF DEBORAH J. PALFREY,** ) | |
| ) | |
| **$11,396.35 IN FUNDS FROM WELLS** ) | |
| **FARGO ACCOUNTS 6952-139217** ) | |
| **AND 005-9211417, HELD IN THE** ) | |
| **NAME OF DEBORAH J. PALFREY,** ) | |
| ) | |
| **AND** ) | |
| ) | |
| **413 GOLD KRUGERRANDS AND** ) | |
| **OTHER GOLD AND SILVER COINS,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**O R D E R**

Upon consideration of Claimant's Second Motion to Return Seized Property, the Opposition thereto, and the entire record herein, it is this _____ day of

_____, 2007

HEREBY Ordered that Claimant's Second Motion to Return Seized Property is DENIED.

_____
GLADYS KESSLER
United States District Judge