UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

PLAINTIFF,

vs.

803 CAPITOL STREET VALLEJO, CALIFORNIA
94590, ET AL.,

DEFENDANTS.

_____/

CASE No.:1:06-CV-01710-GK

CLAIMANT'S MOTION TO CERTIFY FOR
INTERLOCUTORY APPEAL THE COURT'S
ORDERS STAYING THIS ACTION AND
REFUSING TO RULE UPON CLAIMANT'S
MOTIONS TO DISMISS, SUPPRESS AND TO
RETURN PROPERTY

Claimant, Deborah Jeane Palfrey, by and through her undersigned counsel and pursuant to

28 U.S.C.§ 1292(b), respectfully move this Court to certify for interlocutory appeal the Court's

Orders Staying This Action and Refusing to Rule Upon Claimant's Motions to Dismiss, Suppress

and To Return Property, and for grounds in support thereof states:

This Court has authority under 28 U.S.C.§ 1292(b) to certify for interlocutory appeal its

orders. That section states, "When a district judge, in making in a civil action an order not otherwise

appealable under this section, shall be of the opinion that such order involves a controlling question

of law as to which there is substantial ground for difference of opinion and that an immediate appeal

from the order may materially advance the ultimate termination of the litigation, he shall so state in

writing in such order."

I.    THE STAY ORDER

This Court ruled on March 9, 2007: "MINUTE ORDER granting the Government's Motion

to Stay; this case is stayed for six months to permit resolution of the related criminal investigation;

the Government may seek a further stay of this case in order to resolve forfeiture of the defendant

-1-

properties as part of any criminal prosecution of claimant, if warranted."

Claimant maintains that such a stay, notwithstanding its Congressional genesis in 18 U.S.C. § 981(g), is unconstitutional and violates fundamental rights preserved under the Ninth Amendment.

Simply stated, since the barons at Runnymede, determined to end the king's manipulation of the courts for his own purposes, particularly through the sale of writs, compelled King John to vow in Chapter 40: "To no one will we sell, to no one will we refuse or **delay**, right or justice", a stay of this proceedings was a power never enumerated as granted to any branch of the federal government.

Indeed, the re-issued *Magna Carta* in 1225 combined this provision with the seminal due process guarantee of Chapter 39 into Chapter 29. In the words of Sir Edward Coke, Chapter 29 guaranteed that, "every subject of this realme, for injury done to him...by any other subject… without exception, **may take his remedy by the course of the law, and have justice,** and right for the injury done to him, freely without sale, fully without any deniall, and speedily **without delay**." Edward Coke, *The Second Part of the Institutes of the Laws of England* 55 (London, E.&R. Brooke 1797).

Nearly everything the drafters of the United States Constitution understood of this principle was learned from Coke. His explication of the *Magna Carta*, first published in 1642, was widely read by the Founding generation. See *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 29 (1991) (Scalia, J., concurring in judgment) ("The American colonists were intimately familiar with Coke"); Dick Howard, *The Road from Runnymede* 119-25 (1968).

Moreover, Lord Coke's explication of Chapter 29 was restated with approval by William Blackstone, whose treatise was also widely studied by 18th Century Americans. William Blackstone, *Commentaries on the Laws of England,* 141 (1765). Coke elevated the *Magna Carta* to its status as the source of all the fundamental principles of the common law, in which all the rules familiar to

common law lawyers are grounded. Coke vigorously asserted the primacy of these principles as a limitation on the power of all government. He certainly viewed it as a limit on the authority of Parliament. As a judge, he upheld that limitation in *Doctor Bonham's Case*, 8 Co. Rep. 107a, 118a; 77 Eng. Rep. 638, 652 (C.P. 1610). The colonists frequently looked to Coke in their complaints that Parliament exceeded its authority in enacting the Stamp Acts and other hated statutes. Laurence H. Tribe, *Indiana's Medical Malpractice Reform*, 31 Ind. L. Rev. 1089, 1090-91 (1998); Ned Miltenberg *The Revolutionary 'Right To A Remedy, Trial*, March, 1998, at 48-49.

Here, this Court's entry of a stay order flagrantly violates Claimant's right to have her "remedy by the course of the law, and have justice . . . fully without any deniall, and speedily without delay." As such, this Court should certify the question of whether its stay violates fundamental and constitutional rights.

## II.    THE STAY VIOLATES DUE PROCESS

For similar reasons, Claimant maintains that the stay violates her Fifth Amendment right to due process.

## III.    THE STAY FAILS TO MAKE THE REQUISITE FINDINGS

Claimant also requests that this Court certify whether it has jurisdiction to ignore the Congressional mandate in 18 U.S.C. §981(g) to make a "finding" an instead enter an unarticulated "minute order".

## IV.    THE COURT DOES NOT HAVE JURISDICTION TO REFUSE TO RULE ON CLAIMANT'S PENDING MOTIONS

Claimant next maintains that this Court should certify the question as to whether the Court has jurisdiction to refuse to rule upon Claimant's two motions for return of property where Congress,

at 18 U.S.C. §983(f) "Release Of Seized Property", imposed upon this Court a duty to – **within 30 days of the motion** – determine if the Claimant's seized property should be "immediately" returned to her.

Claimant maintains that this Court does not have jurisdiction – and indeed is acting outside its jurisdiction – in refusing to rule upon Claimant's motions for return of property. Hence, Claimant requests that this Court certify the question of whether a district court can ignore a clear mandate of Congress as this Court has done here.

Additionally, Claimant's motion to dismiss raises significant issues of (i) legal impossibility, (ii) overbreadth and (iii) zone of privacy challenges to the underlying sexual conduct statutes of the District of Columbia. Plainly, this Court has refused to rule upon those matters. As such, Claimant requests that this Court certify the question of whether it can stay a civil forfeiture matter when potentially dispositive motions to dismiss are fully briefed and outstanding.

Likewise, Claimant requests that this Court certify the question as to whether a stay is permitted when a potentially dispositive motion to suppress is outstanding which requires no discovery other than production of legal process to determine whether the government complied with the mandates of 18 U.S.C. §2515[1]

---

[1]     "Whenever any wire or oral communication has been intercepted, no part of the contents of such communication and **no evidence derived therefrom may be received in evidence in any trial, hearing, or other proceeding in or before any court**, grand jury, department, officer, agency, regulatory body, legislative committee, or other authority of the United States, a State, or a political subdivision thereof if the disclosure of that information would be in violation of this chapter." (Emphasis added).

## V.   CONCLUSION

The Court's "minute order" and its refusal to rule on Claimant's pending motions clearly have "serious, perhaps irreparable" consequences that "can be effectually challenged only by immediate appeal".   See *Carson v. American Brands, Inc.*, 450 U.S. 79, 84 (1981).

Given that Claimant has yet to receive an iota of due process from this Court in this matter, Claimant respectfully requests that this Court open its decisions – and lack of decisions – to immediate interlocutory review by certifying the questions as aforesaid.

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the served pursuant to LcvR 5.4(d) upon William R. Cowden, Assistant United States Attorney, Criminal Division, Asset Forfeiture Unit, 555 4th St., N.W., Room 4818, Washington, D.C. 20530 this March 12, 2007.

MONTGOMERY BLAIR SIBLEY
CENTER FOR FORFEITURE LAW
50 West Montgomery Avenue, Suite B-4
Rockville,  MD 20850-4216
Voice/Fax:     (202) 478-0371
E-mail:        mbsibley@civilforfeiture.com


By:   /s/ Montgomery Blair Sibley
       Montgomery Blair Sibley
       D.C. Bar #464488