## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Plaintiff** | ) | |
| | ) | **Civil No. 06-1710 (GK)** |
| **v.** | ) | **ECF** |
| | ) | |
| **803 CAPITOL STREET, VALLEJO** | ) | |
| **CALIFORNIA 94590,** *et al.* | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

### PLAINTIFF'S OPPOSITION TO CLAIMANT'S MOTION TO CERTIFY
### FOR INTERLOCUTORY APPEAL

***COMES NOW***, plaintiff United States of America, by and through its attorney, the

United States Attorney for the District of Columbia, respectfully to oppose Claimant's motion

asking this Court to "certify for interlocutory appeal the Court's Orders Staying This Action and

Refusing to Rule Upon Claimant's Motions to Dismiss, Suppress and To Return Property." In

summary, plaintiff states claimant has failed to show that this case meets the standard for

certifying an interlocutory appeal under 28 U.S.C. § 1292(b). The order granting a stay did not

decide a controlling issue of law as to which there is substantial ground for difference of opinion.

Nor might an immediate appeal from the stay order materially advance the ultimate termination

of this litigation. In support whereof, we respectfully submit as follows:

### BACKGROUND

1.       On October 3, 2006, plaintiff brought this civil action, *in rem*, for forfeiture of

certain real and personal property, and later amended the complaint. Through privately retained

counsel, Mr. Montgomery Blair Sibley, Esq., Ms. Deborah Jeane Palfrey has filed a claim in

order to establish standing in this litigation and also has amended that claim. As of March 23,

2007, claimant has not yet filed an answer to plaintiff's complaint, however, which ultimately is

required to oppose a civil forfeiture action on its merits. At various times, however, claimant

Palfrey has filed a number of motions, seeking rulings that she apparently believes would

terminate this case. These include motions: (1) to dismiss; (2) to suppress evidence; and (3) for

return of property.[1]

2.       In anticipation of a criminal prosecution being lodged against Ms. Palfrey,

plaintiff moved on February 15, 2007, to stay this civil action, citing 18 U.S.C. § 981(g), which

authorizes a stay during a criminal investigation or prosecution. Claimant Palfrey opposed this

motion and moved for a preliminary injunction, in this civil forfeiture case, to enjoin criminal

proceedings. Before the government was required to respond to Claimant's motion to enjoin a

criminal investigation, events had overtaken her request for relief.

3.       On March 1, 2007, the federal grand jury for this District returned a five-count

indictment charging Ms. Palfrey with a number of felony criminal offenses, including violations

of 18 U.S.C. § 1962(c) (Racketeer Influenced and Corrupt Organizations (RICO)); 18 U.S.C. §

1952(a)(3) (Travel in Interstate Commerce in Aid of Racketeering Enterprises); 18 U.S.C. §

1952(h) Conspiracy to Commit Money Laundering), and two criminal forfeiture allegations

invoking 18 U.S.C. § 982(a)(1) & 1963. All of the property named as defendant in this civil

action was named in the forfeiture allegation in the criminal indictment. This indictment was

calendared as Criminal Number 07-0046 (GK), and the Office of the Federal Defender entered its

---

[1] Claimant has filed about ten such motions, including at least two for return of property, as well as to enjoin criminal proceedings, but this Court has denied a number of these as moot. The record indicates that there remains pending at least one of claimant's motions to dismiss, to suppress, and to return property. The relief that might properly be sought through motions to suppress and for return of property (based on alleged hardship) would not preclude continuation of these civil forfeiture proceedings, nor would the motion to dismiss, unless granted with prejudice.

appearance as defendant Palfrey's appointed counsel.

4.      This Court arraigned defendant Palfrey on the indictment on March 9, 2007, and convened a status conference in this civil action immediately afterward, calling the criminal and civil cases separately, but consecutively.  Both Ms. Palfrey's privately retained counsel for this civil action, Mr. Sibley, and her appointed counsel in the criminal case, the Federal Defender, Mr. A.J. Kramer, Esq., were present.

5.      At that status hearing, the Court granted the government's Motion to Stay this civil action, initially for a period of six months, to permit resolution of the related criminal prosecution.  At least one ground for doing so, which the Court addressed to Ms. Palfrey's criminal defense counsel during the hearings on March 9, 2007, was the tension between claimant's discovery obligations in this civil matter and her Fifth Amendment rights as a defendant in the criminal prosecution.

