UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 06-1710 (GK) |
| **803 CAPITOL STREET, VALLEJO, CALIFORNIA 94590**, *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

The claimant, Deborah Jeane Palfrey, has moved to have the Court certify for interlocutory appeal, pursuant to 28 U.S.C. § 1292(b), its Orders of March 9, 2007, staying this action for six months in order to permit resolution of the related criminal investigation. Upon consideration of the Motion, the Opposition, the Reply, and the applicable case law, the Court concludes that the Motion must be **denied**.

1. 28 U.S.C. § 1292(b) provides:

   When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, [s]he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order. . . .

2.      Although claimant, in her Motion, refers to the barons of Runnymede, the Magna Carta, Sir Edward Coke, William Blackstone, and others, she fails to address the standards set forth in the governing statute, § 1292(b).

3.      Under § 1292(b), there are two requirements which must be met before this extraordinary relief may be granted. First, the Court must determine that there is a "controlling question of law as to which there is substantial ground for difference of opinion. . . ." In this case, the Order of March 9, 2007, to stay the case for six months in order to permit completion of the related criminal investigation, simply does not involve a controlling question of law, no less one about which "there is substantial ground for difference of opinion." To stay the case so as to fully protect the rights of the claimant in the ongoing criminal investigation is a purely discretionary decision. Moreover, that decision is not one "that would require reversal if decided incorrectly or that could materially affect the course of litigation with resultant savings of the Court's or the parties' resources," Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Group, 233 F. Supp.2d 1619 (D.D.C. 2002).

4.      Second, § 1292(b) also requires a finding "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." Claimant makes no argument that certifying the Orders for interlocutory appeal would in any way speed the ultimate termination of this litigation. Even if the six month stay was reversed on appeal, the case would merely revert to its original position, with motions pending and the possibility of future discovery. Such reversal would not, in any event, produce earlier termination of the litigation.[1]

---

[1]      Claimant also makes a curious argument that "the Court does not have jurisdiction to refuse to rule on claimant's pending motions." All that can be said of this argument is that it is
(continued...)

For all the foregoing reasons, the Court concludes that Claimant's Motion to Certify for Interlocutory Appeal must be **denied**.


April 26, 2007                                                            /s/
                                                                          Gladys Kessler
                                                                          United States District Judge


**Copies via ECF to all counsel of record**

---

[1](...continued)
wrong. The Court has subject matter jurisdiction and jurisdiction over the parties; of course it has jurisdiction to enter a stay of all proceedings in the case.