UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

        PLAINTIFF,

VS.

803 CAPITOL STREET VALLEJO, CALIFORNIA 94590, ET AL.,

        DEFENDANTS.
_____/

CASE NO.:1:06-CV-01710-GK

NOTICE OF APPEAL

PLEASE TAKE NOTICE that Claimant, Deborah Jeane Palfrey, by and through her undersigned counsel, hereby appeals to the United States Court of Appeals for the District of Columbia, (i) the Order Denying Leave for Interlocutory Appeal entered in this action on April 26th, 2007, and (ii) the Order Granting Government's Motion to Stay entered in this action on March 9th, 2007, copies of which is attached hereto.

CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the served pursuant to LcvR 5.4(d) upon William R. Cowden, Assistant United States Attorney, Criminal Division, Asset Forfeiture Unit, 555 4th St., N.W., Room 4818, Washington, D.C. 20530 this May 3, 2007.

        MONTGOMERY BLAIR SIBLEY
        CENTER FOR FORFEITURE LAW
        1629 K Street, Suite 300
        Washington, D.C. 20006
        202-508-3699
        202-478-0371 Fax
        mbsibley@civilforfeiture.com
        www.civilforfeiture.com

By: /s/ Montgomery Blair Sibley
        Montgomery Blair Sibley
        D.C. Bar #464488

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 06-1710 (GK) |
| | : | |
| **803 CAPITOL STREET, VALLEJO,** | : | |
| **CALIFORNIA 94590,** *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER

The claimant, Deborah Jeane Palfrey, has moved to have the Court certify for interlocutory appeal, pursuant to 28 U.S.C. § 1292(b), its Orders of March 9, 2007, staying this action for six months in order to permit resolution of the related criminal investigation. Upon consideration of the Motion, the Opposition, the Reply, and the applicable case law, the Court concludes that the Motion must be **denied**.

April 26, 2007

/s/
Gladys Kessler
United States District Judge

**Copies via ECF to all counsel of record**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 06-1710 (GK) |
| | : | |
| **803 CAPITOL STREET, VALLEJO, CALIFORNIA 94590,** *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

The claimant, Deborah Jeane Palfrey, has moved to have the Court certify for interlocutory appeal, pursuant to 28 U.S.C. § 1292(b), its Orders of March 9, 2007, staying this action for six months in order to permit resolution of the related criminal investigation. Upon consideration of the Motion, the Opposition, the Reply, and the applicable case law, the Court concludes that the Motion must be **denied**.

1. 28 U.S.C. § 1292(b) provides:

   When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, [s]he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order. . . .

2. Although claimant, in her Motion, refers to the barons of Runnymede, the Magna Carta, Sir Edward Coke, William Blackstone, and others, she fails to address the standards set forth in the governing statute, § 1292(b).

3. Under § 1292(b), there are two requirements which must be met before this extraordinary relief may be granted. First, the Court must determine that there is a "controlling question of law as to which there is substantial ground for difference of opinion. . . ." In this case, the Order of March 9, 2007, to stay the case for six months in order to permit completion of the related criminal investigation, simply does not involve a controlling question of law, no less one about which "there is substantial ground for difference of opinion." To stay the case so as to fully protect the rights of the claimant in the ongoing criminal investigation is a purely discretionary decision. Moreover, that decision is not one "that would require reversal if decided incorrectly or that could materially affect the course of litigation with resultant savings of the Court's or the parties' resources," Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Group, 233 F. Supp.2d 1619 (D.D.C. 2002).

4. Second, § 1292(b) also requires a finding "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." Claimant makes no argument that certifying the Orders for interlocutory appeal would in any way speed the ultimate termination of this litigation. Even if the six month stay was reversed on appeal, the case would merely revert to its original position, with motions pending and the possibility of future discovery. Such reversal would not, in any event, produce earlier termination of the litigation.[1]

---

[1] Claimant also makes a curious argument that "the Court does not have jurisdiction to refuse to rule on claimant's pending motions." All that can be said of this argument is that it is
(continued...)

For all the foregoing reasons, the Court concludes that Claimant's Motion to Certify for Interlocutory Appeal must be **denied**.

April 26, 2007                                      /s/
                                                    Gladys Kessler
                                                    United States District Judge

**Copies via ECF to all counsel of record**

---

[1](...continued)
wrong. The Court has subject matter jurisdiction and jurisdiction over the parties; of course it has jurisdiction to enter a stay of all proceedings in the case.

## Montgomery Sibley

**From:** DCD_ECFNotice@dcd.uscourts.gov
**Sent:** 01/08/2007 4:26 PM
**To:** DCD_ECFNotice@dcd.uscourts.gov
**Subject:** Activity in Case 1:06-cv-01710-GK UNITED STATES OF AMERICA v. 803 CAPITOL STREET et al "Order on Motion for Return of Property"

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

### U.S. District Court

### District of Columbia

Notice of Electronic Filing

The following transaction was received from CS, entered on 1/8/2007 at 4:25 PM EDT and filed on 1/8/2007
**Case Name:**       UNITED STATES OF AMERICA v. 803 CAPITOL STREET et al
**Case Number:**     1:06-cv-1710
**Filer:**
**Document Number:**

**Docket Text:**
MINUTE ORDER denying as moot [9] Claimant's Amended Motion for Return of Property . Signed by Judge Gladys Kessler on 1/8/07. (CS, )

The following document(s) are associated with this transaction:

**1:06-cv-1710 Notice will be electronically mailed to:**

William Rakestraw Cowden     william.cowden@usdoj.gov, usadc.docketing@usdoj.gov

Montgomery Blair Sibley     mbsibley@civilforfeiture.com

**1:06-cv-1710 Notice will be delivered by other means to:**

Jeffrey A. Taylor
U.S. ATTORNEY'S OFFICE
555 Fourth Street, NW
5th Floor
Washington, DC 20530

04/06/07