UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 06-1710 (GK) |
| | : | |
| 803 CAPITOL STREET, VALLEJO CALIFORNIA 94590 *et al.*, | : : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

### GOVERNMENT'S OPPOSITION TO CLAIMANT'S MOTIONS TO LIFT STAY AND DISMISS FOR ALLEGED "OUTRAGEOUS GOVERNMENT CONDUCT"

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes Claimant's Motions to Lift Stay, Dismiss for Outrageous Government Conduct and for an Evidentiary Hearing Thereon ("Claimant's Motions"). As shown below, the Court should reject this legally and factually unsupported filing.

### I. Background

#### A. Civil Forfeiture Action Initiated

Legal proceedings involving Deborah Jeane Palfrey began in October 2006, when law enforcement officers executed a search warrant at Defendant's home.[1] Contemporaneously, law enforcement officials executed seizure warrants, and instituted a civil forfeiture proceeding against property that Ms. Palfrey acquired or maintained with criminal proceeds (and about

---

[1] According to Palfrey, that is the location from which she ran her "Adult Fantasy Sex" service for 13 years. See What's Next for 'The D.C. Madam'?", Web-Exclusive *Newsweek* Interview by Eve Conant, May 15, 2007, available at <http://www.msnbc.msn.com/id/18664289/site/newsweek/>.

which the Government was then aware). Thereafter, the Government amended the civil forfeiture complaint to add criminally-derived personal property that law enforcement agents seized whey they executed search and seizure warrants.

### B. Criminal Charges Filed

On March 1, 2007, a federal grand jury for this District returned a multi-count Indictment charging Ms. Palfrey with five felonies, including violations of 18 U.S.C. § 1962(c) (Racketeer Influenced and Corrupt Organizations (RICO)); 18 U.S.C. § 1952(a)(3) (Travel in Interstate Commerce in Aid of Racketeering Enterprises); and 18 U.S.C. § 1952(h) (Conspiracy to Commit Money Laundering). The Indictment also included two criminal forfeiture allegations, invoking 18 U.S.C. §§ 982(a)(1) & 1963. The case was calendared as Criminal Number 07-046, assigned to the Honorable Gladys Kessler, and set for arraignment on March 9, 2007.

### C. Stay of Civil Case Ordered

After the Court set the time for Ms. Palfreys arraignment, the Government requested the Court also schedule a status hearing in the related Civil Forfeiture case for that same day. Before making its request, the Government obtained consent from Claimant's counsel, Montgomery Blair Sibley, for the requested status hearing. The Government wanted Mr. Sibley to appear so the Court could address the motion for a stay of the civil forfeiture case. As the Court recognized during the March 9, 2007 arraignment, Mr. Sibley still opposed the stay. But, A.J. Kramer, who was Ms. Palfrey's criminal defense attorney at that time, did not voice disagreement with the Court's assessment that permitting civil discovery against a criminal defendant would likely compromise the defense attorney's ability to defend his client in her criminal defense. Indeed, on that same issue, Mr. Sibley had refused to commit to a position. Meanwhile, neither attorney

appeared to rebut the Government's assessment that disposition of the criminal charges, and the criminal forfeiture allegations, would likely proceed much quicker than the civil forfeiture case and might moot the entire civil forfeiture case. The Court granted the Government's motion for a stay. See 06-cv-1710, Minute Entry dated March 9, 2007.

### D.  Defendant/Claimant Moves to Have Stay Lifted

Mr. Sibley has now filed Motions to Lift the Stay in this case, and to Dismiss this civil case (and apparently the criminal forfeiture allegations, too[2]) for what he alleges is "outrageous government conduct." Mr. Sibley contends that federal agents behaved "outrageously" during a June 4, 2007 non-custodial interview of Ms. Palfrey's mother, Blanche Palfrey, in her home.

Claimant's Motions cite such seminal cases as Miranda v. Arizona, 384 U.S. 436 (1966), and Brady v. Maryland, 373 U.S. 83 (1963), as well as the Bill of Rights. Each of these authorities may represent landmark legal authority in their respective areas of law, but none are even remotely relevant to the issue Mr. Sibley has asked this Court to decide. In fact, Mr. Sibley offers no authority that is actually related to the legal issues he claims to put forth in Claimant's Motions. The requests in the Motions are without merit, and should be summarily denied.

