**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,

     PLAINTIFF,

VS.

803 CAPITOL STREET VALLEJO, CALIFORNIA
94590 AND 1441 VAQUERO GLEN
ESCONDIDO, CALIFORNIA 92026,

    DEFENDANTS.

_____/

CASE NO.:1:06-CV-01710-GK

**CLAIMANT'S SECOND  MOTION TO
COMPEL**

   Claimant, Deborah Jeane Palfrey, by and through her undersigned counsel and pursuant to Federal Rules of Civil Procedure,  Rules 26 and 37, hereby  respectfully moves this Court for an order compelling (i) production of documents and (ii) answers to interrogatories, and (iii) ordering Troy A. Burrus, Special Agent, Internal Revenue Service to appear for his deposition, and for grounds in support thereof states:

   1.  On January 9, 2007, Claimant served her (i) First Request to Produce and (ii) First Request for Admissions on Plaintiff.  A copy of both is attached hereto.

   2.  To date, Plaintiff has failed to respond to either discovery request.

   3.  Accordingly, Claimant moves for an order compelling answers to the interrogatories and compelling inspection in accordance with the request to produce.

   4.  On September 18, 2007, Claimant served her "Fifth Notice of Deposition Duces Tecum" which noticed the deposition of Troy A. Burrus, Special Agent, Internal Revenue Service to appear for his deposition on September 28, 2007.  A copy of that Notice of Deposition is attached

-1-

hereto.

5.    On September 27, 2007, AUSA William Cowden advised undersigned counsel by telephone that the government would not be appearing for the deposition as noticed.  Accordingly, counsel for the parties have conferred in good faith to resolve these matters but were unable to do so.

WHEREFORE, Claimant requests an order compelling discovery as aforesaid.

CERTIFICATE OF CONSULTATION AND SERVICE

I hereby certify that (i) I have in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action and (ii) a true and accurate copy of the served pursuant to LcvR 5.4(d) upon William R. Cowden, Assistant United States Attorney, Criminal Division, Asset Forfeiture Unit, 555 4th St., N.W., Room 4818, Washington, D.C. 20530 this September 27, 2007.

MONTGOMERY BLAIR SIBLEY
CENTER FOR FORFEITURE LAW
50 West Montgomery Avenue, Suite B-4
Rockville,  MD 20850-4216
Voice/Fax:     (202) 478-0371
E-mail:        mbsibley@civilforfeiture.com


By:   /s/ Montgomery Blair Sibley
         Montgomery Blair Sibley
         D.C. Bar #464488

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

        PLAINTIFF,

vs.

803 CAPITOL STREET VALLEJO, CALIFORNIA
94590 AND 1441 VAQUERO GLEN ESCONDIDO,
CALIFORNIA 92026,

        DEFENDANTS.

_____/

CASE NO.:1:06-CV-01710-GK

(Proposed)

ORDER ON CLAIMANT'S SECOND MOTION
TO COMPEL

    On the motion of Claimant for an Order on Claimant's First Motion to Compel

    IT IS ORDERED that the motion is Granted.  Plaintiff shall file its answers to Claimant's

Request to Produce and First Set of Interrogatories within five (5) days fo this Order and appear for

deposition within five (5) days of this order as noticed in Claimant's Fifth Notice of Deposition

Duces Tecum".

    DONE AND ORDERED in Chambers, Washington, D.C. this ____ day of _____,

2007.

               By: _____
                     United States District Judge

Copies to:

Montgomery Blair Sibley
William R. Cowden

**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,

                PLAINTIFF,

VS.

803 CAPITOL STREET VALLEJO, CALIFORNIA
94590 AND 1441 VAQUERO GLEN
ESCONDIDO, CALIFORNIA 92026,

                DEFENDANTS.

_____/

CASE NO.:1:06-CV-01710-GK

**CLAIMANT'S FIRST REQUEST TO PRODUCE TO PLAINTIFF**

      Claimant, Deborah Jeane Palfrey, by and through her undersigned counsel and pursuant to Federal Rules of Civil Procedure, Rule 34, hereby requests that Plaintiff United States produce the documents hereinafter described, within the time prescribed and in accordance with the instructions and definitions set forth below at a mutually agreeable place.

