UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,            ) | |
|                            **Plaintiff,**            ) | |
| v.                                               ) | |
| 803 CAPITOL STREET, VALLEJO      ) | Civil No. 06-1710 (GK) |
| CALIFORNIA 94590,                         ) | ECF |
| 1441 VAQUERO GLEN, ESCONDIDO ) | |
| CALIFORNIA 92026,                         ) | |
| APPROXIMATELY $276,645.97 IN      ) | |
| FUNDS FROM CHARLES SCHWAB    ) | |
| INVESTMENT ACCOUNTS 6884-3181, ) | |
| 6884-3186 AND 6884-3192, AND          ) | |
| $135,442.60 IN STOCKS MAINTAINED ) | |
| BY CHARLES SCHWAB, ALL HELD IN ) | |
| THE NAME OF DEBORAH J. PALFREY, ) | |
| $11,396.35 IN FUNDS FROM WELLS    ) | |
| FARGO ACCOUNTS 6952-139217         ) | |
| AND 005-9211417, HELD IN THE         ) | |
| NAME OF DEBORAH J. PALFREY,      ) | |
|          AND                                     ) | |
| 413 GOLD KRUGERRANDS AND         ) | |
| OTHER GOLD AND SILVER COINS,   ) | |
|                            **Defendants.**      ) | |

**PLAINTIFF'S REPLY TO CLAIMANT'S OPPOSITION
TO PLAINTIFF'S MOTION TO EXTEND THE STAY**

     Plaintiff, the United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby replies to "Claimant's Response to Government's Motion to Extend the Stay" (claimant's "opposition").

As the government indicated in its initial stay request, and in its recent motion to renew the stay for the duration of the related criminal case, section 981(g)(1) of the United States Code authorizes a stay of a civil forfeiture case when a related criminal investigation or criminal case exists, stating: "Upon the motion of the United States, the court *shall* stay the civil forfeiture proceeding if the Court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." (Emphasis added.) In claimant's recent opposition to the government's request that the civil stay remain in place, she protests that because the criminal *investigation* is concluded, the previously articulated bases for a stay no longer obtain. Her argument is specious. As the Court previously recognized, rules for civil and criminal discovery are incompatible. Allowing the broader civil discovery rules to be used to subvert the limitations placed on criminal discovery would prejudice the government's criminal prosecution, too. Indeed, such appears to be claimant's intent.[1]

The assets sued for forfeiture in this civil case also are identified for forfeiture in the criminal case. All of the assets identified for forfeiture in the civil case also are restrained in the criminal case, pending the outcome of the criminal forfeiture proceedings. The criminal trial will

---

[1] Claimant has sought to use court proceedings and processes to harass probable witnesses and third parties. She has moved for an order to compel the government to respond to civil discovery demands (including document requests) that are much broader than those permitted under applicable criminal rules. Claimant has filed discovery materials, and other unredacted submissions, for the seeming purpose of subjecting potential witnesses to sensational publicity. She has twice sought to force one of the government's investigators to submit to a deposition. She previously initiated a lawsuit against her former employees – after she became aware that they were potential witnesses against her. Recently, she attempted to schedule, in this civil case, depositions of several journalists. In particular, this last effort raises vital issues of whether the civil discovery is being used to embarrass, intimidate, harass, and engender sensational press.

precede a civil trial – should the latter ever be necessary.  Given these realities, permitting civil discovery to proceed will likely also waste judicial resources.  As long as related criminal charges and forfeiture allegations remain pending, resolution of this civil case will not determine whether the defendant property should be ordered forfeited or, instead, returned.[2]

Claimant's opposition provides little in the way of legal or factual support.  She does, however, newly maintain that she "has unequivocally communicated to the government that she would submit to her deposition."  But, in fact, claimant has never "unequivocally"indicated that she would agree to waive her constitutional right against self-incrimination were her deposition to be noticed.  Indeed, when the Court inquired about this very issue, during a hearing at which attorneys representing her in this case and her criminal case were present, neither attorney agreed that he would advise claimant to answer every relevant question posed to her at a deposition while related criminal charges were pending.  Claimant never has suggested that she would answer every relevant question posed to her were her deposition to proceed before her criminal trial.

