UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**              ) | |
| )                                               | |
| Plaintiff,                             ) | |
| )                                               | |
| v.                                         ) | |
| )                                               | |
| **803 CAPITOL STREET, VALLEJO**            ) | Civil No. 06-1710 (GK) |
| **CALIFORNIA 94590,**                         ) | ECF |
| )                                               | |
| **1441 VAQUERO GLEN, ESCONDIDO**         ) | |
| **CALIFORNIA 92026,**                         ) | |
| )                                               | |
| **APPROXIMATELY $276,645.97 IN**          ) | |
| **FUNDS FROM CHARLES SCHWAB**            ) | |
| **INVESTMENT ACCOUNTS6884-3181,**        ) | |
| **6884-3186 AND 6884-3192, AND**          ) | |
| **$135,442.60 IN STOCKS MAINTAINED**     ) | |
| **BY CHARLES SCHWAB, ALL HELD IN**       ) | |
| **THE NAME OF DEBORAH J. PALFREY,**      ) | |
| )                                               | |
| **$11,396.35 IN FUNDS FROM WELLS**        ) | |
| **FARGO ACCOUNTS 6952-139217**             ) | |
| **AND 005-9211417, HELD IN THE**          ) | |
| **NAME OF DEBORAH J. PALFREY,**            ) | |
| )                                               | |
| **AND**                                      ) | |
| )                                               | |
| **413 GOLD KRUGERRANDS AND**              ) | |
| **OTHER GOLD AND SILVER COINS,**          ) | |
| )                                               | |
| Defendants.                        ) | |

**PLAINTIFF'S OPPOSITION TO "CLAIMANT'S MOTION
AND AFFIDAVIT TO DISQUALIFY JUDGE KESSLER"**

Plaintiff, the United States of America, by its attorney, the United States Attorney for the District of Columbia, respectfully files this Opposition to "Claimant's Motion and Affidavit to Disqualify Judge Kessler."

Claimant's motion is an incorporation of a similar request she filed in the criminal case in which she remains a defendant. Claimant states that she "believe[s] that Judge Kessler has a personal bias or prejudice either against me and my [civil] counsel, Montgomery Blair Sibley or in favor or any adverse party[,]" and then lists six alleged grounds for this allegation. Def.'s Mot. at 1-3. As discussed below, defendant's motion is unsupported by fact or law and should be denied.

Claimant's alleged grounds to disqualify District Judge Kessler relate to: rulings (or, defendant contends, delaying on ruling) in this case (alleged ground #1) and the criminal case (#2(i), (iii), and (iv); and #4), alleged admonishments of claimant (#3) and Mr. Sibley when he tried to participate in court proceedings in the criminal case (#2), the Court allegedly being exposed to "settlement negotiations" (#5), and an alleged *ex parte* discussion with the government about Mr. Sibley (#6). As shown below, these alleged grounds are all insufficient to support the disqualification sought by claimant.

A leading case in this area is Liteky v. United States, 510 U.S. 540 (1994). In Liteky, the Supreme Court addressed both statutes cited by defendant, 28 U.S.C. §§ 144 and 455. Id. The Court held that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . Almost invariably, they are proper grounds for appeal, not for recusal." 510 U.S. at 555 (citation omitted). The Court also held that:

> judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. An example of the latter (and perhaps of the former as well) is the statement that was alleged to have been made by the District Judge in Berger v. United States, 255 U.S. 22 . . .

>   (1921), a World War I espionage case against German American defendants: "One must have a very judicial mind indeed, not [to be] prejudiced against the German Americans" because their "hearts are reeking with disloyalty." Id., at 28 (internal quotation marks omitted). *Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration – even a stern and short-tempered judge's ordinary efforts at courtroom administration – remain immune.

Id. at 555-56.

Applying these principles, the Court rejected that defendant's alleged grounds for disqualification of the District Judge in that case, including rulings made and statements uttered by the judge, as well as admonishments of a co-defendant's counsel and co-defendants and an alleged anti-defendant tone. Id. at 556. In conclusion, the Court held that:

>   All of these grounds are inadequate under the principles we have described above: They consist of judicial rulings, routine trial administration efforts, and ordinary admonishments (whether or not legally supportable) to counsel and to witnesses. All occurred in the course of judicial proceedings, *and* neither (1) relied upon knowledge acquired outside such proceedings nor (2) displayed deep-seated and unequivocal antagonism that would render fair judgment impossible.

Id. at 556; see, e.g., Carson v. United States, 455 F.3d 336, 355-60 (D.C. Cir. 2006), cert. denied, 127 S. Ct. 1351 (2007) (although Carson involves a claim – rejected by the court of appeals – of such bias on the part of the trial judge that defendants did not receive a fair trial, the same general principles apply as with a statutory recusal motion, see id. at 355, n.17).

Similarly, in this case, claimant's contentions regarding the Court's rulings and comments are easily disposed of because, even if taken as stated by claimant, they fall far short of meeting the requirements for a recusal. Nor do claimant's other alleged grounds meet the required standard. For the reasons discussed in the government's opposition to the *pro se* omnibus

motion claimant filed in 07-cr-046 (Section B4a), the Court has not been exposed, improperly, to the terms of confidential "settlement negotiations." Nor has the government violated any evidentiary rule. Thus, these allegations of impropriety offer no support for the relief claimant requests.

Lastly, there was no improper *ex parte* communication with the Court in this matter or in the criminal case. The discussion in the criminal case that claimant references, Dkt. No. 113 at 4, was a bench conference at which claimant's criminal defense attorney, Mr. Kramer, was present. There was nothing improper in that bench conference.

## CONCLUSION

Claimant's alleged grounds for disqualification are woefully insufficient to support the action she seeks. For the foregoing reasons, the United States respectfully submits that Claimant's motion should be DENIED.

Respectfully submitted,

_/s/_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney

_/s/_____
WILLIAM R. COWDEN, DC Bar # 426301
Assistant United States Attorney
U.S. Attorney's Office, Criminal Division
555 Fourth Street, N.W.
Washington, DC 20530
(202) 307-0258

## CERTIFICATE OF SERVICE

      I certify that I caused the foregoing Opposition to be served upon counsel of record via the Court's ECF system, and to the attorney representing claimant in her related criminal case, by electronic-mail, on this  9th  day of October, 2007.

                                        /s/
                                        WILLIAM R. COWDEN, DC Bar #426301
                                        Assistant United States Attorney
                                        555 4th St., N.W.
                                        Washington, DC  20530
                                        202-307-0258

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | |
| **803 CAPITOL STREET, VALLEJO** ) | Civil No. 06-1710 (GK) |
| **CALIFORNIA 94590,** *ET AL.*, ) | ECF |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**O R D E R**

Upon consideration of "Claimant's Motion and Affidavit to Disqualify Judge Kessler," the Opposition thereto, and the entire record herein, it is this _____ day of

_____, 2007

HEREBY Ordered that the motion is DENIED.

_____
GLADYS KESSLER
United States District Judge