UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>803 CAPITOL STREET, VALLEJO )<br>CALIFORNIA 94590, et al., )<br>)<br>Defendants. )<br>_____) | Civil No. 06-1710 (JR) |

### BLANCHE PALFREY'S PETITION TO ASSERT HER INDIVIDUAL
### INTEREST IN DEFENDANT PROPERTIES

Blanche Palfrey, in her individual capacity, respectfully petitions to assert her interest in all or a portion of the Defendant properties, pursuant to 18 U.S.C. 983(4)(A) and the Federal Rule of Civil Procedure Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules") G(5)(a)(i). Following the death of Deborah Jeane Palfrey, Blanche Palfrey's daughter and the owner of the Defendant properties, on May 1, 2008, Ms. Palfrey retained the undersigned, who previously represented Deborah Jeane Palfrey in her criminal trial, to represent her in an individual capacity and on behalf of Deborah Jeane Palfrey's estate (presuming that Blanche Palfrey will be recognized as the Executor of that estate). This proceeding was at that time, and continues to be, stayed[1]. In the aftermath of Deborah Jeane Palfrey's death, Blanche Palfrey has taken steps to preserve her independent, individual interest in certain assets of her daughter's estate. Accordingly, Ms. Palfrey hereby asserts her own interest in the Defendant properties.

---

[1] This proceeding has been stayed since March 9, 2007. See Minute Order, March 9, 2007, staying proceeding for six months; Order granting stay through conclusion of criminal trial, Nov. 5, 2007 (Dkt. 70).

Blanche Palfrey has a legal right to support and maintenance provided by the assets that comprise the Defendant Property. The State of California, where Deborah Jeane Palfrey was a citizen and resident and where the Defendant Property resides, recognizes the legal duty of an adult child to "support a parent who is in need and unable to maintain herself through work." See Cal. Fam. Code. § 4400 (2004); see also *In re* Marriage of Leni, 50 Cal. Rptr. 3d 886, 891-92 (Cal. Ct. App. 2006) (in a divorce proceeding, the husband's expenditures on behalf of his infirm mother should not be considered an "unauthorized gift" out of the community estate because it was an obligation imposed by statute). This duty to provide support for a needy parent exists regardless of whether the parent lives or is present in the State of California. Cal. Fam. Code § 3550.

Before compelling an adult child to support a needy parent, the state considers (i) the presence of a filial relationship between the parties, (ii) the relative need of the parent for support and care, (iii) the extent of the adult child's ability to pay, (iv) the ability of other children of the parent to pay, and (v) the nature of the relationship between the parent and the adult child. See Gluckman v. Gaines, 71 Cal. Rptr. 795, 797 (Cal. Ct. App. 1968) (interpreting Cal. Civil Code § 206, from which Cal. Fam. Code § 4400 was derived without substantive change). In the case of Blanche Palfrey, each of these factors is satisfied. The filial relationship between Blanche Palfrey and Deborah Jeane Palfrey has never been called into question. Blanche is elderly, unable to work, and is residing in a small mobile home with minimal income. (The statute "does not require that the parent, to obtain support, must be absolutely destitute." See Janes v. Edwards, 41 P.2d 370, 370 (Cal. Dist. Ct. App. 1935) (affirmed judgment rendered against a son for support and maintenance of his mother even though the mother owned some real estate)). Further, there are no other children who can support Blanche Palfrey. Her only living child, Roberta Palfrey, a

resident of Florida, lacks sufficient means to support herself and her mother simultaneously.

It is clear that, had she lived, the responsibility to care for Blanche Palfrey would have fallen to Deborah Jeane Palfrey. More importantly, under California law Blanche Palfrey had the legal right to depend on that obligation of support. See Cal. Fam. Code § 4300 (indigent parent may bring civil action to enforce her child's support obligation); Cal. Penal Code § 270c (adult child who neglects to support a needy parent is guilty of misdemeanor).

Blanche Palfrey's interest in the Defendant Property should thus take priority over the interests of the United States. Deborah Jeane Palfrey's untimely death diminished the Government's interest in her assets, as civil forfeiture no longer satisfies its punitive goal. In contrast, Blanche Palfrey's interest in the Defendant Property increased dramatically upon her daughter's death, as she can no longer rely on the primary family member who was able to work and support her in her old age. Blanche Palfrey should be entitled to ownership of all of the Defendant Property, or the portion of value of the Defendant Property the Court or a jury deems sufficient to support and maintain her until the end of her life.

Respectfully submitted,

Dated: June 7, 2008

/s/
Preston Burton
DC Bar No. 429378
Orrick, Herrington & Sutcliffe LLP
1152 15th Street, NW
Washington, DC 20005
Telephone: 202-339-8400
Fax: 202-339-8500

I ask for this:

Blanche Palfrey                6-10-08
Blanche Palfrey                Dated

3