UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

PLAINTIFF,

VS.

803 CAPITOL STREET VALLEJO, CALIFORNIA
94590 ET AL.,

DEFENDANTS.
_____/

CASE NO.:1:06-CV-01710-JR

MONTGOMERY BLAIR SIBLEY'S
MEMORANDUM OF LAW IN SUPPORT OF
CHARGING LIEN

*[handwritten: 9/3 Leave to file granted /s/ USDJ]*

Plaintiff, Montgomery Blair Sibley ("Sibley"), in *proper per*, submits this, his memorandum

of law in support of his charging lien claimed in this matter, and states:

I.      LAW APPLICABLE

" The special or charging lien, as recognized by the common law, gives an attorney the right

to recover his taxable costs, or his fees and money expended on behalf of his client, from a fund

recovered by his aid, **and the right to have the court interfere to prevent payment by the**

**judgment debtor or the creditor in fraud of the attorney's right to it, and to prevent or set**

**aside assignments or settlements made in fraud of his right**." *Elam v. Monarch Life Ins. Co.*, 598

A.2d 1167, 1169 (D.C. 1991) (en banc, emphasis added).

" [W]hile it is not necessary that there be an outright legal assignment of the judgment to the

attorney, it is indispensable that there exist between the client and his attorney an agreement from

which the conclusion may reasonably be reached that they contracted with the understanding that the

attorney's charges were to be paid out of the judgment recovered." *Pink v. Farrington*, 67 App.D.C.

314, 316, 92 F.2d 465, 467, *cert. denied*, 302 U.S. 741,(1937).

" Recovery was accomplished by settlement, and no claim is made that the settlement fund

is not within the equitable control of the court. Thus, the lien attached, "at the latest, the moment a settlement was made between [Elam] and [Steele]." *Elam* at 1172.

## II.    FACTS APPLICABLE

On October 18, 2006, Jeane Palfrey and Sibley entered into a "Legal Representation and Fee Agreement", a copy of which is attached hereto. Significantly, at Section II.C, the parties agreed that: "Client agrees that Counsel shall have a lien on the claims or causes of action and on any sum recovered by way of settlement and on any judgment that may be recovered to the extent of the sums herein provided as Counsel's fees and other fees, charges and expenses incurred. It is further agreed that the Counsel shall have all general, possessory or retaining liens, and all special or charging liens known to the common law or available under law."

Subsequently on September 25, 2007, when Sibley took over the representation of Jeane in her criminal matter, the fee agreement was modified by the parties. A copy of that modification is attached hereto.

As evidenced by the attached invoices and time records of Sibley, a balance is due him of $73,224.00.

## IV.    CONCLUSION

Sibley has, under the common law as established by valid agreements, a charging lien in the amount of $73,224.00 which this Court is obligated to "interfere" in any settlement or disposition of the assets in this matter to secure payment to him of that lien.

2

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and accurate copy of the foregoing was served by U.S. First Class mail upon William R. Cowden, Assistant United States Attorney, Criminal Division, Asset Forfeiture Unit, 555 4th St., N.W., Room 4818, Washington, D.C. 20530 and Preston Burton, Columbia Center, 1152 15th Street, N.W., Washington, D.C. 20005-1706 this August 28, 2008.

**MONTGOMERY BLAIR SIBLEY**
1629 K Street, Suite 300
Washington, D.C. 20006
202-508-3699
202-478-0371 Fax


By:_____
        Montgomery Blair Sibley

3

# MONTGOMERY BLAIR SIBLEY, CHARTERED

50 WEST MONTGOMERY AVENUE
SUITE B-4
ROCKVILLE, MARYLAND 20850

MONTGOMERY BLAIR SIBLEY
301-251-5200
202-478-0371 (E-FAX)
SIBLEY@CIVILFORFEITURE.COM

ADMITTED TO PRACTICE:
FLORIDA
NEW YORK
DISTRICT OF COLUMBIA

October 17, 2006

## LEGAL REPRESENTATION AND FEE AGREEMENT

THIS AGREEMENT is made by and between Deborah Jeane Palfrey ("Client") and Montgomery Blair Sibley, Chartered ("Counsel").

### I. SCOPE OF AGREEMENT

A.    Matter: Client has engaged Counsel to investigate the merits of the forfeiture action pending in the District of Columbia.