6.      On March 12, 2007, claimant filed the instant motion to certify for interlocutory appeal the court's orders staying this action.  Plaintiff now opposes that motion.

## ARGUMENT

7.      Conduct of this civil forfeiture action is governed by the provisions of, *inter alia*, 18 U.S.C. § 981.  Subsection 981(g)(1), requires this Court to stay a "civil forfeiture proceeding if the court determines that civil discovery will affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case."  A claimant with standing in a civil forfeiture action, who is the subject of a related criminal matter, is entitled to stay the forfeiture case when its continuation will burden her right against self-incrimination in the criminal matter.  18 U.S.C. § 981(g)(2).  In these circumstances, this Court appropriately

granted the Government's motion for a stay.[2]

8.    Whether to certify an appeal is governed by 28 U.S.C. § 1292(b), which states:

> When a district judge, in making in a civil action an order not
> otherwise appealable under this section, shall be of the opinion that
> such order involves a controlling question of law as to which there
> is substantial ground for difference of opinion and that an
> immediate appeal from the order may materially advance the
> ultimate termination of the litigation, he shall so state in writing in
> such order.  The Court of Appeals which would have jurisdiction
> of an appeal of such action may thereupon, in its discretion, permit
> an appeal to be taken from such order, if application is made to it
> within ten days after the entry of the order . . . .

9.    As with her remarkable motion to enjoin criminal proceedings, claimant yet again

asks this Court for an unusual ruling.  See Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d

Cir.), cert. denied, 419 U.S. 885 (1974) (describing legislative history and background to

Interlocutory Appeal Act); see also Keystone Tobacco Co. v. U.S. Tobacco Co., Civ. Act. Nos.

00-1415 (PLF) & 00-1454 (PLF), 217 F.R.D. 235, 238-239 (D.D.C. Aug. 23, 2003) (appeal

under § 1292(b) is rarely allowed and its proponent bears burden of showing that exceptional

circumstances justify departure from basic policy of postponing appellate review until after entry

of final judgment); Singh v. George Washington University, Civ. Act. No. 03-1681 (RCL), 383

F. Supp.2d 99, 103-105 (D.D.C. Aug. 23, 2005) (same, citing APCC Services, Inc. v. Sprint

Communications Co., 297 F. Supp.2d 90, 95 (D.D.C. 2003)); Virtual Defense and Development

Intern., Inc. v. Republic of Moldova, 133 F.2d 9 (D.D.C. 2001)

10.    Claimant's request lacks merit because it does not meet the criteria for a § 1292(b)

interlocutory appeal.  See Von Bulow by Auersperg v. Von Bulow, 634 F. Supp. 1284, 1312-13

---

[2]    Claimant did not seek a stay, opposed one being granted, and now wishes to appeal the
order granting a stay.

(S.D.N.Y.1986), aff'd, 811 F.2d 136 (2d Cir.), cert. denied, 481 U.S. 1015 (1987) (certification

not appropriate for ruling involving not question of law, but exercise of discretion); Ali v. Mid

Atlantic Settlement Services, Inc., Civ. Act. No. 02-2271 (RWR), 235 F.R.D. 1, 4 (D.D.C. Mar.

10, 2006) (§ 1292(b) certification denied when issue to be certified did not involve substantial

ground for difference of opinion);  Singh v. George Washington University, supra, 383 F.

Supp.2d at 104 (mere claim that the district court's ruling was incorrect does not demonstrate

substantial ground for difference of opinion, citing Wausau Business Ins. Co. v. Turner

Construction Co., 151 F. Supp.2d 488, 491 (S.D.N.Y. 2001)).

      11.    First and foremost, the issue that claimant wants certified for appeal – whether it

was reversible error to stay this forfeiture action – is not a controlling question of law.  Under §

1292(b), a "controlling question of law is one that would require reversal if decided incorrectly or

that could materially affect the course of litigation with resulting savings of the court's or the

parties' resources." Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Group, 233 F. Supp.2d 16,

19 (D.D.C.2002).  Controlling questions of law include issues that would terminate an action if

the district court's order were reversed.  See Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 24

(2d Cir.1990) (a question of law is controlling if it involves issues of personal or subject matter

jurisdiction); United States ex rel. Wis. v. Dean, 729 F.2d 1100, 1103 (7th Cir.1984) (decision

finding subject matter jurisdiction involves a controlling question of law); Katz v. Carte Blanche

Corp., supra, 496 F.2d at 755 (question is "controlling" if error in its resolution would warrant

dismissal).  In this case, as the Court is well-aware, the civil stay will likely save the parties' and

the Court's resources.  Criminal proceedings are governed by the Speedy Trial Act, and in Ms.