## II. Discussion

There is no basis in fact, or in Claimant's Motions, for lifting the stay in this case. Furthermore, outright dismissal of a civil forfeiture proceeding, even assuming it is available as a sanction, is an extraordinary remedy – not remotely reasonable here. This is particularly so given

---

[2] In Claimant's Motions, she writes: "[D]ue process principles would absolutely bar the government from invoking judicial processes to obtain a forfeiture." Claimant's Motions at 1. Presently, there is only one civil forfeiture proceeding. The only other judicial forfeiture process, and the only active one, is part of the criminal case. Thus, her request for a dismissal of the forfeiture "processes" presumably applies to the criminal forfeiture case, too.

3

the fact that Claimant lacks standing to complain about her mother's interview and has, moreover, failed to allege, let alone establish, prejudice. Finally, not only is there no legal basis for the requested relief, there are no material facts in dispute. Thus, there is no need for an evidentiary hearing on Claimant's Motions.

### A.  There is No Basis to Lift the Stay

The initial basis for the imposition of a stay in this matter has not changed. Permitting civil discovery in this matter would likely prejudice Claimant's defense in her pending criminal case and would likely cause Claimant, through Mr. Sibley, to seek to subvert the discovery limitations applicable to criminal proceedings. Mr. Kramer acknowledged the former concern and Claimant's current criminal defense attorney presumably recognizes this concern, too. He has not joined Mr. Sibley's motion. Mr. Sibley has provided no new information to indicate that the stay was imposed in error, or that it should not continue in effect.

Furthermore, assuming purely for the sake of argument that Blanche Palfrey had a right to have an attorney present when she agreed to a a non-custodial interview, and that Blanche Palfrey sought to exercise such a right, Claimant bases her demand to lift the stay (in order to dismiss the forfeiture proceedings) on one or more rights that are not hers to assert.[3] Blanche Palfrey is not a defendant, a claimant, or a party in any of her daughter's various legal proceedings, and Deborah Jeane Palfrey has no standing to seek to lift the stay or dismiss the pending civil case, based on an alleged violation of her mother's Sixth Amendment right to counsel. The Sixth Amendment right to counsel is a *personal* right, not one a daughter can assert

---

[3] As discussed below, Claimant's Motion does not manage to allege facts that would show agents intruded on Blanche Palfrey's right to an attorney. Nor does Claimant's Motion assert that Blanche Palfrey said anything tending to incriminate Blanche Palfrey.

on her mother's behalf.  Faretta v. California, 422 U.S. 806, (1975).  See also United States v. LePera, 443 F.2d 810, 812 (9th Cir.), cert. denied, 404 U.S. 958 (1971) (defendant lacked standing to assert co-conspirator's constitutional privilege against self-incrimination); United States v. Sims, 845 F.2d 1564, 1568 (11th Cir. 1988) (Sixth Amendment right to counsel cannot be asserted by defendant to exclude evidence obtained in violation of co-conspirator's Sixth Amendment right to counsel because defendant's rights not violated and defendant may not benefit from alleged violation of others' rights).

The Government is not aware of any authority that would support dismissing a case it initiated solely because a non-party's rights were violated.  In fact, the Ninth Circuit rejected claims by a defendant based upon purportedly outrageous conduct by federal agents towards a co-defendant – a party – holding that "even if we assume that [the co-defendant's] Sixth Amendment right to counsel was violated, *that right is a personal right*, and its violation as to [the co-defendant] does not give [the defendant] standing to challenge his conviction." United States v. Partin, 601 F.2d 1000, 1006 (9th Cir. 1979) (citations omitted) (emphasis added).

### B.    Claimant Has Not Established Prejudice

For such an extreme remedy as dismissal, the Supreme Court requires a showing of substantial prejudice, something entirely missing from Claimant's Motions.[4]  See, e.g., United States v. Morrison, 449 U.S. 361, 365-67, (1981) (holding that dismissal of an indictment was an inappropriate remedy for an alleged Sixth Amendment violation that did not prejudice the defendant, even though the conduct of the government agents was "egregious"); id. at 365

---

[4] The cases Mr. Sibley cites are criminal cases.  The Government is not aware of a civil case where a cause of action has been dismissed for alleged Government misconduct.  The cases set forth below are criminal cases.