**DEFINITIONS**

      As used in this request:

      A.      "Document" means any handwritten, typewritten, printed, printed recorded, visual graphic, electronic or other matter, however produced or reproduced, and whatever the medium on which it was produced or reproduced, and any other tangible item or thing of readable, recorded or visual material of whatever nature, including each separate copy of each document which by reason of any variation (e.g., the presence or absence of any handwritten notes, underlining, or attachments affixed thereto), represents a different version. The term "document" shall include but be not limited to each and every draft of a document and each and every file folder or other material in which the

-1-

above items are stored, filed or maintained.

      B.       "And" and "or" mean and/or; "each" and "every" mean each and every.

      C.       The singular form of any word includes the plural form and visa versa.

      D.       "Person" means any natural person.

      E.       "Entity" means any proprietorship, partnership, corporation, joint venture, association, government body or other entity that is not a natural person.

      F.       "Concerning" means relating to, referring to, describing, evidencing or constituting.

### INSTRUCTIONS

      A.       Each document is to be produced, along with all drafts thereof, in its entirety, without abbreviation or expurgation.

      B.       Each document shall be produced in its original file folder, jacket or cover.

      C.       To the extent that a full and complete response to any item would require the production of documents being produced in response to another item, a cross-reference to the specific item under which such documents are being produced may be used in lieu of such reproduction.

      D.       Each request should be construed as being inclusive rather than exclusive.  Thus, words importing the singular shall include the plural; words importing one gender shall include all genders; "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive.

      E.       If any request for documents is deemed to call for the production of privileged materials, or materials protected from disclosure by the work-product doctrine or otherwise, please comply with local rule 26.1

F.    If any request for documents is deemed to call for the production of documents which have been lost, destroyed or discarded, an inventory of such documents is to be furnished containing the following information:

(a)    the type of document (letter, memorandum, handwritten notes, etc.);
(b)    the date of the document;
(c)    the title of the document;
(d)    the author of the document and the names of any other persons who participated in the preparation of the document;
(e)    the addressee of the document and the names of any other recipients of the document;
(f)    the subject matter of the document;
(g)    the number of pages in the document;
(h)    the date on which the document was lost, destroyed or discarded;
(i)    the manner in which the document was lost, destroyed or discarded;
(j)    the names of the persons ordering, authorizing, participating in or with knowledge of such loss, destruction or discarding, and
(k)    the reason for the loss, destruction or discard.

G.    Any and all documents responsive to these requests which are not in the actual possession of the potential claimant, but which are in the custody of or under the control of attorneys for the potential claimant must be produced.

H.    This request for production of documents shall be deemed to be continuing to the full extent allowed by the Federal Rules of Civil Procedure.  If, after making his initial production, plaintiff obtains or becomes aware of any other documents responsive to this request, plaintiff is required to produce such additional documents to the Plaintiff within five days after receipt of such information but no later than three weeks before the time of trial.

### REQUEST FOR DOCUMENTS

1.    All documents related this case.

2.    All Documents concerning the disclosure of Claimant's account records at Wells

Fargo and Charles Schwab.

3.      All Documents concerning communications with "other sources, including from interviews of some of Palfrey's male customers and interviews of some of the females who had worked for Palfrey as prostitutes" as described in the ¶9 of the First Amended Complaint in this matter.

4.      All Documents concerning communications with those who Claimant alleged engaged in a conspiracy with as described in the ¶10 of the First Amended Complaint in this matter.

5.      All Documents concerning the allegations that "Palfrey advertised Pamela Martin and Associates, her business, as an escort service in the yellow pages, on the Internet, and in the Washington City Paper" as described in the ¶18 of the First Amended Complaint in this matter.

6.      All Document concerning the allegation that "Palfrey recruited female prostitutes through advertisements on the Internet, in the Washington City Paper, and in the University of Maryland student newspaper. Palfrey's website was www.pamelamartin.com" as described in the ¶19 of the First Amended Complaint in this matter.

7.      All Documents concerning the allegation that "Palfrey used several males for the screening appointments. These screeners did pay for the prostitution services Palfrey arranged, sometimes sending payments directly to Palfrey in the form of checks written on the screeners' checking accounts" as described in the ¶23 of the First Amended Complaint in this matter.