---

[2] Claimant maintains that the Court should address motions she has filed in this case – which motions she terms "dispositive" – before it decides whether to stay this case.  But the criminal case proposes to resolve both Ms. Palfrey's criminal liability and the forfeitability of the very same property (directly, or as substitute assets) that claimant seeks to have returned through motions filed in this case.  Claimant's civil motions are irrelevant to her criminal forfeiture proceedings; therefore, they cannot be dispositive.  Claimant has no right to the relief she seeks in this civil case – her immediate repossession of certain assets – while those assets remain subject to restraint as property identified for forfeiture in a pending criminal proceeding.  See e.g., United States v. Wingerter, 369 F. Supp.2d 799 (E.D. Va. 2005) ("there is no discretion to permit a defendant to spend assets that are subject to forfeiture, including substitute assets.  They must be preserved for forfeiture.").

Last, claimant lodges a complaint because the Court has not entered an order allowing for the sale of certain assets – presumably the Dolby stock that was seized by Court Order in October 2006.  But, the stock has nearly doubled in value since its seizure.  The asset is not wasting.

Nor has claimant ever suggested language for a protective order, as an alternative to a stay, that might accommodate both her recently professed willingness to tell her story, under oath, even before the issue of her criminal representation is resolved, and the government's legitimate concerns (1) that its own discovery not be unfairly curtailed and (2) that the criminal proceedings remain on track and fair to the parties and to the witnesses.[3]

Claimant's recent assertions – that she is ready to testify now and that she only seeks a speedy resolution of a huge misunderstanding – are belied by claimant's habitual effort to fire experienced criminal defense attorneys. In any event, the pending criminal case will present claimant with a not-too-distant opportunity to tell her story to a jury, if that is her intent.

---

[3] Unfortunately, claimant's attorney's past practices necessarily must factor into the prudence of allowing this case to proceed under the terms of a protective order in lieu of a temporary stay. Her counsel here has behaved remarkably by interjecting himself into the relationship between a criminal defendant and her experienced criminal defense attorney. He has sponsored frivolous lawsuits against witnesses in this case, and in other jurisdictions, he has drafted and submitted numerous unsupported, duplicative pleadings, and he has persisted in demanding, or threatening to demand, irrelevant discovery from non-parties. In opposing the government's first request for a stay, claimant's counsel represented to the Court that he would not seek extensive civil discovery. Yet, he has moved to compel from the government a response to his initial request for *every document related to this case*. Twice, claimant's counsel has sought to depose a government agent, and he sought to compel, this week, the testimony of three New York-based reporters who, presumably, wrote or broadcast stories related to the criminal charges against claimant. In this case, claimant's counsel submitted a motion to have this Court treat a previously unsupported motion he filed as conceded – before the plaintiff's opposition was due. See Document 17. The Court denied that motion as "totally frivolous." See Minute Order dated 12/21/2006. Nevertheless, in criminal case 07-cr-046 (GK), he has now "assisted" the defendant in filing a similar motion -- despite the existence of a timely filed government opposition in the record. See Document 118. Responding to claimant's attorney's misrepresentations, rule violations, and antics wastes considerable Court and third-party resources. History suggests that in this case a temporary stay will be more effective than a protective order in curtailing such abuse.

Wherefore, the United States respectfully requests that its Motion to Extend the Stay for the duration of claimant's criminal prosecution be GRANTED.

Respectfully submitted,

/s/_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney

/s/_____
WILLIAM R. COWDEN, DC Bar #426301
Assistant United States Attorney
United States Attorney's Office
555 Fourth Street, N.W.
Washington, DC 20530
(202) 307-0258

## CERTIFICATE OF SERVICE

I certify that I caused the foregoing Motion to Stay to be served upon counsel of record in this case via the Court's ECF system (and also, be e-mail, to her counsel of record in 07-cr-046), on this 4th day of October 2007.

/s/_____
WILLIAM R. COWDEN, DC Bar #426301
Assistant United States Attorney