B.    Counsel's Responsibilities Counsel has or will perform the following legal services:

1.    Investigate the merits of Client's claim, and file a judicial claim contesting the forfeiture;

2.    Pursue such claim to conclusion, either by judgment or by settlement; and

3.    Investigate and file suit if warranted against the United States, its agents and/or the banks involved in the forfeiture.

C.    Client Responsibilities The Client agrees to:

1.    Pay Counsel for the performance of legal services

2.    Pay for all expenses incurred in connection therewith, as specified in Sections II and III, below.

3.    Cooperate fully with Counsel and the Court and provide all information known by, or available to, the Client which may aid Counsel in representing the Client.

D.    Decision-Making and Authority The Client authorizes and directs Counsel to take all actions which Counsel deems advisable on the Client's behalf. Counsel agrees to notify the Client

in advance of any significant decisions attendant to those developments. Counsel agrees to make no compromise or settlement in this matter without the approval of the Client as to the specific settlement or compromise. Counsel agrees to notify the Client whenever an offer of settlement or compromise is received by Counsel, and to inform Client of the amount of that offer, and the recommendation as to the acceptability thereof.

Client agrees to make no compromise or settlement in this Matter without the prior notice to Counsel whenever an offer of settlement or compromise is received by Client, and to inform Counsel of the amount and terms of any such offer.

## II. LEGAL FEES AND EXPENSES

A.      The Client agrees to pay Counsel a fee of $200/hour deducted when earned against a $10,000 retainer to be provided by Client. Counsel has provided a best estimate of the costs and attorney fees likely to be associated with this action, but such estimate is not a representation of actual costs which may vary due to presently unforseen circumstances. Once the initial retainer is exhausted, Client will replenish the retainer or modify this retainer agreement. Counsel reserves the right to withdraw from representation if Counsel is not getting paid. Client is responsible for and will pay all other fees, charges, and expenses as described in Section III.

B.      Client agrees that Counsel may deduct from the proceeds of any recovery the applicable fee along with all other fees, charges, and expenses as described in Section III for which Client is responsible and which remain unpaid at the time the recovery proceeds are received.

C.      Client agrees that Counsel shall have a lien on the claims or causes of action and on any sum recovered by way of settlement and on any judgment that may be recovered to the extent of the sums herein provided as Counsel's fees and other fees, charges and expenses incurred. It is further agreed that the Counsel shall have all general, possessory or retaining liens, and all special or charging liens known to the common law or available under law.

## III. OTHER FEES, CHARGES, AND EXPENSES

A.      Client authorizes Counsel to retain **only after prior consultation with Client**, and agrees to pay the fees or charges of, third parties hired by Counsel to perform services related to the Matter. Such other persons and entities may include, but are not limited to, court reporters, expert witnesses and investigators.

B.      Client acknowledges that Counsel may **only after prior consultation with Client** incur various expenses in providing services to Client. Client agrees to reimburse Counsel on a monthly basis for all out-of-pocket expenses paid by Counsel. Such expenses include, but are not limited to, charges for serving and filing papers, courier or messenger services, recording and certifying documents, depositions, transcripts, investigations, witness fees, long-distance telephone calls, copying materials, overtime clerical assistance, travel expenses and postage but in all events

such expenses will not be incurred without prior approval of Client.

   C.    <u>Information to be Made Available to Client</u>  Counsel agrees to assert a diligent effort to assure that the Client is informed at all times as to the status of all matters and as to the courses of action which are being followed, or are being recommended, by Counsel. Counsel agrees to e-mail all written materials sent or received by Counsel pertaining to all matters. All of Counsel's work product will be owned by Counsel.

   D.    <u>Conflicting Engagement</u>  Counsel agrees not to accept, without prior approval from the Client, any engagement known by Counsel to be in direct conflict with the interests of Client in matters being handled by Counsel.

   E.    <u>Termination of Representation</u>  The relationship established by this Agreement is subject to termination only as follows:

      1.    This contract may be canceled by written notification to the attorney at any time within three (3) business days of the date the contract was signed, as shown below, and if canceled the client shall not be obligated to pay any fees to the attorney(s) for the work performed during that time. If the attorney(s) have advanced funds to others in representation of the client, the attorney(s) are entitled to be reimbursed for such amounts as they have reasonably advanced on behalf of the client.