Palfrey's criminal case the government seeks forfeiture of the same property it sued in the civil

case. Should the government prevail in its effort to forfeit the assets Ms. Palfrey derived from the criminal conduct with which she has been charged, the government will seek to dismiss this case.

12. Second, the question of whether a stay properly issued in this case is not a question of law, but one peculiarly fact-bound and therefore unsuitable for interlocutory review. Keystone Tobacco Co., supra, 217 F.R.D. at 239. "Where the crux of an issue decided by the Court is fact-dependant, the Court has not decided a controlling question of law justifying immediate appeal; certification of the underlying legal question could only result in the court of appeals improperly wading into the factual pond of an ongoing matter. Id. (citing 6 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3930 at 427 (2d ed. 1992) ("There is indeed no reason to suppose that interlocutory appeals are to be certified for the purpose of inflicting upon courts of appeals an unaccustomed and ill-suited role as factfinders."); Ahrenholz v. Board of Trustees of the University of Illinois, 219 F.3d 674, 677 (7th Cir.2000) ("The idea was that if a case turned on a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record, the court should be enabled to do so without having to wait till the end of the case.")).

13. Additionally, review of the precedents cited shows that a prime reason for certifying a case interlocutory appeal was the court's recognition that denying a dismissal and causing a case to go forward to final judgment imposed significant costs on a party, which would have been avoided if the dismissal was erroneously denied as a matter of law. See Klinghoffer v. S.N.C. Achille Lauro, supra, 921 F.2d at 24; United States ex rel. Wis. v. Dean, supra, 729 F.2d at1103; Katz v. Carte Blanche Corp., supra, 496 F.2d at 755; Judicial Watch, Inc. v. Nat'l

Energy Policy Dev. Group, supra, 233 F. Supp.2d at 19.  No such concern obtains here, because the order to be appealed is a stay, not a dismissal.  If claimant is unable to appeal the grant of a stay, she will not have to defend actively in the on-going course of a civil action.  Indeed, quite the reverse is so, the matter will be *stayed*, and no litigation will proceed during the stay's life. Consequently, claimant has no appeal to equity to bolster her meritless legal assertions.

14.     Third, if this Court certified the issue of granting a stay, and the Court of Appeals reversed the order, such a reversal would not materially advance the ultimate termination of the litigation.  All that dissolving the stay would do is return the case to its earlier posture of pending motions and potential discovery.  Consequently, claimant has failed to show that she meets any of the criteria for certifying an interlocutory appeal, and her motion should be denied.[3]

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, the United States respectfully prays this Honorable Court to deny claimant's motion in all respects.

Respectfully submitted,

_/s/_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney

_/s/_____
WILLIAM R. COWDEN, DC Bar # 426301
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, DC 20530
(202) 307-0258

---

[3]  Nor has claimant cited apposite authority either for lifting a stay or for certifying an interlocutory appeal.  Claimant's extensive references to *Magna Carta* and Lord Coke's writings – if not meant entirely as a mere antiquarian affectation –  define the concept of *dicta* because they utterly fail to state any governing law, let alone relate applicable law to specific facts in this case.

## **CERTIFICATE OF SERVICE**

I certify that I caused the foregoing Opposition to be served upon counsel of record via the Court's ECF system, on this 23rd day of March 2007.

/s/
WILLIAM R. COWDEN, DC Bar #426301
Assistant United States Attorney
555 4th St., N.W.
Washington, DC  20530
202-307-0258

-8-

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| **Plaintiff** | ) |
| | )    **Civil No. 06-1710 (GK)** |
| **v.** | )    **ECF** |
| | ) |
| **803 CAPITOL STREET, VALLEJO** | ) |
| **CALIFORNIA 94590,** *et al.* | ) |
| **Defendants.** | ) |
| _____ | ) |

**O R D E R**

Upon consideration of claimant's Motion to Certify for Interlocutory Appeal, the

Opposition thereto, and the entire record herein, it is this _____ day of

_____, 2007

HEREBY Ordered that claimant's Motion to Certify is DENIED.

_____
GLADYS KESSLER
United States District Judge