("[A]bsent demonstrable prejudice or substantial threat thereof, dismissal of the indictment is plainly inappropriate, even though the violation may have been deliberate." (footnote omitted)); Bank of Nova Scotia v. United States, 487 U.S. 250, 263 (1988), (a court has "no authority to dismiss the indictment on the basis of prosecutorial misconduct absent a finding that petitioners were prejudiced by such misconduct."); United States v. Mayer, __ F.3d __, 2007 WL 1760668 (9th Cir., June 20, 2007) (affirming district court's denial of motion to dismiss indictment based on alleged outrageous governmental misconduct). Cf. United States v. Payner, 447 U.S. 727, 733, (1980) (holding that district court cannot invoke its supervisory power to circumvent the Fourth Amendment standing rules by excluding evidence seized illegally and in bad faith by the government in violation of a third party's - but not the defendant's - constitutional rights).

In Claimant's Motions, she makes no showing of prejudice. In fact, she fails to even make a claim or prejudice. Instead, Claimant makes inflammatory allegations apparently intended to further her ongoing effort to be portrayed as a victim of an insensitive government.

Finally, the allegations in Claimant's Motions, even if considered in the light most favorable to the Claimant, establish nothing close to outrageous conduct. It is entirely appropriate for agents to attempt to interview potential witnesses. In fact, this is a well-established, and indeed, essential, part of investigating a case. Here, the affidavit presumably prepared by Mr. Sibley and signed by the woman he characterizes as "in the beginning stages of forgetfulness" never states that Blanche Palfrey ever informed the agents that she was represented by Mr. Sibley. *Nor does Mr. Sibley ever indicate that he told any Government official that he represented Blanche Palfrey*. Blanche Palfrey asserts only that she told the agents that they should speak to Mr. Sibley – not that he represented her. Even if all of the allegations

contained in the Affidavit are true, and the Government does not believe they are, the "facts" alleged are do not suffice to: first, support an inference that the Government violated someone's rights; second, provide any basis for concluding that Blanche Palfrey's interview prejudiced the Claimant in any manner; and third, justify the remedy sought by Mr. Sibley through his filing of Claimant's Motions.

    C.    **An Evidentiary Hearing is Unnecessary**

Mr. Sibley promises at a hearing to "produce evidence that there is a pattern and practice of the United States Government to go after the parents of defendant and/or claimants who will not accept the government's offer to settle but instead vigorously litigate specious charges that implicate governmental incompetence, malfeasance and/or misfeasance." Claimant's Motions at 6. Even accepting the representations made in Claimant's Motion as true, which the Government does not, there is no basis for the requested relief. Thus, there is no need for an evidentiary hearing on the issues Mr. Sibley seeks to raise.[5]

---

[5] In motions devoted to spurious assertions of misconduct, Claimant's Motions skip lightly over Mr. Sibley's own conduct in offering to represent Blanche Palfrey if the Government undertook to investigate her. According to Blanche Palfrey's Affidavit, she spoke in October 2006 with Montgomery Blair Sibley about the seizure of her daughter's assets, and he offered to be her lawyer if the Government undertook to investigate her. At that time, Mr. Sibley well knew that the Government was investigating Blanche Palfrey's daughter. In this context, by offering to represent his client's mother, if she should become an investigative target, Mr. Sibley must have forged himself a considerable ethical conundrum. Even more remarkably, according to Blanche Palfrey's Affidavit, Mr. Sibley apparently then further advised his client's mother that, if she became a target, he would become her attorney, too, and she should "not speak with anyone about this matter." That advice marks a beeline for the border between dubious ethics and obstruction of justice. See, e.g., Attorney Grievance Com'n v. Kent, 337 Md. 361, 378-380, 653 A.2d 909, 918-919 (1995) (discussing attorney conflicts and attorney-witness tampering).

### III. Conclusion

For the foregoing reasons, the United States respectfully submits that Claimant's Motions should be denied.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

/ s /

WILLIAM R. COWDEN
Assistant United States Attorney
DC Bar No. 426301
555 4th Street, N.W.
Washington, DC  20530
(202) 307-0258
<William.Cowden@usdoj.gov>

### CERTIFICATE OF SERVICE

I certify that I caused the foregoing Opposition to be served upon counsel of record via the Court's ECF system, on this 28th day of June 2007.

/ s /

WILLIAM R. COWDEN
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | Civil Action No. 06-1710 (GK) |
| | : | |
| **803 CAPITOL STREET, VALLEJO CALIFORNIA 94590** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## ORDER

WHEREUPON, having considered Claimant's Motions to Lift Stay, Dismiss for Outrageous Conduct and for an Evidentiary Hearing, the Government's Objection thereto, and the record herein, it is this _____ day of _____, 2007, hereby

ORDERED, that the Claimant's Motions are hereby DENIED.


Date: _____        _____
                                Gladys Kessler
                                United States District Judge