8.      All Documents concerning the execution of a search warrant at Claimant's residence at 803 Capitol Street, Vallejo, California.

9.      All Documents concerning the allegations that "Newsletters" to the prostitutes Claimant allegedly distributed as described in the ¶27 of the First Amended Complaint in this matter.

10.    All Documents concerning the allegations that "Palfrey knew that the adult service escorts working for Pamela Martin and Associates performed sex acts, including oral sex, and sexual intercourse, with Pamela Martin and Associates customers. Palfrey refused to hire, and generally would fire, escorts who refused to engage in prostitution activity. Palfrey did permit an employee who refused to have sex with a customer to remain employed after the prostitute explained to Palfrey that the customer's penis appeared to be diseased" as described in the ¶41 of the First Amended Complaint in this matter.

11.    All Documents concerning the allegations that "Palfrey paid her personal living expenses, including mortgage payments and car lease payments, from the Accounts into which proceeds from Palfrey's prostitution business had been deposited and/or transferred" as described in the ¶48 of the First Amended Complaint in this matter.

12.    All Documents concerning the allegations that "Palfrey has had neither any other apparent employment, nor any apparent legitimate source of income, during the time (from in or about 1993 through in or about August 2006) that she was operating her prostitution business as Pamela Martin and Associates, paying the mortgages and for the improvements on the defendant real properties, purchasing the defendant Coins, or making deposits into and transferring monies among the Accounts" as described in the ¶50 of the First Amended Complaint in this matter.

13.    All Documents concerning the verification by deponent that "reports and information known to me and/or furnished to me by law enforcement agents" found in the First Amended Complaint in this matter.

14.    All Documents concerning  Ken Wainstein, United States Attorney for the District of Columbia, testimony in support of D.C. Council Bill 16-130, Bill 16-247, Bill 16-335, and Bill

-5-

16-381, including without limitation, internal office memorandums regarding that testimony.

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the served pursuant to Hand-Delivery and LcvR 5.4(d) upon William R. Cowden, Assistant United States Attorney, Criminal Division, Asset Forfeiture Unit, 555 4th St., N.W., Room 4818, Washington, D.C. 20530 this January 9, 2007.

MONTGOMERY BLAIR SIBLEY
CENTER FOR FORFEITURE LAW
50 West Montgomery Avenue, Suite B-4
Rockville,  MD 20850-4216
Voice/Fax:    (202) 478-0371
E-mail:        mbsibley@civilforfeiture.com


By:  /s/ Montgomery Blair Sibley
        Montgomery Blair Sibley
        D.C. Bar #464488

-6-

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

                    PLAINTIFF,

vs.

803 CAPITOL STREET VALLEJO, CALIFORNIA
94590 AND 1441 VAQUERO GLEN ESCONDIDO,
CALIFORNIA 92026,

                  DEFENDANTS.
_____/

CASE NO.:1-06-CV-01710-GK

CLAIMANT'S NOTICE OF SERVICE OF FIRST
SET OF INTERROGATORIES TO PLAINTIFF

       Claimant, Deborah Jeane Palfrey, by and through her undersigned counsel hereby gives

notice that she has served her first set of interrogatories attached hereto on the Plaintiff, numbered

1 through 6 pursuant to Rule 33, Federal Rules of Civil Procedure.

### CERTIFICATE OF SERVICE

       I hereby certify that a true and accurate copy of the served pursuant to LcvR 5.4(d) upon
Judith A. Kidwell, Assistant United States Attorney, Criminal Division, Asset Forfeiture Unit, 555
4th St., N.W., Room 4818, Washington, D.C. 20530 this January 9, 2007.

                   MONTGOMERY BLAIR SIBLEY
                   CENTER FOR FORFEITURE LAW
                   50 West Montgomery Avenue, Suite B-4
                   Rockville,  MD 20850-4216
                   Voice/Fax:    (202) 478-0371
                   E-mail:      mbsibley@civilforfeiture.com

                   By:   /s/ Montgomery Blair Sibley
                      Montgomery Blair Sibley
                      D.C. Bar #464488

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

              PLAINTIFF,

VS.

803 CAPITOL STREET VALLEJO, CALIFORNIA
94590 AND 1441 VAQUERO GLEN ESCONDIDO,
CALIFORNIA 92026,

              DEFENDANTS.