      2.    Counsel reserves the right to withdraw from this representation if Client fails to honor this Agreement, or for any just reason as permitted or required under the Code of Professional Responsibility or as permitted by the rules of the courts of the District of Columbia. Notification of withdrawal shall be made in writing to the Client. In the event of such withdrawal, Client agrees to promptly pay Counsel for all fees, charges and expenses incurred pursuant to Section III of this Agreement prior to the date of such withdrawal.

      3.    Client reserves the right to terminate the representation for cause if Counsel fails to honor this Agreement. Notification of the termination shall be made in writing to Counsel. In the event of any such termination by the Client, Counsel waives any further right to compensation relative to the representation, and the Client shall promptly pay Counsel for all other fees, charges and expenses incurred pursuant to Section III of this Agreement prior to the date of such termination.

      4.    Client further reserves the right to terminate the representation without cause, and shall notify Counsel in writing of any such termination. In the event of any such termination, the Client agrees to promptly pay Counsel for all fees, charges, and expenses incurred pursuant to Section III of this Agreement prior to the date of such termination.

      5.    Upon termination of this representation for any reason, by either Client or Counsel, Counsel agrees to cooperate with any such successor counsel to accommodate a smooth transition of the representation.

F.    <u>Effort and Outcome</u>  Counsel agrees to use his best efforts in representing Client; however, Client acknowledges that Counsel has given no assurances regarding the outcome of this action.

G.    <u>Retention of Files</u>  Counsel agrees to assert a diligent effort, subject to casualties beyond the control of Counsel, to retain and maintain all of the files of Counsel relative to this representation for a period of two years following the conclusion of the matter, and during such time to afford Client reasonable access to such files.  At the end of two years, if Counsel will no longer retain and maintain files, all files will be turned over to Client.

H.    <u>Complete Integration, Binding Upon All Parties</u>  This Agreement contains the entire agreement between Client and Counsel regarding this Matter and the fees, charges, and expenses to be paid relative thereto.  This Agreement shall not be modified except by written agreement signed by Client and Counsel.  This Agreement shall be binding upon Client and Counsel and their respective heirs, executors, legal representatives, and successors.

"COUNSEL."

By:    _____
        Montgomery Blair Sibley for Counsel


"CLIENT"

By:    _____
        Deborah Jeane Palfrey
        Dated: _____

Page 4 of 4

**MONTGOMERY BLAIR SIBLEY, ESQ. CHARTERED**
**1629 K Street, Suite 300**
**Washington, D.C. 20006**
**(202) 508-3699**
**(202) 471-0371 Fax**

# Invoice

| BILL TO |
| --- |
| Jeane Palfrey |

| DATE | INVOICE # |
| --- | --- |
| 7/29/2008 | 159 |

| DATE | DESCRIPTION | HOURS | RATE | AMOUNT |
| --- | --- | --- | --- | --- |
| April 2007 | See attached itemization | 60.25 | -200.00 | -12,050.00 |
| May 2007 | See Attached itemization | 39 | -200.00 | -7,800.00 |
| June 2007 | See Attached itemization | 17.5 | -200.00 | -3,500.00 |
| July 2007 | See Attached itemization | 22.5 | -200.00 | -4,500.00 |
| August 2007 | See Attached itemization | 37 | -200.00 | -7,400.00 |