_____/

CASE NO.:1-06-CV-01710-GK

CLAIMANT'S FIRST SET OF INTERROGATORIES
TO PLAINTIFF

Claimant, Deborah Jeane Palfrey, by and through her undersigned counsel, propounds the

following interrogatories to Plaintiff, to be answered under oath pursuant to Rule 33, Federal Rules

of Civil Procedure, within thirty (30) days from the date of service hereof.

      1.      Identify each individual who has knowledge and give the basis and a summary of their
knowledge referenced in ¶9 of the First Amended Complaint.

      2.      Identify each individual who has knowledge and give the basis and a summary of their
knowledge referenced in ¶10 of the First Amended Complaint.

      3.      Identify each individual who has knowledge and give the basis and a summary of their
knowledge referenced in ¶12 of the First Amended Complaint.

-1-

4.      Identify each individual who has knowledge and give the basis and a summary of their knowledge referenced in ¶13 of the First Amended Complaint.

5.      Identify each individual who has knowledge and give the basis and a summary of their knowledge referenced in ¶16 of the First Amended Complaint.

6.      Identify each individual who has knowledge and give the basis and a summary of their knowledge referenced in ¶23 of the First Amended Complaint.

7.      Identify each individual who has knowledge and give the basis and a summary of their knowledge referenced in ¶24 of the First Amended Complaint.

8.      Was any videotape made of the search warrant execution referenced in ¶24 of the First Amended Complaint.

9.      Identify each individual who has knowledge and give the basis and a summary of their knowledge referenced in ¶26 of the First Amended Complaint.

10.     Identify each individual who has knowledge and give the basis and a summary of their knowledge referenced in ¶40 of the First Amended Complaint.

11.     Identify each individual who has knowledge and give the basis and a summary of their knowledge referenced in ¶41 of the First Amended Complaint.

12.     Identify each individual who has knowledge and give the basis and a summary of their knowledge referenced in ¶43 of the First Amended Complaint.

13.     Identify each individual who has knowledge and give the basis and a summary of their knowledge referenced in ¶45 of the First Amended Complaint.

14.     Identify each individual who has knowledge and give the basis and a summary of their knowledge referenced in ¶46 of the First Amended Complaint.

15.     Identify each individual who has knowledge and give the basis and a summary of their knowledge referenced in ¶47 of the First Amended Complaint.

16.    Identify each individual who has knowledge and give the basis and a summary of their knowledge referenced in ¶48 of the First Amended Complaint.

17.    Identify each individual who has knowledge and give the basis and a summary of their knowledge referenced in ¶49 of the First Amended Complaint.

18.    Identify each individual who has knowledge and give the basis and a summary of their knowledge referenced in ¶50 of the First Amended Complaint.

19.    Identify each individual at Wells Fargo Bank who has knowledge of this matter and give the basis and a summary that knowledge.

20.    Identify each individual at Charles Schwab who has knowledge of this matter and give the basis and a summary that knowledge.

21.    Identify each person with their address and telephone number alleged to be a "prostitute" in the First Amended Complaint.

22.    Identify each person with their address and telephone number alleged to be a "customer" in the First Amended Complaint.

-4-

State of _____
County of _____


By: _____


       Sworn to and subscribed before me this _____ day of _____, 2006 by_____.

_____(SEAL)
Notary Public

Personally Known _____ OR Produced Identification
Type of Identification Produced: _____

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

                PLAINTIFF,

vs.

803 CAPITOL STREET VALLEJO, CALIFORNIA
94590 *ET AL.*,

              DEFENDANTS.
_____/

CASE NO.:1-06-CV-01710-GK

**CLAIMANT'S FIFTH NOTICE OF DEPOSITION DUCES TECUM**

Please take notice that pursuant to Rule 30(b)(6), Federal Rules of Civil Procedure, the undersigned will take the depositions upon oral examination of the following people at the following times and place:

      1.    **Troy A. Burrus, Special Agent, Internal Revenue Service** at Law Offices of Montgomery Blair Sibley, 1717 K Street, N.W., Suite 600, Washington, D.C. 20036 on **Friday, September 28, 2007, at 10:00 a.m.**

      The deposition (i) will be taken upon oral examination before a Notary Public in and for the District of Columbia, or some other officer duly authorized by law to take depositions, (ii) will continue from day to day until completed, (iv) pursuant to FRCP 30(b)(3) may also be taken by video/audio recording and (iv) is being taken for the purpose of discovery, for use at trial, or both, and for such other purposes as are permitted under the Federal Rules of Civil Procedure and governing federal statutes.