| **Total** | -35,250.00 |
| --- | --- |

JEANE INVOICE
APRIL - AUGUST 2007

April 2007

|  | Review and respond to approximately 300 emails in April | 5.0 |
|---|---|---|
| 3/27 | Prepare and discuss Memo#5 re: Media contacts/strategy | 2.0 |
| 3/29 | Draft Defendant's Pro Se Motion for Appointment of Counsel and Leave to Not Appear at the April 12, 2007, Status Conference | 2.5 |
| 3/29 | Review Government's Response and draft Reply Memorandum in Support of Motion to Certify for Interlocutory Appeal the Court's Orders Staying This Action and Refusing to Rule Upon Claimant's Motions to Dismiss, Suppress and To Return Property | 1.5 |
| 3/29 | Clip and Discuss Ed Norris Article | .25 |
| 4/2 | Review letter from AUSA Connelly | .25 |
| 4/2 | Prepare and discuss Memo#6 re: important some tactical decisions to be made | 2.0 |
| 4/2 | Clip and Discuss SF Chronicle Article | .25 |
| 4/3 | Draft and file Defendant's Pro Se Motion for Permission to Travel to Southern California | .75 |
| 4/3 | Review Government's (1) Opposition to Defendant's Pro Se Motion for Appointment of Counsel and (2) Response to Defendant's Motion For Leave Not to Appear at the April 12, 2007 Status Hearing | 1.0 |
| 4/5 | Negotiate WSRadio agreement | 2.5 |
| 4/6 | Draft Petition for Cert to DC Court of Appeals, Case No.: 07-5107 | 4.0 |
| 4/6 | Draft letter to National University re: Jeane's Paula Neble letter | .25 |
| 4/8 | Prepare and discuss Memo#7 re: web page changes and radio interviews | 1.0 |
| 4/9 | Draft and release Jeane Press Release#3 | .50 |
| 4/10 | Finalize and file petition in 07-5107 | 2.0 |
| 4/10 | Review Government's Response to Montgomery Blair Sibley's Motion to Clarify and for Limited Appearance | .25 |
| 4/11 | Draft and file Defendant's Pro Se Motion for Reconsideration of Appointment of Counsel | .75 |
| 4/12 | Attend hearing | 3.0 |
| 4/12 | Prepare and discuss Memo#8 re: hearing results and issues | 2.0 |
| 4/12 | Draft and release Jeane Press Release#4 | .50 |
| 4/13 | Clip and Discuss Harlan Ullman news reports | .25 |
| 4/16 | Draft and file Omnibus motion in 07-5107 | 1.0 |
| 4/17 | Review AUSA Cowden letter | .75 |
| 4/17 | Review crime statistics for misanthropic prosecution data | 1.5 |
| 4/20 | TC with Harold Farrinhger re: representation, receive and review affidavit by Harold, draft Declaration of Deborah Jeane Palfrey in Support of Her Pro Se Motion for Replacement of Counsel | 4.0 |
| 4/23 | Finalize and file Defendant's Pro Se Motion for Replacement of Counsel | 1.0 |

| | | |
|---|---|---|
| 4/23 | Draft and file Emergency Application to U.S. Supreme Court, Case No.: 06-A1110 | 2.0 |
| 4/28 | Review Government's Response to Defendant's Pro Se Motion for Replacement of Counsel | .50 |
| 4/29 | Meet Jeane, prepare for April 30, 2007, Hearing *Ore Tenus Motions* | 8.0 |
| 4/29 | Draft and release Jeane Press Release#6 | .50 |
| 4/29 | Clip and Discuss WP Article on Jeane | .25 |
| 4/30 | Attend Hearing, meet with Jeane, draft Statement re: Tobias | 8.0 |
| 4/30 | Clip and Discuss WP Article on Customer Names | .25 |

May 2007

| | | |
|---|---|---|
| | Review and respond to approximately 300 emails in May | 5.0 |
| 5/2 | Clip and Discuss WP Article | .25 |
| 5/3 | Clip and Discuss Newsday article on expert witnesses | .25 |
| 5/3 | Email Tracy Quan re: expert witnesses | .25 |
| 5/4 | Clip and Discuss WP article on MBS | .25 |
| 5/4 | Research White House employee Dr. J. D. Crouch II | .25 |
| 5/5 | Review ABC News broadcast and press statements | 1.5 |
| 5/6 | Draft letter to Alberto Gonzalez, Attorney General for Appointment of Special Counsel | .25 |
| 5/7 | Trip to New York, TC with Daily News Reporter James Meek re: Neble | 8.0 |
| 5/7 | Clip and discuss Wolfowitz Senior Advisor Kevin Kellems resigns | .25 |
| 5/14 | Telephone call with White House Counsel's office | .75 |
| 5/14 | Draft and Discuss Memo#A re: status of issues | 1.0 |
| 5/15 | Draft and Discuss Memo#B re: motions to dismiss/suppress | 2.5 |
| 5/16 | Draft and Discuss Memo#C re: phone and other records | 4.0 |
| 5/16 | Clip and discuss NYTimes article on Thomas M. DiBiagio | .50 |
| 5/18 | Draft and release Jeane Press Release#7 | .50 |
| 5/20 | Draft and release Jeane Press Release#8 | .50 |
| 5/22 | Draft and file motion to proceed in forum pauperis is Case No.: 07-5143 | .50 |
| 5/23 | Draft and Discuss Memo#D re: Dick Cheney and subpoena list, review telephone records from McLean, VA | 5.0 |
| 5/24 | Draft and release Jeane Press Release#4 | .50 |
| 5/25 | Draft and Discuss Memo#E re: Expert and Fact Witness lists | 2.5 |
| 5/25 | Draft and Discus Memo#9 re: NYC Trip and Son-of-Sam law issue | 4.0 |
| 5/27 | Clip and discuss Newsweek/Eve Condant article on Rosslyn | .50 |