      Pursuant to Federal Rules of Civil Procedure, Rule 30(b)(5), the Defendant is requested in compliance with Rule 34 to produce the following documents and tangible things at the taking of the deposition:

-1-

1.    All documents related this case.

2.    All Documents concerning the disclosure of Claimant's account records at Wells Fargo and Charles Schwab.

3.    All Documents concerning communications with "other sources, including from interviews of some of Palfrey's male customers and interviews of some of the females who had worked for Palfrey as prostitutes" as described in the ¶9 of the First Amended Complaint in this matter.

4.    All Documents concerning communications with those who Claimant alleged engaged in a conspiracy with as described in the ¶10 of the First Amended Complaint in this matter.

5.    All Documents concerning the allegations that "Palfrey advertised Pamela Martin and Associates, her business, as an escort service in the yellow pages, on the Internet, and in the Washington City Paper" as described in the ¶18 of the First Amended Complaint in this matter.

6.    All Document concerning the allegation that "Palfrey recruited female prostitutes through advertisements on the Internet, in the Washington City Paper, and in the University of Maryland student newspaper. Palfrey's website was www.pamelamartin.com" as described in the ¶19 of the First Amended Complaint in this matter.

7.    All Documents concerning the allegation that "Palfrey used several males for the screening appointments. These screeners did pay for the prostitution services Palfrey arranged, sometimes sending payments directly to Palfrey in the form of checks written on the screeners' checking accounts" as described in the ¶23 of the First Amended Complaint in this matter.

8.    All Documents concerning the execution of a search warrant at Claimant's residence at 803 Capitol Street, Vallejo, California.

9.     All Documents concerning the allegations that "Newsletters" to the prostitutes Claimant allegedly distributed as described in the ¶27 of the First Amended Complaint in this matter.

10.     All Documents concerning the allegations that "Palfrey knew that the adult service escorts working for Pamela Martin and Associates performed sex acts, including oral sex, and sexual intercourse, with Pamela Martin and Associates customers. Palfrey refused to hire, and generally would fire, escorts who refused to engage in prostitution activity. Palfrey did permit an employee who refused to have sex with a customer to remain employed after the prostitute explained to Palfrey that the customer's penis appeared to be diseased" as described in the ¶41 of the First Amended Complaint in this matter.

11.     All Documents concerning the allegations that "Palfrey paid her personal living expenses, including mortgage payments and car lease payments, from the Accounts into which proceeds from Palfrey's prostitution business had been deposited and/or transferred" as described in the ¶48 of the First Amended Complaint in this matter.

12.     All Documents concerning the allegations that "Palfrey has had neither any other apparent employment, nor any apparent legitimate source of income, during the time (from in or about 1993 through in or about August 2006) that she was operating her prostitution business as Pamela Martin and Associates, paying the mortgages and for the improvements on the defendant real properties, purchasing the defendant Coins, or making deposits into and transferring monies among the Accounts" as described in the ¶50 of the First Amended Complaint in this matter.

13.     All Documents concerning the verification by deponent that "reports and information known to me and/or furnished to me by law enforcement agents" found in the First Amended Complaint in this matter.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the served pursuant to Hand-Delivery and LcvR 5.4(d) upon William R. Cowden, Assistant United States Attorney, Criminal Division, Asset Forfeiture Unit, 555 4th St., N.W., Room 4818, Washington, D.C. 20530 this September 18, 2007.

> **MONTGOMERY BLAIR SIBLEY**
> **CENTER FOR FORFEITURE LAW**
> 50 West Montgomery Avenue, Suite B-4
> Rockville,  MD 20850-4216
> Voice/Fax:     (202) 478-0371
> E-mail:        mbsibley@civilforfeiture.com
>
>
> By:   /s/ Montgomery Blair Sibley
>       Montgomery Blair Sibley
>       D.C. Bar #464488

-4-