June 2007

| | | |
|---|---|---|
| | Review and respond to approximately 300 emails in June | 5.0 |
| 6/1 | Draft and release Jeane Press Release#9 | .50 |
| 6/4 | Draft and release Jeane Press Release#10 | .50 |
| 6/3 | Clip and discuss Hustler advertisement | .50 |

| | | |
|---|---|---|
| 6/5 | Draft Jeane's June 5 Press Statement | 1.0 |
| 6/5 | Draft and release Jeane Press Release#11 | .50 |
| 6/6 | Negotiate and finalize Author Collaboration Agreement for Jeane | 2.0 |
| 6/9 | TC with Jeane & Blanche, Draft Claimant's Motion to Lift Stay, Dismiss For Outrageous Government Conduct and for Evidentiary Hearing and Advisory Jury | 2.5 |
| 6/10 | Draft and release Jeane Press Release#12 | .50 |
| 6/14 | Finalize and file outrageous conduct motion | .50 |
| 6/16 | Draft and release Jeane Press Release#13 | .50 |
| 6/18 | Draft 2nd Omnibus motion in 07-5107 | .50 |
| 6/18 | Draft and release Jeane Press Release#14 | .50 |
| 6/22 | Draft and release Jeane Press Release#15 | .50 |
| 6/26 | Draft letter to Congressional Judiciary Committees on Deborah Jeane Palfrey, a/k/a "The D.C. Madam" & The Civil Asset Forfeiture Reform Act of 2000 | 1.0 |
| 6/28 | Review Government Response to Request for Special Counsel | .50 |
| 6/30 | Review Government's Response to motion for outrageous conduct | .50 |

## July 2007

| | | |
|---|---|---|
| | Review and respond to approximately 300 emails in July | 5.0 |
| 7/3 | Draft and file Claimant's Reply to Plaintiff's Response to Claimant's Motions to Lift Stay, Dismiss For Outrageous Government Conduct and for Evidentiary Hearing Thereon | .75 |
| 7/3 | Draft letter to Washington Post/NY Times – "Gagged on the Fourth of July" | 1.0 |
| 7/5 | Review letter from AUSA Connelly | .25 |
| 7/5 | Draft and release Jeane Press Release#16 | .50 |
| 7/6 | Prepare and discuss Memo#10 re: telephone record distribution, distribute telephone records | 7.0 |
| 7/9 | Draft and release Jeane Press Release#17 | .50 |
| 7/13 | Negotiation and draft letter of authorization to DC Phonelisters | 1.5 |
| 7/16 | Clip and discuss Senator Vitter articles | 1.0 |
| 7/24 | Draft and Discuss Memo#G re: Outstanding Legal Issues | 2.5 |
| 7/24 | Draft and release Jeane Press Release#18 | .50 |
| 7/25 | Review Preston's Motion to Suppress, Draft Motion to Suppress | 1.5 |
| 7/30 | Review Preston's letter with Jeane | .50 |

## August 2007

| | | |
|---|---|---|
| | Review and respond to approximately 300 emails in August | 5.0 |
| 8/8 | Review Preston's letter to Jeane and discuss with Jeane | 2.5 |
| 8/9 | Review Government's Response to Motion to Suppress | 1.5 |
| 8/16 | Draft and release Jeane Press Release#19 | .50 |
| 8/18 | Review Preston's motion to withdraw | 2.5 |
| 8/18 | Research, draft and discuss Memo#11 re: proceeding pro se and Memo#12 re: |

3

|       | outstanding disciplinary issues ......................................... | 4.0 |
| 8/20  | Discuss Representation of Jeane, prepare Local Rule 83.9(a) AND LCrR 57.21.1, certification, review Jeane's declaration re: removal of Preston ................ | 4.0 |
| 8/20  | Research 10th Amendment issues ........................................ | 4.0 |
| 8/21  | Draft and file Defendant's Pro Se Motion for Replacement of Her Counsel, Preston Burton and Permitting Hybrid Representation and declarations in support thereof ... | 3.5 |
| 8/21  | Review Jeane's "They" story for legal issues ............................... | 1.5 |
| 8/23  | Negotiate and approve press release with Cataphora ......................... | 1.5 |
| 8/27  | Prepare and file notice of appearance .................................... | .25 |
| 8/27  | Draft and release Jeane Press Release#20 ................................. | .50 |
| 8/29  | Review order on briefing schedule in 07-5143 ............................. | .25 |
| 8/29  | Email Preston and review response re: trial preparations ...................... | .50 |
| 8/31  | Draft and file Defendant's Pro Se Application for Issuance of Subpoenas and Payment Of Costs and Fees ......................................... | 4.5 |
| 8/31  | Draft and release Jeane Press Release#21 ................................. | .50 |

Total Hours ........................................................ 176.25

Agreed rate $200/hour X 176.25 hours ..................................... $35,250

September 2007 through January 2008 revised fee ($7,000/month plus expenses) ..... $33,360

April 2008 Research, draft and communicate with Jeane and Preston regarding Motion for new trial and release pending appeal ................................................ $7,000

Sub Total ......................................................... $75,610

Retainer Balance .................................................... $2,386

Total Fees Due and Owing ............................................ <u>$73,224</u>

4

# MONTGOMERY BLAIR SIBLEY, CHARTERED

50 WEST MONTGOMERY AVENUE
SUITE B-4
ROCKVILLE, MARYLAND 20850

MONTGOMERY BLAIR SIBLEY
301-251-5200
202-478-0371 (E-FAX)
SIBLEY@CIVILFORFEITURE.COM

ADMITTED TO PRACTICE:
FLORIDA
NEW YORK
DISTRICT OF COLUMBIA

September 22, 2007
Deborah Jeane Palfrey
803 Capitol Street
Vallejo, California 94590

     Re:    *United States vs. 803 Capitol Street, et al.*
          Case No.:06-cv-01710-RMC
          *United States v. Palfrey*
          Case No.:06-047-GK

Jeane:

     To memorialize our recent discussions regarding amending the payment to me for my legal services in the above matters, I write the following. Please let me know if you have any questions or concerns. Otherwise, please indicate your agreement by countersigning this letter and executing the enclosed note and mortgage.

     1.    You agree to pay me $5,000 for the month of September 2007, and $7,000 the first of each month thereafter until resolution of the above criminal and civil forfeiture matters pending in the District of Columbia, along with any appeals therefrom. In return, I will act as your legal counsel in those matters.

     2.    To secure partial payment of those funds, you agree to execute a promissory note and mortgage of $25,000 with a single payment due on June 1, 2008.

     3.    You retain the right to terminate my representation of you and in that event I will be owed only those sums I have earned to that point in time.

Yours,

Agreed: _____

# MONTGOMERY BLAIR SIBLEY, ESQ. CHARTERED
**1629 K Street, Suite 300**
**Washington, D.C. 20006**
**(202) 508-3699**
**(202) 471-0371 Fax**

# Invoice

| BILL TO |
| --- |
| Jeane Palfrey |

| DATE | INVOICE # |
| --- | --- |
| 12/1/2007 | 148 |

| DATE | DESCRIPTION | HOURS | RATE | AMOUNT |
| --- | --- | --- | --- | --- |
| 9/1/07 | September Fee | 1 | -5,000.00 | 5,000.00 |
| 10/1/07 | October Fee | 1 | -7,000.00 | 7,000.00 |
| Expenses | Service of Subpoenas on Ross, Adams, Bastone Fee | 1 | -360.00 | 360.00 |
|  | Expenses |  |  |  |
| 11/1/07 | November Fees | 1 | -7,000.00 | 7,000.00 |
| 12/1/07 | December Fees | 1 | -7,000.00 | 7,000.00 |
| 1/1/08 | January Fees | 1 | 7,000.00 | 7,000.00 |
| 4/1/08 | April Fees | 1 | 7,000.00 | 7,000.00 |

**Total**      40,360.00